**EXHIBIT B**

PROPOSITION **83**  SEX OFFENDERS. SEXUALLY VIOLENT PREDATORS. PUNISHMENT, RESIDENCE RESTRICTIONS AND MONITORING. INITIATIVE STATUTE.

## OFFICIAL TITLE AND SUMMARY ★ ★ ★     Prepared by the Attorney General

### SEX OFFENDERS. SEXUALLY VIOLENT PREDATORS. PUNISHMENT, RESIDENCE RESTRICTIONS AND MONITORING. INITIATIVE STATUTE.

- Increases penalties for violent and habitual sex offenders and child molesters.
- Prohibits registered sex offenders from residing within 2,000 feet of any school or park.
- Requires lifetime Global Positioning System monitoring of felony registered sex offenders.
- Expands definition of a sexually violent predator.
- Changes current two-year involuntary civil commitment for a sexually violent predator to an indeterminate commitment, subject to annual review by the Director of Mental Health and subsequent ability of sexually violent predator to petition court for sexually violent predator's conditional release or unconditional discharge.

### Summary of Legislative Analyst's Estimate of Net State and Local Government Fiscal Impact:

- Net state prison, parole, and mental health program costs of several tens of millions of dollars initially, growing to a couple hundred million dollars annually within ten years.
- Potential one-time state mental hospital and prison capital outlay costs eventually reaching several hundred million dollars.
- Net state and local costs for court and jail operations are unknown.

## ANALYSIS BY THE LEGISLATIVE ANALYST

### BACKGROUND

*Definition of Sex Offenses.* Sex offenses are crimes of a sexual nature. They vary in type and can be misdemeanors or felonies. For example, distribution of obscene material is a misdemeanor and rape is a felony sex offense. Felony offenses are more serious crimes than misdemeanors.

*Punishment for Committing Sex Offenses.* Current law defines the penalties for conviction of sex-related crimes. The punishment depends primarily on the type and severity of the specific offense. Conviction of a misdemeanor sex offense is punishable by up to a year in county jail, probation, fines, or a combination of the three. Conviction of a felony sex offense can result in the same penalties as a misdemeanor or a sentence to state prison for up to a life term. The penalty assigned by the court for a felony conviction depends on the specific crime committed, as well as other factors such as the specific circumstances of the offense and the criminal history of the offender. There are about 8,000 persons convicted of a felony sex offense in California each year. Of these, about 39 percent are sent to state prison. Most of the rest are supervised on probation in the community (5 percent), sentenced to county jail (1 percent), or both (53 percent).

*Sex Offender Registration, Residency Requirements, and Monitoring.* Current law requires offenders convicted of specified felony or misdemeanor sex crimes to register with local law enforcement officials. There are approximately 90,000 registered sex offenders in California.

Current law bars parolees convicted of specified sex offenses against a child from residing within one-quarter or one-half mile (1,320 or 2,640 feet, respectively) of a school. The longer distance is for those parolees identified as high risk to reoffend by the California Department of Corrections and Rehabilitation (CDCR).

SEX OFFENDERS. SEXUALLY VIOLENT PREDATORS. PUNISHMENT, RESIDENCE RESTRICTIONS AND MONITORING. INITIATIVE STATUTE. **PROP 83**

★ ★ ★ ANALYSIS BY THE LEGISLATIVE ANALYST (CONTINUED)

The CDCR utilizes Global Positioning System (GPS) monitoring devices to track the location of some sex offenders on parole. Currently, this monitoring is limited to about 1,000 sex offenders who have been identified as high risk to reoffend. Some county probation departments also use GPS to monitor some sex offenders on probation.

***Sexually Violent Predators (SVP).*** Specified sex offenders who are completing their prison sentences are referred by CDCR to the Department of Mental Health (DMH) for screening and evaluation to determine whether they meet the criteria for an SVP. Under current law, an SVP is defined as "a person who has been convicted of a sexually violent offense against two or more victims and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." Those offenders who are found to meet the criteria are referred to district attorneys. District attorneys then determine whether to pursue their commitment by the courts to treatment in a state mental hospital as an SVP.

Offenders subject to SVP proceedings are often represented by public defenders. While these court proceedings are pending, offenders who have not completed their prison sentences continue to be held in prison. However, if an offender's prison sentence has been completed, he or she may be held either in county custody or in a state mental hospital. Offenders designated as SVPs by the courts are committed to a state mental hospital for up to two years. An offender can be recommitted by the courts in subsequent court proceedings.

As noted above, state mental hospitals hold sex offenders who have been committed as SVPs. State mental hospitals also hold some sex offenders who have completed their prison sentences, but are still undergoing SVP evaluations or commitment proceedings. As of June 2006, 456 sex offenders were being held in state hospitals with a commitment by a court as an SVP. In addition, 188 sex offenders were being held in state mental hospitals, and 81 were in county custody pending the completion of commitment proceedings.

## PROPOSAL

***Increase Penalties for Sex Offenses.*** This measure increases the penalties for specified sex offenses. It does this in several ways. In some cases:

- *It broadens the definition* of certain sex offenses. For example, the measure expands the definition of aggravated sexual assault of a child to include offenders who are at least seven years older than the victim, rather than the ten years required under current law.
- *It provides for longer penalties* for specified sex offenses. For example, it expands the list of crimes that qualify for life sentences in prison to include assault to commit rape during the commission of a first degree burglary.
- *It prohibits probation* in lieu of prison for some sex offenses, including spousal rape and lewd or lascivious acts.
- *It eliminates early release credits* for some inmates convicted of certain sex offenses (for example, habitual sex offenders who have multiple convictions for specified felony sex offenses such as rape).
- *It extends parole* for specified sex offenders, including habitual sex offenders.

These changes would result in longer prison and parole terms for the affected offenders.

Finally, this measure increases court-imposed fees currently charged to offenders who are required to register as sex offenders.

***Require GPS Devices for Registered Sex Offenders.*** Generally under this measure, individuals who have been convicted of a felony sex offense that requires registration and have been sent to prison would be monitored by GPS devices while on parole and for the remainder of their lives.

The CDCR would be authorized to collect fees from affected sex offenders to cover the costs of GPS monitoring. The amount of fees collected from individual offenders would vary depending on their ability to pay.

*For text of Proposition 83 see page 127.*

★ ★ ★ Analysis | 43

PROP **SEX OFFENDERS. SEXUALLY VIOLENT PREDATORS.**
**83** **PUNISHMENT, RESIDENCE RESTRICTIONS AND MONITORING.**
**INITIATIVE STATUTE.**

### ANALYSIS BY THE LEGISLATIVE ANALYST (CONTINUED)

*Limit Where Registered Sex Offenders May Live.* This measure bars any person required to register as a sex offender from living within 2,000 feet (about two-fifths of a mile) of any school or park. A violation of this provision would be a misdemeanor offense, as well as a parole violation for parolees. The longer current law restriction of one-half mile (2,640 feet) for specified high-risk sex offenders on parole would remain in effect. In addition, the measure authorizes local governments to further expand these residency restrictions.

*Change SVP Law.* This measure generally makes more sex offenders eligible for an SVP commitment. It does this by (1) reducing from two to one the number of prior victims of sexually violent offenses that qualify an offender for an SVP commitment and (2) making additional prior offenses—such as certain crimes committed by a person while a juvenile—"countable" for purposes of an SVP commitment. The measure also requires that SVPs be committed by the court to a state mental hospital for an undetermined period of time rather than the renewable two-year commitment provided for under existing law. As under current law, once an offender had received a commitment as an SVP, he or she could later be released from a state hospital by the courts if (1) DMH determined the individual should no longer be held or (2) the offender successfully petitioned a court for release.

The measure also changes the standard for release of SVPs from a state mental hospital. For example, current law generally requires DMH to examine the mental condition of a sex offender each year. This measure specifically requires DMH, as part of this annual review, to examine whether a person being held in a state hospital as an SVP still meets the definition of an SVP, whether release is in the best interest of the person, and whether conditions could be imposed at time of release that would adequately protect the community. The impact of these changes on the number of SVPs is unknown.

## FISCAL EFFECTS

This measure would have a number of significant fiscal effects on state and local agencies. The major fiscal effects are discussed below.

*State Prison Costs.* This measure would increase the prison population, resulting in a significant increase in prison operating costs. In particular, increasing sentences for sex offenders would result in some sex offenders being sentenced to and remaining in prison for longer periods, resulting in a larger prison population over time. This would result in costs of unknown magnitude, but likely to be in the tens of millions of dollars annually once fully implemented in less than ten years. It is also possible that this measure could eventually result in significant additional capital outlay costs to accommodate the increase in the inmate population.

The impact on the prison population of requiring sex offenders to wear GPS devices is unclear. On the one hand, GPS monitoring could increase the number of offenders who are identified and returned to prison for violating the conditions of their parole or committing new crimes. On the other hand, GPS monitoring could act as a deterrent for some offenders from committing new violations or crimes, hence reducing the likelihood that they return to prison. Whatever net impact GPS does have on returns to prison will also affect parole, court, and local law enforcement workloads and associated costs.

*State Parole and GPS Monitoring Costs.* The initiative's provisions requiring specified registered sex offenders to wear GPS devices while on parole and for the remainder of their lives would result in additional costs for GPS equipment, as well as for supervision staff to track offenders in the community. These costs are likely to be in the several tens of millions of dollars annually within a few years. These costs would grow to about $100 million annually after ten years, with costs continuing to increase significantly in subsequent years.

Because the measure does not specify whether the state or local governments would be responsible for monitoring sex offenders who have been discharged from state parole supervision, it is unclear whether local governments would bear some of these long-term costs. These costs likely would be partially offset by several million dollars annually in court and parolee fees authorized by the measure, though the exact amount would largely depend on offenders' ability to pay.

SEX OFFENDERS. SEXUALLY VIOLENT PREDATORS. PUNISHMENT, RESIDENCE RESTRICTIONS AND MONITORING. INITIATIVE STATUTE. **PROP 83**

### ★ ★ ★ ANALYSIS BY THE LEGISLATIVE ANALYST (CONTINUED)

*State SVP Program Costs.* By making more sex offenders eligible for SVP commitments, this measure would result in increased state costs generally in the following categories:

- *Referral and Commitment Costs.* These costs are mainly associated with screening sex offenders referred by CDCR to DMH to determine if they merit a full evaluation, performing such evaluations, and providing expert testimony at court commitment hearings. This measure would increase these state costs probably by the low tens of millions of dollars annually. These costs would begin to occur in the initial year of implementation.

- *State Hospital Costs.* State costs to staff, maintain, and operate the mental hospitals could reach $100 million annually within a decade and would continue to grow significantly thereafter. These costs would result from additional SVP commitments to state mental hospitals, as well as holding some sex offenders—who have completed their prison sentences—in state mental hospitals while they are being evaluated to determine whether they should receive an SVP commitment. (Some of the sex offenders undergoing evaluation as SVPs might also be held in county jails.)

Additional SVP commitments could eventually result in one-time capital outlay costs of up to several hundred million dollars for the construction of additional state hospital beds.

The additional operational and capital outlay costs would be partly offset in the long term. This is because the longer prison sentences for certain sex crimes required by this measure would delay SVP referrals and commitments to state mental hospitals. These costs would also be partly offset because the change from two-year commitments to commitments for an undetermined period of time is likely to reduce DMH's costs for SVP evaluations and court testimony. However, our analysis indicates that on balance the operating and capital outlay costs to the state are likely to be substantially greater than the savings.

*Court and Jail Fiscal Impacts.* This measure would also affect state and local costs associated with court and jail operations. For example, the additional SVP commitment petitions resulting from this measure would increase court costs for hearing these civil cases. Also, county jail operating costs would increase to the extent that offenders who have court decisions pending on their SVP cases were held in county jail facilities. The provision making it unlawful for sex offenders to reside within 2,000 feet of a school or park could result in additional court and jail costs to prosecute violations of this provision.

Other provisions of this measure could result in savings for court and jail operations. The measure's provisions providing for the indeterminate commitment of SVPs, instead of the current two-year recommitment process, would reduce county costs for SVP commitment proceedings. Provisions of this measure would increase the length of time that some sex offenders spend in prison or mental hospitals. To the extent that this occurs, these offenders would likely commit fewer crimes in the community, resulting in some court and local criminal justice savings.

Given the potential for the factors identified above to offset each other, the net fiscal impact of this measure on state and local costs for the court and jail operations cannot be determined at this time.

*Other Impacts on State and Local Governments.* There could be other savings to the extent that offenders imprisoned for longer periods require fewer government services, or commit fewer crimes that result in victim-related government costs. Alternatively, there could be an offsetting loss of revenue to the extent that offenders serving longer prison terms would have become taxpaying citizens under current law. The extent and magnitude of these impacts is unknown.

*For text of Proposition 83 see page 127.*

**PROP 83** SEX OFFENDERS. SEXUALLY VIOLENT PREDATORS. PUNISHMENT, RESIDENCE RESTRICTIONS AND MONITORING. INITIATIVE STATUTE. ★ ★ ★

## ARGUMENT IN FAVOR OF PROPOSITION 83

Proposition 83—JESSICA'S LAW—will protect our children by keeping child molesters in prison longer; keeping them away from schools and parks; and monitoring their movements after they are released.

A rape or sexual assault occurs *every two minutes*. A child is abused or neglected *every 35 seconds*.

Over 85,000 registered sex offenders live in California. Current law does not provide Law Enforcement with the tools they need to keep track of these dangerous criminals. *Secrecy is the child molester's biggest tool*. How can we protect our children if we don't even know where the sex offenders are?

Proposition 83 is named after Jessica Lunsford, a 9-year-old girl who was kidnapped, assaulted, and buried alive by a convicted sex offender who had failed to report where he lived.

Proposition 83 will:

*Electronically monitor, through GPS tracking, dangerous sex offenders for life* once they finish their prison terms.

Require dangerous sex offenders to *serve their entire sentence* and not be released early for any reason.

Create PREDATOR FREE ZONES *around schools and parks* to prevent sex offenders from living near where our children learn and play.

Protect children from INTERNET PREDATORS by cracking down on people who use the Internet to sexually victimize children.

Require MANDATORY MINIMUM PRISON SENTENCES for dangerous child molesters and sex criminals.

Allow prosecutors to charge criminals who possess *child pornography with a felony*. (Current law treats child porn like trespassing or driving on a suspended license!)

Crime Victims and Law Enforcement leaders urge you to pass this much needed reform. Jessica's Law is supported by:

• California State Sheriffs Association • California District Attorneys Association • California Organization of Police and Sheriffs • California Police Chiefs Association • Crime Victims United of California • California Women's Leadership Association • California Sexual Assault Investigators Association • Women Prosecutors of California • Mothers Against Predators • Mark Lunsford, father of Jessica Lunsford • Numerous cities, counties, and local sheriffs, police chiefs, and elected officials.

Law enforcement professionals know there is a high risk that a sexual predator will commit additional sex crimes after being released from prison. Prop. 83 keeps these dangerous criminals in prison longer and keeps track of them once they are released.

Proposition *83 means safer schools*, safer parks, and safer neighborhoods.

Proposition *83 means dangerous child molesters will be kept away from our children* and monitored for life.

Proposition *83 means predatory sex criminals will be punished* and serve their full sentence in every case.

Our families deserve the protection of a tough sex offender punishment and control law. The State Legislature has failed to pass Jessica's Law time and time again. WE CANNOT WAIT ANOTHER DAY TO PROTECT OUR KIDS.

Vote YES on Proposition 83—JESSICA'S LAW—to protect our families and make California a safer place for all of us.

For more information, please visit *www.JessicasLaw2006.com*.

**GOVERNOR ARNOLD SCHWARZENEGGER**

**DISTRICT ATTORNEY BONNIE DUMANIS**
San Diego County

**HARRIET SALARNO**, President
Crime Victims United of California



## REBUTTAL TO ARGUMENT IN FAVOR OF PROPOSITION 83

The argument in favor of Proposition 83 ignores the sad lessons learned by other states. For example, the leading prosecutors' association in Iowa, which once urged the adoption of laws similar to Proposition 83, now argues that those laws be repealed because they have proven to be *ineffective, a drain on crucial law enforcement resources, and far too costly to taxpayers*. California cannot afford to repeat that mistake.

The Proponents claim that the law is directed at "child molesters" and "dangerous sex offenders," but *its most punitive and restrictive measures would apply far more broadly: even to those convicted of misdemeanor, nonviolent offenses*. They would also apply to people who have long led law-abiding lives for years after completing their sentences. More specifically, the Proposition would:

— Prohibit thousands of *misdemeanor offenders* from living near a school or park for the rest of their lives.

— Impose lifetime GPS monitoring on first-time offenders convicted of nonviolent offenses. *For example, a 19-year-old boy could be subjected to lifetime monitoring after a conviction for having sexual contact with his 17-year-old girlfriend.*

— Impose both lifetime residence restrictions and lifetime GPS monitoring on thousands of people who have lived law abiding lives for years or even decades.

*These results are simply wrong.*

Here's the bottom line. California has laws that protect us from Sexually Violent Predators, and this Initiative could have focused on such dangerous persons. But, it does not! *Don't be fooled*. VOTE NO ON PROPOSITION 83.

**CARLEEN R. ARLIDGE**, President
California Attorneys for Criminal Justice

SEX OFFENDERS. SEXUALLY VIOLENT PREDATORS. PUNISHMENT, RESIDENCE RESTRICTIONS AND MONITORING. ★ ★ ★ INITIATIVE STATUTE.

**PROP 83**

## ARGUMENT AGAINST PROPOSITION 83

Proposition 83 would cost taxpayers an estimated $500 million but would not increase our children's safety. Instead, by diluting law enforcement resources, the initiative would actually reduce most children's security while increasing the danger for those most at risk:

—First, the initiative proposes to "monitor" *every* registered sex offender, on the misguided theory that each is likely to reoffend against "strangers." But law enforcement experience shows that when sex registrants reoffend, their targets are *usually members of their own household. This Proposition would do nothing to safeguard children in their own homes, even though they are most at risk.*

—Second, the Proposition would not focus on the real problem—dangerous sex offenders—but would instead waste limited resources tracking persons who pose no risk. *The new law would create an expensive tracking system for thousands of registrants who were convicted of minor, nonviolent offenses, perhaps years or decades ago.* Law enforcement's resources should be directed toward high risk individuals living in our neighborhoods.

Proposition 83 would have other dangerous, unintended consequences. The Proposition's monitoring provisions would be least effective against those posing the greatest danger. Obviously, dangerous offenders would be the least likely to comply, so the proposed law would push the more serious offenders underground, where they would be *less effectively monitored by police.* In addition, by prohibiting sex offenders from living within 2,000 feet of a park or school, the initiative would force many offenders from urban to rural areas with smaller police forces. *A high concentration of sex offenders in rural neighborhoods will not serve public safety.*

Prosecutors in the State of Iowa know from sad experience that this type of residency restriction does not work. In 2001, Iowa adopted a similar law, but the association of county prosecutors that once advocated for that law now say that it *"does not provide the protection that was originally intended and that the cost of enforcing the requirement and unintended effects on families of offenders warrant replacing the restriction with more effective protective measures."* (February 14, 2006, "Statement on Sex Offender Residency Restrictions in Iowa," Iowa County Attorneys Association.) (To see the full Statement, go to: www.iowa-icaa.com/index.htm or www.cacj.org.)

A summary of the Iowa prosecutors' findings shows why the Iowa law was a disaster and why Proposition 83 must be rejected:

- Residency restrictions do not reduce sex offenses against children or improve children's safety.
- Residency restrictions will not be effective against 80 to 90% of sex crimes against children, because those crimes are committed by a relative or acquaintance of the child.
- Residency restrictions cause sex-registrants to disappear from the registration system, harming the interest of public safety.
- Enforcing the residency restrictions is expensive and ineffective.
- The law also caused unwarranted disruption to the innocent families of ex-offenders.

For all of these reasons, vote "No" on Proposition 83!

**CARLEEN R. ARLIDGE**, President
California Attorneys for Criminal Justice

## REBUTTAL TO ARGUMENT AGAINST PROPOSITION 83

Don't be fooled by the false arguments the group of lawyers against Proposition 83 is making. They represent criminal defense attorneys who make their living defending criminals. Of course they don't want tougher laws!

Let's consider the FACTS:

- EVERY major POLICE, SHERIFF, and DISTRICT ATTORNEY organization in California strongly supports Jessica's Law.
- EVERY major CRIME VICTIM organization in California strongly supports Jessica's Law.
- Thousands of dangerous sexual predators are living in our communities and neighborhoods, and police do not have the tools they need to track them down.
- Jessica's Law will KEEP TRACK OF FELONY SEX OFFENDERS after their release from prison by requiring them to wear a GPS tracking device at all times.
- Jessica's Law will STOP dangerous sex offenders from living near schools and parks where they can stalk and prey on our children.

Your YES vote on Proposition 83—Jessica's Law—will give law enforcement the tools they need to stop sexual predators before they strike again.

The man who confessed to murdering nine-year-old Jessica Lunsford was a convicted sex offender who failed to register with local police. He took Jessica from her bedroom window, assaulted her for three days, and buried her alive only a few doors from her home.

GPS MONITORING COULD HAVE SAVED JESSICA'S LIFE! Tragically, it's too late to save Jessica Lunsford. But it's not too late to prevent countless other children from being attacked and murdered by sexual predators.

Vote YES on 83—Jessica's Law.

**MONTY HOLDEN**, Executive Director
California Organization of Police and Sheriffs (COPS)

**STEVE IPSEN**, President
California Deputy District Attorneys Association

**SHERIFF GARY PENROD**, President
California State Sheriffs Association

include a bond counsel opinion to the effect that the interest on the bonds is excluded from gross income for federal tax purposes under designated conditions, the Treasurer may maintain separate accounts for the bond proceeds invested and for the investment earnings on those proceeds, and may use or direct the use of those proceeds or earnings to pay any rebate, penalty, or other payment required under federal law or take any other action with respect to the investment and use of those bond proceeds, as may be required or desirable under federal law in order to maintain the tax-exempt status of those bonds and to obtain any other advantage under federal law on behalf of the funds of this state.

*5096.963. For the purposes of carrying out this chapter, the Director of Finance may authorize the withdrawal from the General Fund of an amount or amounts not to exceed the amount of the unsold bonds that have been authorized by the committee to be sold for the purpose of carrying out this chapter. Any amounts withdrawn shall be deposited in the fund. Any money made available under this section shall be returned to the General Fund, with interest at the rate earned by the money in the Pooled Money Investment Account, from proceeds received from the sale of bonds for the purpose of carrying out this chapter.*

*5096.964. All money deposited in the fund that is derived from premium and accrued interest on bonds sold pursuant to this chapter shall be reserved in the fund and shall be available for transfer to the General Fund as a credit to expenditures for bond interest.*

*5096.965. Pursuant to Chapter 4 (commencing with Section 16720) of Part 3 of Division 4 of Title 2 of the Government Code, the cost of bond issuance shall be paid out of the bond proceeds. These costs shall be shared proportionally by each program funded through this bond act.*

*5096.966. The bonds issued and sold pursuant to this chapter may be refunded in accordance with Article 6 (commencing with Section 16780) of Chapter 4 of Part 3 of Division 4 of Title 2 of the Government Code, which is a part of the State General Obligation Bond Law. Approval by the electors of the state for the issuance of the bonds under this chapter shall include approval of the issuance of any bonds issued to refund any bonds originally issued under this chapter or any previously issued refunding bonds.*

*5096.967. The Legislature hereby finds and declares that, inasmuch as the proceeds from the sale of bonds authorized by this chapter are not "proceeds of taxes" as that term is used in Article XIII B of the California Constitution, the disbursement of these proceeds is not subject to the limitations imposed by that article.*

# PROPOSITION 83

This initiative measure is submitted to the people in accordance with the provisions of Section 8 of Article II of the California Constitution.

This initiative measure amends and adds sections to the Penal Code and amends sections of the Welfare and Institutions Code; therefore, existing provisions proposed to be deleted are printed in strikeout type and new provisions proposed to be added are printed in *italic type* to indicate that they are new.

## PROPOSED LAW

SECTION 1. SHORT TITLE

This Act shall be known and may be cited as "The Sexual Predator Punishment and Control Act: Jessica's Law."

SEC. 2. FINDINGS AND DECLARATIONS

The People find and declare each of the following:

(a) The State of California currently places a high priority on maintaining public safety through a highly skilled and trained law enforcement as well as laws that deter and punish criminal behavior.

(b) Sex offenders have very high recidivism rates. According to a 1998 report by the U.S. Department of Justice, sex offenders are the least likely to be cured and the most likely to reoffend, and they prey on the most innocent members of our society. More than two-thirds of the victims of rape and sexual assault are under the age of 18. Sex offenders have a dramatically higher recidivism rate for their crimes than any other type of violent felon.

(c) Child pornography exploits children and robs them of their innocence. FBI studies have shown that pornography is very influential in the actions of sex offenders. Statistics show that 90% of the predators who molest children have had some type of involvement with pornography. Predators often use child pornography to aid in their molestation.

(d) The universal use of the Internet has also ushered in an era of increased risk to our children by predators using this technology as a tool to lure children away from their homes and into dangerous situations. Therefore, to reflect society's disapproval of this type of activity, adequate penalties must be enacted to ensure predators cannot escape prosecution.

(e) With these changes, Californians will be in a better position to keep themselves, their children, and their communities safe from the threat posed by sex offenders.

(f) It is the intent of the People in enacting this measure to help Californians better protect themselves, their children, and their communities; it is not the intent of the People to embarrass or harass persons convicted of sex offenses.

(g) Californians have a right to know about the presence of sex offenders in their communities, near their schools, and around their children.

(h) California must also take additional steps to monitor sex offenders, to protect the public from them, and to provide adequate penalties for and safeguards against sex offenders, particularly those who prey on children. Existing laws that punish aggravated sexual assault, habitual sexual offenders, and child molesters must be strengthened and improved. In addition, existing laws that provide for the commitment and control of sexually violent predators must be strengthened and improved.

(i) Additional resources are necessary to adequately monitor and supervise sexual predators and offenders. It is vital that the lasting effects of the assault do not further victimize victims of sexual assault.

(j) Global Positioning System technology is an useful tool for monitoring sexual predators and other sex offenders and is a cost effective measure for parole supervision. It is critical to have close supervision of this class of criminals to monitor these offenders and prevent them from committing other crimes.

(k) California is the only state, of the number of states that have enacted laws allowing involuntary civil commitments for persons identified as sexually violent predators, which does not provide for indeterminate commitments. California automatically allows for a jury trial every two years irrespective of whether there is any evidence to suggest or prove that the committed person is no longer a sexually violent predator. As such, this act allows California to protect the civil rights of those persons committed as a sexually violent predator while at the same time protect society and the system from unnecessary or frivolous jury trial actions where there is no competent evidence to suggest a change in the committed person.

SEC. 3. Section 209 of the Penal Code is amended to read:

209. (a) Any person who seizes, confines, inveigles, entices, decoys, abducts, conceals, kidnaps or carries away another person by any means whatsoever with intent to hold or detain, or who holds or detains, that person for ransom, reward or to commit extortion or to exact from another person any money or valuable thing, or any person who aids or abets any such act, is guilty of a felony, and upon conviction thereof, shall be punished by imprisonment in the state prison for life without possibility of parole in cases in which any person subjected to any such act suffers death or bodily harm, or is intentionally confined in a manner which exposes that person to a substantial likelihood of death, or shall be punished by imprisonment in the state prison for life with the possibility of parole in cases where no such person suffers death or bodily harm.

(b)(1) Any person who kidnaps or carries away any individual to commit robbery, rape, spousal rape, oral copulation, sodomy, or sexual penetration in *any* violation of Section *264.1, 288, or* 289, shall be punished by imprisonment in the state prison for life with *the* possibility of parole.

*(2) This subdivision shall only apply if the movement of the victim is beyond that merely incidental to the commission of, and increases the risk of harm to the victim over and above that necessarily present in, the intended underlying offense.*

(c) In all cases in which probation is granted, the court shall, except in unusual cases where the interests of justice would best be served by a lesser penalty, require as a condition of the probation that the person be confined in the county jail for 12 months. If the court grants probation without requiring the defendant to be confined in the county jail for 12 months, it shall specify its reason or reasons for imposing a lesser penalty.

(d) Subdivision (b) shall not be construed to supersede or affect

1E
83

# TEXT OF PROPOSED LAWS ★ ★ ★

Section 667.61. A person may be charged with a violation of subdivision (b) and Section 667.61. However, a person may not be punished under subdivision (b) and Section 667.61 for the same act that constitutes a violation of both subdivision (b) and Section 667.61.

SEC. 4. Section 220 of the Penal Code is amended to read:

220. ~~Every~~ *(a) Except as provided in subdivision (b), any* person who assaults another with intent to commit mayhem, rape, sodomy, oral copulation, or any violation of Section 264.1, 288, or 289 ~~is punishable~~ *shall be punished* by imprisonment in the state prison for two, four, or six years.

*(b) Any person who, in the commission of a burglary of the first degree, as defined in subdivision (a) of Section 460, assaults another with intent to commit rape, sodomy, oral copulation, or any violation of Section 264.1, 288, or 289 shall be punished by imprisonment in the state prison for life with the possibility of parole.*

SEC. 5. Section 269 of the Penal Code is amended to read:

269. (a) Any person who commits any of the following acts upon a child who is under 14 years of age and ~~10~~ *seven* or more years younger than the person is guilty of aggravated sexual assault of a child:

(1) ★ *Rape, in* violation of paragraph (2) *or (6)* of subdivision (a) of Section 261.

(2) ★ *Rape or sexual penetration, in concert, in* violation of Section 264.1.

(3) Sodomy, in violation of *paragraph (2) or (3) of subdivision (c), or subdivision (d), of* Section 286 ~~, when committed by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person~~.

(4) Oral copulation, in violation of *paragraph (2) or (3) of subdivision (c), or subdivision (d), of* Section 288a ~~, when committed by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person~~.

(5) ★ *Sexual penetration, in* violation of subdivision (a) of Section 289.

(b) Any person who violates this section is guilty of a felony and shall be punished by imprisonment in the state prison for 15 years to life.

*(c) The court shall impose a consecutive sentence for each offense that results in a conviction under this section if the crimes involve separate victims or involve the same victim on separate occasions as defined in subdivision (d) of Section 667.6.*

SEC. 6. Section 288.3 is added to the Penal Code, to read:

*288.3. (a) Every person who contacts or communicates with a minor, or attempts to contact or communicate with a minor, who knows or reasonably should know that the person is a minor, with intent to commit an offense specified in Section 207, 209, 261, 264.1, 286, 288, 288a, 288.2, 289, 311.1, 311.2, 311.4 or 311.11 involving the minor shall be punished by imprisonment in the state prison for the term prescribed for an attempt to commit the intended offense.*

*(b) As used in this section, "contacts or communicates with" shall include direct and indirect contact or communication that may be achieved personally or by use of an agent or agency, any print medium, any postal service, a common carrier or communication common carrier, any electronic communications system, or any telecommunications, wire, computer, or radio communications device or system.*

*(c) A person convicted of a violation of subdivision (a) who has previously been convicted of a violation of subdivision (a) shall be punished by an additional and consecutive term of imprisonment in the state prison for five years.*

SEC. 7. Section 290.3 of the Penal Code is amended to read:

290.3. (a) Every person who is convicted of any offense specified in subdivision (a) of Section 290 shall, in addition to any imprisonment or fine, or both, imposed for ~~violation~~ *commission* of the underlying offense, be punished by a fine of ~~two~~ *three* hundred dollars ~~($200)~~ *($300)* upon the first conviction or a fine of ~~three~~ *five* hundred dollars ~~($300)~~ *($500)* upon the second and each subsequent conviction, unless the court determines that the defendant does not have the ability to pay the fine.

An amount equal to all fines collected pursuant to this subdivision during the preceding month upon conviction of, or upon the forfeiture of bail by, any person arrested for, or convicted of, committing an offense specified in subdivision (a) of Section 290, shall be transferred once a month by the county treasurer to the Controller for deposit in the General Fund. Moneys deposited in the General Fund pursuant to this subdivision shall be transferred by the Controller as provided in subdivision (b).

(b) ~~Out~~ *Except as provided in subdivision (d), out* of the moneys deposited pursuant to subdivision (a) as a result of second and subsequent convictions of Section 290, one-third shall first be transferred to the Department of Justice Sexual Habitual Offender Fund, as provided in paragraph (1) of this subdivision. Out of the remainder of all moneys deposited pursuant to subdivision (a), 50 percent shall be transferred to the Department of Justice Sexual Habitual Offender Fund, as provided in paragraph (1), 25 percent shall be transferred to the Department of Justice DNA Testing Fund, as provided in paragraph (2), and 25 percent shall be allocated equally to counties that maintain a local DNA testing laboratory, as provided in paragraph (3).

(1) Those moneys so designated shall be transferred to the Department of Justice Sexual Habitual Offender Fund created pursuant to paragraph (5) of subdivision (b) of Section 11170 and, when appropriated by the Legislature, shall be used for the purposes of Chapter 9.5 (commencing with Section 13885) and Chapter 10 (commencing with Section 13890) of Title 6 of Part 4 for the purpose of monitoring, apprehending, and prosecuting sexual habitual offenders.

(2) Those moneys so designated shall be directed to the Department of Justice and transferred to the Department of Justice DNA Testing Fund, which is hereby created, for the exclusive purpose of testing deoxyribonucleic acid (DNA) samples for law enforcement purposes. The moneys in that fund shall be available for expenditure upon appropriation by the Legislature.

(3) Those moneys so designated shall be allocated equally and distributed quarterly to counties that maintain a local DNA testing laboratory. Before making any allocations under this paragraph, the Controller shall deduct the estimated costs that will be incurred to set up and administer the payment of these funds to the counties. Any funds allocated to a county pursuant to this paragraph shall be used by that county for the exclusive purpose of testing DNA samples for law enforcement purposes.

(c) Notwithstanding any other provision of this section, the Department of Corrections or the Department of the Youth Authority may collect a fine imposed pursuant to this section from a person convicted of a violation of any offense listed in subdivision (a) of Section 290, that results in incarceration in a facility under the jurisdiction of the Department of Corrections or the Department of the Youth Authority. All moneys collected by the Department of Corrections or the Department of the Youth Authority under this subdivision shall be transferred, once a month, to the Controller for deposit in the General Fund, as provided in subdivision (a), for transfer by the Controller, as provided in subdivision (b).

*(d) An amount equal to one hundred dollars for every fine imposed pursuant to subdivision (a) in excess of one hundred dollars shall be transferred to the Department of Corrections and Rehabilitation to defray the cost of the global positioning system used to monitor sex offender parolees.*

SEC. 8. Section 311.11 of the Penal Code is amended to read:

311.11. (a) Every person who knowingly possesses or controls any matter, representation of information, data, or image, including, but not limited to, any film, filmstrip, photograph, negative, slide, photocopy, videotape, video laser disc, computer hardware, computer software, computer floppy disc, data storage media, CD-ROM, or computer-generated equipment or any other computer-generated image that contains or incorporates in any manner, any film or filmstrip, the production of which involves the use of a person under the age of 18 years, knowing that the matter depicts a person under the age of 18 years personally engaging in or simulating sexual conduct, as defined in subdivision (d) of Section 311.4, is guilty of a ~~public offense~~ *felony* and shall be punished by imprisonment in the *state prison, or a* county jail for up to one year, or by a fine not exceeding two thousand five hundred dollars ($2,500), or by both the fine and imprisonment.

(b) ~~If a~~ *Every* person *who commits a violation of subdivision (a), and* who has been previously convicted of a violation of this section, ~~or of a violation of subdivision (b) of Section 311.2, or subdivision (b) of Section 311.4, he or she~~ *an offense described in subparagraph (A) of paragraph (2) of subdivision (a) of Section 290, or an attempt to commit any of the above-mentioned offenses,* is guilty of a felony and shall be punished by imprisonment *in the state prison* for two, four, or six years.

(c) It is not necessary to prove that the matter is obscene in order to establish a violation of this section.

(d) This section does not apply to drawings, figurines, statues, or any film rated by the Motion Picture Association of America, nor does it apply to live or recorded telephone messages when transmitted, disseminated, or distributed as part of a commercial transaction.

SEC. 9. Section 667.5 of the Penal Code is amended to read:

667.5. Enhancement of prison terms for new offenses because of prior prison terms shall be imposed as follows:

(a) Where one of the new offenses is one of the violent felonies specified in subdivision (c), in addition to and consecutive to any other prison terms therefor, the court shall impose a three-year term for each prior separate prison term served by the defendant where the prior offense was one of the violent felonies specified in subdivision (c). However, no additional term shall be imposed under this subdivision for any prison term served prior to a period of 10 years in which the defendant remained free of both prison custody and the commission of an offense which results in a felony conviction.

(b) Except where subdivision (a) applies, where the new offense is any felony for which a prison sentence is imposed, in addition and consecutive to any other prison terms therefor, the court shall impose a one-year term for each prior separate prison term served for any felony; provided that no additional term shall be imposed under this subdivision for any prison term served prior to a period of five years in which the defendant remained free of both prison custody and the commission of an offense which results in a felony conviction.

(c) For the purpose of this section, "violent felony" shall mean any of the following:

(1) Murder or voluntary manslaughter.

(2) Mayhem.

(3) Rape as defined in paragraph (2) or (6) of subdivision (a) of Section 261 or paragraph (1) or (4) of subdivision (a) of Section 262.

(4) Sodomy ~~by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person~~ *as defined in subdivision (c) or (d) of Section 286.*

(5) Oral copulation ~~by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person~~ *as defined in subdivision (c) or (d) of Section 288a.*

(6) Lewd ~~acts on a child under the age of 14 years~~ *or lascivious act* as defined in *subdivision (a) or (b) of* Section 288.

(7) Any felony punishable by death or imprisonment in the state prison for life.

(8) Any felony in which the defendant inflicts great bodily injury on any person other than an accomplice which has been charged and proved as provided for in Section 12022.7, *12022.8,* or 12022.9 on or after July 1, 1977, or as specified prior to July 1, 1977, in Sections 213, 264, and 461, or any felony in which the defendant uses a firearm which use has been charged and proved as provided in *subdivision (a) of Section 12022.3, or* Section 12022.5 or 12022.55.

(9) Any robbery.

(10) Arson, in violation of subdivision (a) or (b) of Section 451.

(11) ~~The offense~~ *Sexual penetration as* defined in subdivision (a) or *(j)* of Section 289 ~~where the act is accomplished against the victim's will by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person.~~

(12) Attempted murder.

(13) A violation of Section 12308, 12309, or 12310.

(14) Kidnapping.

(15) Assault with the intent to commit ~~mayhem, rape, sodomy, or oral copulation~~ *a specified felony*, in violation of Section 220.

(16) Continuous sexual abuse of a child, in violation of Section 288.5.

(17) Carjacking, as defined in subdivision (a) of Section 215.

(18) *★ Rape, spousal rape, or sexual penetration, in concert,* in violation of Section 264.1.

(19) Extortion, as defined in Section 518, which would constitute a felony violation of Section 186.22 of the Penal Code.

(20) Threats to victims or witnesses, as defined in Section 136.1, which would constitute a felony violation of Section 186.22 of the Penal Code.

(21) Any burglary of the first degree, as defined in subdivision (a) of Section 460, wherein it is charged and proved that another person, other than an accomplice, was present in the residence during the commission of the burglary.

(22) Any violation of Section 12022.53.

(23) A violation of subdivision (b) or (c) of Section 11418. The Legislature finds and declares that these specified crimes merit special consideration when imposing a sentence to display society's condemnation for these extraordinary crimes of violence against the person.

(d) For the purposes of this section, the defendant shall be deemed to remain in prison custody for an offense until the official discharge from custody or until release on parole, whichever first occurs, including any time during which the defendant remains subject to reimprisonment for escape from custody or is reimprisoned on revocation of parole. The additional penalties provided for prior prison terms shall not be imposed unless they are charged and admitted or found true in the action for the new offense.

(e) The additional penalties provided for prior prison terms shall not be imposed for any felony for which the defendant did not serve a prior separate term in state prison.

(f) A prior conviction of a felony shall include a conviction in another jurisdiction for an offense which, if committed in California, is punishable by imprisonment in the state prison if the defendant served one year or more in prison for the offense in the other jurisdiction. A prior conviction of a particular felony shall include a conviction in another jurisdiction for an offense which includes all of the elements of the particular felony as defined under California law if the defendant served one year or more in prison for the offense in the other jurisdiction.

(g) A prior separate prison term for the purposes of this section shall mean a continuous completed period of prison incarceration imposed for the particular offense alone or in combination with concurrent or consecutive sentences for other crimes, including any reimprisonment on revocation of parole which is not accompanied by a new commitment to prison, and including any reimprisonment after an escape from incarceration.

(h) Serving a prison term includes any confinement time in any state prison or federal penal institution as punishment for commission of an offense, including confinement in a hospital or other institution or facility credited as service of prison time in the jurisdiction of the confinement.

(i) For the purposes of this section, a commitment to the State Department of Mental Health as a mentally disordered sex offender following a conviction of a felony, which commitment exceeds one year in duration, shall be deemed a prior prison term.

(j) For the purposes of this section, when a person subject to the custody, control, and discipline of the Director of Corrections is incarcerated at a facility operated by the Department of the Youth Authority, that incarceration shall be deemed to be a term served in state prison.

(k) Notwithstanding subdivisions (d) and (g) or any other provision of law, where one of the new offenses is committed while the defendant is temporarily removed from prison pursuant to Section 2690 or while the defendant is transferred to a community facility pursuant to Section 3416, 6253, or 6263, or while the defendant is on furlough pursuant to Section 6254, the defendant shall be subject to the full enhancements provided for in this section.

This subdivision shall not apply when a full, separate, and consecutive term is imposed pursuant to any other provision of law.

SEC. 10. Section 667.51 of the Penal Code is amended to read:

667.51. (a) Any person who is ~~found guilty~~ *convicted* of violating Section 288 *or 288.5* shall receive a five-year enhancement for a prior conviction of an offense ~~listed~~ *specified* in subdivision (b)~~, provided that no additional term shall be imposed under this subdivision for any prison term served prior to a period of 10 years in which the defendant remained free of both prison custody and the commission of an offense that results in a felony conviction~~.

(b) Section 261, *262,* 264.1, *269,* 285, 286, 288, 288a, 288.5, or 289, or any offense committed in another jurisdiction that includes all of the elements of any of the offenses ~~set forth~~ *specified* in this subdivision.

(c) ~~Section 261, 264.1, 286, 288, 288a, 288.5, or 289, or any offense committed in another jurisdiction that includes all of the elements of any of the offenses set forth in this subdivision.~~

~~(d)~~ A violation of Section 288 *or 288.5* by a person who has been

# TEXT OF PROPOSED LAWS ★ ★ ★

previously convicted two or more times of an offense ~~listed~~ *specified* in subdivision ~~(c) is punishable as a felony~~ *(b) shall be punished* by imprisonment in the state prison for 15 years to life. ~~However, if the two or more prior convictions were for violations of Section 288, this subdivision is applicable only if the current violation or at least one of the prior convictions is for an offense other than a violation of subdivision (a) of Section 288. For purposes of this subdivision, a prior conviction is required to have been for charges brought and tried separately. The provisions of Article 2.5 (commencing with Section 2930) of Chapter 7 of Title 1 of Part 3 shall apply to reduce any minimum term in a state prison imposed pursuant to this section, but that person shall not otherwise be released on parole prior to that time.~~

SEC. 11.  Section 667.6 of the Penal Code is amended to read:

667.6.  (a) Any person who is ~~found guilty of violating paragraph (2), (3), (6), or (7) of subdivision (a) of Section 261, paragraph (1), (4), or (5) of subdivision (a) of Section 262, Section 264.1, subdivision (b) of Section 288, Section 288.5 or subdivision (a) of Section 289, of committing sodomy in violation of subdivision (k) of Section 286, of committing oral copulation in violation of subdivision (k) of Section 288a, or of committing sodomy or oral copulation in violation of Section 286 or 288a by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person~~ *convicted of an offense specified in subdivision (e) and* who has been convicted previously of any of those offenses shall receive a five-year enhancement for each of those prior convictions ~~provided that no enhancement shall be imposed under this subdivision for any conviction occurring prior to a period of 10 years in which the person remained free of both prison custody and the commission of an offense which results in a felony conviction. In addition to the five-year enhancement imposed under this subdivision, the court also may impose a fine not to exceed twenty thousand dollars ($20,000) for anyone sentenced under these provisions. The fine imposed and collected pursuant to this subdivision shall be deposited in the Victim-Witness Assistance Fund to be available for appropriation to fund child sexual exploitation and child sexual abuse victim counseling centers and prevention programs established pursuant to Section 13837.~~

(b) Any person *who is* convicted of an offense specified in subdivision ~~(a)~~ *(e) and* who has served two or more prior prison terms as defined in Section 667.5 for any ~~offense specified in subdivision (a);~~ *of those offenses* shall receive a 10-year enhancement for each of those prior terms ~~provided that no additional enhancement shall be imposed under this subdivision for any prison term served prior to a period of 10 years in which the person remained free of both prison custody and the commission of an offense which results in a felony conviction. In addition to the 10-year enhancement imposed under this subdivision, the court also may impose a fine not to exceed twenty thousand dollars ($20,000) for any person sentenced under this subdivision. The fine imposed and collected pursuant to this subdivision shall be deposited in the Victim-Witness Assistance Fund to be available for appropriation to fund child sexual exploitation and child sexual abuse victim counseling centers and prevention programs established pursuant to Section 13837.~~

(c) In lieu of the term provided in Section 1170.1, a full, separate, and consecutive term may be imposed for each violation of ~~Section 220, other than an assault with intent to commit mayhem, provided that the person has been convicted previously of violating Section 220 for an offense other than an assault with intent to commit mayhem, paragraph (2), (3), (6), or (7) of subdivision (a) of Section 261, paragraph (1), (4), or (5) of subdivision (a) of Section 262, Section 264.1, subdivision (b) of Section 288, Section 288.5 or subdivision (a) of Section 289, of committing sodomy in violation of subdivision (k) of Section 286, of committing oral copulation in violation of subdivision (k) of Section 288a, or of committing sodomy or oral copulation in violation of Section 286 or 288a by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person whether or not the crimes were committed during a single transaction~~ *an offense specified in subdivision (e) if the crimes involve the same victim on the same occasion. A term may be imposed consecutively pursuant to this subdivision if a person is convicted of at least one offense specified in subdivision (e).* If the term is imposed consecutively pursuant to this subdivision, it shall be served consecutively to any other term of imprisonment, and shall commence from the time the person otherwise would have been released from imprisonment. The term shall not be included in any determination pursuant to Section 1170.1. Any other term imposed subsequent to that term shall not be merged therein but shall commence at the time the person otherwise would have been released from prison.

(d) A full, separate, and consecutive term shall be ~~served~~ *imposed* for each violation of ~~Section 220, other than an assault with intent to commit mayhem, provided that the person has been convicted previously of violating Section 220 for an offense other than an assault with intent to commit mayhem, paragraph (2), (3), (6), or (7) of subdivision (a) of Section 261, paragraph (1), (4), or (5) of subdivision (a) of Section 262, Section 264.1, subdivision (b) of Section 288, subdivision (a) of Section 289, of committing sodomy in violation of subdivision (k) of Section 286, of committing oral copulation in violation of subdivision (k) of Section 288a, or of committing sodomy or oral copulation in violation of Section 286 or 288a by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person~~ *an offense specified in subdivision (e)* if the crimes involve separate victims or involve the same victim on separate occasions.

In determining whether crimes against a single victim were committed on separate occasions under this subdivision, the court shall consider whether, between the commission of one sex crime and another, the defendant had a reasonable opportunity to reflect upon his or her actions and nevertheless resumed sexually assaultive behavior. Neither the duration of time between crimes, nor whether or not the defendant lost or abandoned his or her opportunity to attack, shall be, in and of itself, determinative on the issue of whether the crimes in question occurred on separate occasions.

The term shall be served consecutively to any other term of imprisonment and shall commence from the time the person otherwise would have been released from imprisonment. The term shall not be included in any determination pursuant to Section 1170.1. Any other term imposed subsequent to that term shall not be merged therein but shall commence at the time the person otherwise would have been released from prison.

(e) *This section shall apply to the following offenses:*

*(1) Rape, in violation of paragraph (2), (3), (6), or (7) of subdivision (a) of Section 261.*

*(2) Spousal rape, in violation of paragraph (1), (4), or (5) of subdivision (a) of Section 262.*

*(3) Rape, spousal rape, or sexual penetration, in concert, in violation of Section 264.1.*

*(4) Sodomy, in violation of paragraph (2) or (3) of subdivision (c), or subdivision (d) or (k), of Section 286.*

*(5) Lewd or lascivious act, in violation of subdivision (b) of Section 288.*

*(6) Continuous sexual abuse of a child, in violation of Section 288.5.*

*(7) Oral copulation, in violation of paragraph (2) or (3) of subdivision (c), or subdivision (d) or (k), of Section 288a.*

*(8) Sexual penetration, in violation of subdivision (a) or (g) of Section 289.*

*(9) As a present offense under subdivision (c) or (d), assault with intent to commit a specified sexual offense, in violation of Section 220.*

*(10) As a prior conviction under subdivision (a) or (b), an offense committed in another jurisdiction that includes all of the elements of an offense specified in this subdivision.*

*(f) In addition to any enhancement imposed pursuant to subdivision (a) or (b), the court may also impose a fine not to exceed twenty thousand dollars ($20,000) for anyone sentenced under those provisions. The fine imposed and collected pursuant to this subdivision shall be deposited in the Victim-Witness Assistance Fund to be available for appropriation to fund child sexual exploitation and child sexual abuse victim counseling centers and prevention programs established pursuant to Section 13837.* If the court orders a fine to be imposed pursuant to *this* subdivision ~~(a) or (b)~~, the actual administrative cost of collecting that fine, not to exceed 2 percent of the total amount paid, may be paid into the general fund of the county treasury for the use and benefit of the county.

SEC. 12.  Section 667.61 of the Penal Code is amended to read:

667.61.  (a) ~~A~~ *Any* person who is convicted of an offense specified in subdivision (c) under one or more of the circumstances specified in subdivision (d) or under two or more of the circumstances specified in subdivision (e) shall be punished by imprisonment in the state prison for 25 years to life ~~and shall not be eligible for release on parole for 25 years~~

83

~~except as provided in subdivision (j)~~.

(b) Except as provided in subdivision (a), ~~a~~ *any* person who is convicted of an offense specified in subdivision (c) under one of the circumstances specified in subdivision (e) shall be punished by imprisonment in the state prison for *15 years to* life ~~and shall not be eligible for release on parole for 15 years except as provided in subdivision (j)~~.

(c) This section shall apply to any of the following offenses:

(1) ★ Rape, in violation of paragraph (2) *or (6)* of subdivision (a) of Section 261.

(2) ★ *Spousal rape, in* violation of paragraph (1) *or (4)* of subdivision (a) of Section 262.

(3) ★ *Rape, spousal rape, or sexual penetration, in concert, in* violation of Section 264.1.

(4) ★ *Lewd or lascivious act, in* violation of subdivision (b) of Section 288.

(5) ★ *Sexual penetration, in* violation of subdivision (a) of Section 289.

(6) ~~Sodomy or oral copulation~~ *Sodomy, in* violation of *paragraph (2) or (3) of subdivision (c), or subdivision (d),* of Section 286 ~~or 288a by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person~~.

(7) ★ *Oral copulation, in violation of paragraph (2) or (3) of subdivision (c), or subdivision (d), of Section 288a.*

(8) *Lewd or lascivious act, in* violation of subdivision (a) of Section 288, ~~unless the defendant qualifies for probation under subdivision (c) of Section 1203.066~~.

(9) *Continuous sexual abuse of a child, in violation of Section 288.5.*

(d) The following circumstances shall apply to the offenses specified in subdivision (c):

(1) The defendant has been previously convicted of an offense specified in subdivision (c), including an offense committed in another jurisdiction that includes all of the elements of an offense specified in subdivision (c).

(2) The defendant kidnapped the victim of the present offense and the movement of the victim substantially increased the risk of harm to the victim over and above that level of risk necessarily inherent in the underlying offense in subdivision (c).

(3) The defendant inflicted aggravated mayhem or torture on the victim or another person in the commission of the present offense in violation of Section 205 or 206.

(4) The defendant committed the present offense during the commission of a burglary *of the first degree*, as defined in subdivision (a) of Section 460, with intent to commit an offense specified in subdivision (c).

(5) *The defendant committed the present offense in violation of Section 264.1, subdivision (d) of Section 286, or subdivision (d) of Section 288a, and, in the commission of that offense, any person committed any act described in paragraph (2), (3), or (4) of this subdivision.*

(e) The following circumstances shall apply to the offenses specified in subdivision (c):

(1) Except as provided in paragraph (2) of subdivision (d), the defendant kidnapped the victim of the present offense in violation of Section 207, 209, or 209.5.

(2) Except as provided in paragraph (4) of subdivision (d), the defendant committed the present offense during the commission of a burglary, ~~as defined in subdivision (a) of Section 460, or during the commission of a burglary of a building, including any commercial establishment, which was then closed to the public,~~ in violation of Section 459.

(3) The defendant personally inflicted great bodily injury on the victim or another person in the commission of the present offense in violation of Section 12022.53, 12022.7, or 12022.8.

(4) The defendant personally used a dangerous or deadly weapon or *a* firearm in the commission of the present offense in violation of Section 12022, 12022.3, 12022.5, or 12022.53.

(5) The defendant has been convicted in the present case or cases of committing an offense specified in subdivision (c) against more than one victim.

(6) The defendant engaged in the tying or binding of the victim or another person in the commission of the present offense.

(7) The defendant administered a controlled substance to the victim ~~by force, violence, or fear~~ in the commission of the present offense in violation of Section 12022.75.

*(8) The defendant committed the present offense in violation of Section 264.1, subdivision (d) of Section 286, or subdivision (d) of Section 288a, and, in the commission of that offense, any person committed any act described in paragraph (1), (2), (3), (4), (6), or (7) of this subdivision.*

(f) If only the minimum number of circumstances specified in subdivision (d) or (e) ~~which~~ *that* are required for the punishment provided in subdivision (a) or (b) to apply have been pled and proved, that circumstance or those circumstances shall be used as the basis for imposing the term provided in subdivision (a) or (b), *whichever is greater,* rather than being used to impose the punishment authorized under any other *provision of* law, unless another *provision of* law provides for a greater penalty *or the punishment under another provision of law can be imposed in addition to the punishment provided by this section.* However, if any additional circumstance or circumstances specified in subdivision (d) or (e) have been pled and proved, the minimum number of circumstances shall be used as the basis for imposing the term provided in subdivision (a), and any other additional circumstance or circumstances shall be used to impose any punishment or enhancement authorized under any other *provision of* law.

(g) Notwithstanding *Section 1385 or* any other *provision of* law, the court shall not strike any *allegation, admission, or finding of any* of the circumstances specified in subdivision (d) or (e) *for any person who is subject to punishment under this section.*

~~(g) The term specified in subdivision (a) or (b) shall be imposed on the defendant once for any offense or offenses committed against a single victim during a single occasion. If there are multiple victims during a single occasion, the term specified in subdivision (a) or (b) shall be imposed on the defendant once for each separate victim. Terms for other offenses committed during a single occasion shall be imposed as authorized under any other law, including Section 667.6, if applicable.~~

(h) ~~Probation~~ *Notwithstanding any other provision of law, probation* shall not be granted to, nor shall the execution or imposition of sentence be suspended for, any person who is subject to punishment under this section ~~for any offense specified in paragraphs (1) to (6), inclusive, of subdivision (c)~~.

(i) For ~~the~~ *any offense specified in paragraphs (1) to (7), inclusive, of subdivision (c), the court shall impose a consecutive sentence for each offense that results in a conviction under this section if the crimes involve separate victims or involve the same victim on separate occasions as defined in subdivision (d) of Section 667.6.*

*(j)* The penalties provided in this section ~~to~~ *shall* apply~~;~~ *only if* the existence of any ~~fact required under~~ *circumstance specified in* subdivision (d) or (e) ~~shall be~~ *is* alleged in the accusatory pleading *pursuant to this section,* and *is* either admitted by the defendant in open court or found to be true by the trier of fact.

~~(j) Article 2.5 (commencing with Section 2930) of Chapter 7 of Title 1 of Part 3 shall apply to reduce the minimum term of 25 years in the state prison imposed pursuant to subdivision (a) or 15 years in the state prison imposed pursuant to subdivision (b). However, in no case shall the minimum term of 25 or 15 years be reduced by more than 15 percent for credits granted pursuant to Section 2933, 4019, or any other law providing for conduct credit reduction. In no case shall any person who is punished under this section be released on parole prior to serving at least 85 percent of the minimum term of 25 or 15 years in the state prison.~~

SEC. 13. Section 667.71 of the Penal Code amended to read:

667.71. (a) For the purpose of this section, a habitual sexual offender is a person who has been previously convicted of one or more of the offenses ~~listed~~ *specified* in subdivision (c) and who is convicted in the present proceeding of one of those offenses.

(b) A habitual sexual offender ~~is punishable~~ *shall be punished* by imprisonment in the state prison for 25 years to life. ~~Article 2.5 (commencing with Section 2930) of Chapter 7 of Title 1 of Part 3 shall apply to reduce any minimum term of 25 years in the state prison imposed pursuant to this section. However, in no case shall the minimum term of 25 years be reduced by more than 15 percent for credits granted pursuant to Section 2933, 4019, or any other law providing for conduct credit reduction. In no case shall any person who is punished under this section be released on parole prior to serving at least 85 percent of the minimum term of 25~~

# TEXT OF PROPOSED LAWS ★ ★ ★

~~years in the state prison.~~

(c) This section shall apply to any of the following offenses:

(1) ★ *Rape, in* violation of paragraph (2) *or (6)* of subdivision (a) of Section 261.

(2) ★ *Spousal rape, in* violation of paragraph (1) *or (4)* of subdivision (a) of Section 262.

(3) ★ *Rape, spousal rape, or sexual penetration, in concert, in* violation of Section 264.1.

(4) ★ *Lewd or lascivious act, in* violation of subdivision (a) or (b) of Section 288.

(5) ★ *Sexual penetration, in* violation of subdivision (a) *or (j)* of Section 289.

(6) ★ *Continuous sexual abuse of a child, in* violation of Section 288.5.

(7) ★ *Sodomy, in* violation of subdivision (c) *or (d)* of Section 286 ~~by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person.~~

(8) ~~A violation of subdivision (d) of Section 286.~~

~~(9)~~ ★ *Oral copulation, in* violation of subdivision (c) or (d) of Section 288a ~~by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person.~~

~~(10)~~ ★ *(9) Kidnapping, in* violation of subdivision (b) of Section 207.

~~(11)~~ ★ *(10) Kidnapping, in* violation of former subdivision (d) of Section 208 (kidnapping to commit specified sex offenses).

~~(12)~~ *(11)* Kidnapping, in violation of *subdivision (b) of* Section 209 with the intent to commit ~~rape, spousal rape, oral copulation, or sodomy or sexual penetration in violation of Section 289~~ *a specified sexual offense.*

~~(13)~~ ★ *(12) Aggravated sexual assault of a child, in* violation of Section 269.

~~(14)~~ *(13)* An offense committed in another jurisdiction that ~~has~~ *includes all of* the elements of an offense specified in paragraphs ~~(1) to (13), inclusive,~~ of this subdivision.

(d) *Notwithstanding Section 1385 or any other provision of law, the court shall not strike any allegation, admission, or finding of any prior conviction specified in subdivision (c) for any person who is subject to punishment under this section.*

(e) Notwithstanding any other provision of law, probation shall not be granted to, nor shall the execution or imposition of sentence be suspended for, any person who is subject to punishment under this section.

(f) This section shall apply only if the defendant's status as a habitual sexual offender is alleged in the ~~information~~ *accusatory pleading,* and either admitted by the defendant in open court, or found to be true by the ~~jury trying the issue of guilt or by the court where guilt is established by a plea of guilty or nolo contendere or by trial by court sitting without a jury~~ *trier of fact.*

SEC. 14. Section 1203.06 of the Penal Code is amended to read:

1203.06. ~~Notwithstanding Section 1203:~~

(a) ~~Probation~~ *Notwithstanding any other provision of law, probation* shall not be granted to, nor shall the execution or imposition of sentence be suspended for, *nor shall a finding bringing the defendant within this section be stricken pursuant to Section 1385 for,* any of the following persons:

(1) Any person who personally used a firearm during the commission or attempted commission of any of the following crimes:

(A) Murder.

(B) Robbery, in violation of Section 211.

(C) Kidnapping, in violation of Section 207, *209, or 209.5.*

(D) ~~Kidnapping in violation of Section 209~~ *Lewd or lascivious act, in violation of Section 288.*

(E) Burglary of the first degree, as defined in Section 460.

(F) ~~Except as provided in Section 1203.065, rape~~ *Rape, in violation of* ~~paragraph (2) of subdivision (a) of~~ Section 261, *262, or 264.1.*

(G) Assault with intent to commit ~~rape or sodomy~~ *a specified sexual offense,* in violation of Section 220.

(H) Escape, in violation of Section 4530 or 4532.

(I) Carjacking, in violation of Section 215.

(J) ~~Any person convicted of aggravated~~ *Aggravated* mayhem, in violation of Section 205.

(K) Torture, in violation of Section 206.

(L) ~~Kidnapping, in violation of Section 209.5~~ *Continuous sexual abuse of a child, in violation of Section 288.5.*

(M) A felony violation of Section 136.1 or 137.

*(N) Sodomy, in violation of Section 286.*

*(O) Oral copulation, in violation of Section 288a.*

*(P) Sexual penetration, in violation of Section 289 or 264.1.*

*(Q) Aggravated sexual assault of a child, in violation of Section 269.*

(2) Any person previously convicted of a felony specified in ~~subparagraphs (A) to (L), inclusive, of~~ paragraph (1), or assault with intent to commit murder under former Section 217, who is convicted of a subsequent felony and who was personally armed with a firearm at any time during its commission or attempted commission or was unlawfully armed with a firearm at the time of his or her arrest for the subsequent felony.

(3) Aggravated arson, in violation of Section 451.5.

(b)(1) The existence of any fact ~~which~~ *that* would make a person ineligible for probation under subdivision (a) shall be alleged in the accusatory pleading, and either admitted by the defendant in open court, or found to be true by the ~~jury trying the issue of guilt, by the court where guilt is established by plea of guilty or nolo contendere, or by trial by the court sitting without a jury~~ *trier of fact.*

(2) ~~This subdivision does not prohibit the adjournment of criminal proceedings pursuant to Division 6 (commencing with Section 6000) of the Welfare and Institutions Code.~~

~~(3)~~ As used in subdivision (a), "used a firearm" means to display a firearm in a menacing manner, to intentionally fire it, or to intentionally strike or hit a human being with it, *or to use it in any manner that qualifies under Section 12022.5.*

~~(4)~~ *(3)* As used in subdivision (a), "armed with a firearm" means to knowingly carry *or have available for use* a firearm as a means of offense or defense.

SEC. 15. Section 1203.065 of the Penal Code is amended to read:

1203.065. (a) Notwithstanding any other *provision of* law, probation shall not be granted to, nor shall the execution or imposition of sentence be suspended for, any person who is convicted of violating paragraph (2) *or (6)* of subdivision (a) of Section 261, Section 264.1, 266h, 266i, ~~or~~ 266j, *or 269, paragraph (2) or (3) of subdivision (c), or subdivision (d), of Section 286, paragraph (2) or (3) of subdivision (c), or subdivision (d), of Section 288a,* subdivision (a) of Section 289, ~~of committing sodomy or oral copulation in violation of Section 286 or 288a by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on another person,~~ or ~~of violating~~ subdivision (c) of Section 311.4.

(b)*(1)* Except in unusual cases where the interests of justice would best be served if the person is granted probation, probation shall not be granted to any person who is convicted of ~~a violation of~~ *violating* paragraph (7) of subdivision (a) of Section 261, subdivision (k) of Section 286, subdivision (k) of Section 288a, *subdivision (g) of Section 289,* or Section 220 for assault with intent to commit ~~any of the following: rape, sodomy, oral copulation, or any violation of Section 264.1, subdivision (b) of Section 288, or Section 289~~ *a specified sexual offense.*

*(2)* When probation is granted, the court shall specify on the record and shall enter on the minutes the circumstances indicating that the interests of justice would best be served by the disposition.

SEC. 16. Section 1203.075 of the Penal Code is amended to read:

1203.075. ~~Notwithstanding the provisions of Section 1203.~~

(a) ~~Probation~~ *Notwithstanding any other provision of law, probation* shall not be granted to, nor shall the execution or imposition of sentence be suspended for, nor shall a finding bringing the defendant within this section be stricken pursuant to Section 1385 for, any person who~~, with the intent to inflict the injury,~~ personally inflicts great bodily injury, *as defined in Section 12022.7,* on the person of another in the commission or attempted commission of any of the following crimes:

(1) Murder.

(2) Robbery, in violation of Section 211.

(3) Kidnapping, in violation of Section 207, *209, or 209.5.*

(4) ~~Kidnapping, in violation of Section 209~~ *Lewd or lascivious act, in violation of Section 288.*

(5) Burglary of the first degree, as defined in Section 460.

(6) Rape, in violation of ~~paragraph (2) or (6) of subdivision (a) of Section 261 or paragraph (1) or (4) of subdivision (a) of~~ Section *261, 262, or 264.1*.

(7) Assault with intent to commit ~~rape or sodomy~~ *a specified sexual offense*, in violation of Section 220.

(8) Escape, in violation of Section 4530 or 4532.

(9) *A Sexual penetration*, in violation of ~~subdivision (a) of~~ Section *289 or 264.1*.

(10) Sodomy, in violation of Section 286.

(11) Oral copulation, in violation of Section 288a.

(12) Carjacking, in violation of Section 215.

(13) ~~Kidnapping, in violation of Section 209.5~~ *Continuous sexual abuse of a child, in violation of Section 288.5.*

*(14) Aggravated sexual assault of a child, in violation of Section 269.*

(b)~~(1)~~ The existence of any fact ~~which~~ *that* would make a person ineligible for probation under subdivision (a) shall be alleged in the accusatory pleading, and either admitted by the defendant in open court, or found to be true by the ~~jury trying the issue of guilt or by the court where guilt is established by a plea of guilty or nolo contendere or by a trial by the court sitting without a jury~~ *trier of fact*.

~~(2) This subdivision does not prohibit the adjournment of criminal proceedings pursuant to Division 3 (commencing with Section 3000) or Division 6 (commencing with Section 6000) of the Welfare and Institutions Code.~~

~~(3) As used in subdivision (a), "great bodily injury" means "great bodily injury" as defined in Section 12022.7.~~

SEC. 17.  Section 3000 of the Penal Code is amended to read:

3000. (a)(1) The Legislature finds and declares that the period immediately following incarceration is critical to successful reintegration of the offender into society and to positive citizenship. It is in the interest of public safety for the state to provide for the supervision of and surveillance of parolees, including the judicious use of revocation actions, and to provide educational, vocational, family and personal counseling necessary to assist parolees in the transition between imprisonment and discharge. A sentence pursuant to Section 1168 or 1170 shall include a period of parole, unless waived, as provided in this section.

(2) The Legislature finds and declares that it is not the intent of this section to diminish resources allocated to the Department of Corrections for parole functions for which the department is responsible. It is also not the intent of this section to diminish the resources allocated to the Board of Prison Terms to execute its duties with respect to parole functions for which the board is responsible.

(3) The Legislature finds and declares that diligent effort must be made to ensure that parolees are held accountable for their criminal behavior, including, but not limited to, the satisfaction of restitution fines and orders.

(4) ~~Any finding made pursuant to Article 4 (commencing with Section 6600) of Chapter 2 of Part 2 of Division 6 of the Welfare and Institutions Code, that a person is~~ *The parole period of any person found to be* a sexually violent predator shall ~~not toll, discharge, or otherwise affect that person's~~ *be tolled until that person is found to no longer be a sexually violent predator, at which time the* period of parole, *or any remaining portion thereof,* shall begin to run.

(b) Notwithstanding any provision to the contrary in Article 3 (commencing with Section 3040) of this chapter, the following shall apply:

(1) At the expiration of a term of imprisonment of one year and one day, or a term of imprisonment imposed pursuant to Section 1170 or at the expiration of a term reduced pursuant to Section 2931 or 2933, if applicable, the inmate shall be released on parole for a period not exceeding three years, except that any inmate sentenced for an offense specified in paragraph (3), (4), (5), (6), (11), (16), or (18) of subdivision (c) of Section 667.5 shall be released on parole for a period not exceeding five years, unless in either case the parole authority for good cause waives parole and discharges the inmate from the custody of the department.

(2) In the case of any inmate sentenced under Section 1168, the period of parole shall not exceed five years in the case of an inmate imprisoned for any offense other than first or second degree murder for which the inmate has received a life sentence, and shall not exceed three years in the case of any other inmate, unless in either case the parole authority for good cause waives parole and discharges the inmate from custody of the department. This subdivision shall also be applicable to inmates who committed crimes prior to July 1, 1977, to the extent specified in Section 1170.2.

(3) Notwithstanding paragraphs (1) and (2), in the case of any offense for which the inmate has received a life sentence pursuant to Section 667.61 or 667.71, the period of parole shall be ~~five~~ *10* years. ~~Upon the request of the Department of Corrections, and on the grounds that the paroled inmate may pose a substantial danger to public safety, the Board of Prison Terms shall conduct a hearing to determine if the parolee shall be subject to a single additional five-year period of parole. The board shall conduct the hearing pursuant to the procedures and standards governing parole revocation. The request for parole extension shall be made no less than 180 days prior to the expiration of the initial five-year period of parole.~~

(4) The parole authority shall consider the request of any inmate regarding the length of his or her parole and the conditions thereof.

(5) Upon successful completion of parole, or at the end of the maximum statutory period of parole specified for the inmate under paragraph (1), (2), or (3), as the case may be, whichever is earlier, the inmate shall be discharged from custody. The date of the maximum statutory period of parole under this subdivision and paragraphs (1), (2), and (3) shall be computed from the date of initial parole ~~or from the date of extension of parole pursuant to paragraph (3)~~ and shall be a period chronologically determined. Time during which parole is suspended because the prisoner has absconded or has been returned to custody as a parole violator shall not be credited toward any period of parole unless the prisoner is found not guilty of the parole violation. However, ~~in no case,~~ except *the period of parole is subject to the following:*

*(A) Except* as provided in Section 3064, *in no case* may a prisoner subject to three years on parole be retained under parole supervision or in custody for a period longer than four years from the date of his or her initial ~~parole, and, except~~ *parole.*

*(B) Except* as provided in Section 3064, in no case may a prisoner subject to five years on parole be retained under parole supervision or in custody for a period longer than seven years from the date of his or her initial parole ~~or from the date of extension of parole pursuant to paragraph (3)~~.

*(C) Except as provided in Section 3064, in no case may a prisoner subject to 10 years on parole be retained under parole supervision or in custody for a period longer than 15 years from the date of his or her initial parole.*

(6) The Department of Corrections shall meet with each inmate at least 30 days prior to his or her good time release date and shall provide, under guidelines specified by the parole authority, the conditions of parole and the length of parole up to the maximum period of time provided by law. The inmate has the right to reconsideration of the length of parole and conditions thereof by the parole authority. The Department of Corrections or the Board of Prison Terms may impose as a condition of parole that a prisoner make payments on the prisoner's outstanding restitution fines or orders imposed pursuant to subdivision (a) or (c) of Section 13967 of the Government Code, as operative prior to September 28, 1994, or subdivision (b) or (f) of Section 1202.4.

(7) For purposes of this chapter, the Board of Prison Terms shall be considered the parole authority.

(8) The sole authority to issue warrants for the return to actual custody of any state prisoner released on parole rests with the Board of Prison Terms, except for any escaped state prisoner or any state prisoner released prior to his or her scheduled release date who should be returned to custody, and Section 3060 shall apply.

(9) It is the intent of the Legislature that efforts be made with respect to persons who are subject to subparagraph (C) of paragraph (1) of subdivision (a) of Section 290 who are on parole to engage them in treatment.

SEC. 18. Section 3000.07 is added to the Penal Code, to read:

*3000.07. (a) Every inmate who has been convicted for any felony violation of a "registerable sex offense" described in subparagraph (A) of paragraph (2) of subdivision (a) of Section 290 or any attempt to commit any of the above-mentioned offenses and who is committed to prison and released on parole pursuant to Section 3000 or 3000.1 shall be monitored by a global positioning system for the term of his or her parole, or for the duration or any remaining part thereof, whichever period of time is less.*

*(b) Any inmate released on parole pursuant to this section shall be required to pay for the costs associated with the monitoring by a global positioning system. However, the Department of Corrections shall waive any*

83

# TEXT OF PROPOSED LAWS ★ ★ ★

*or all of that payment upon a finding of an inability to pay. The department shall consider any remaining amounts the inmate has been ordered to pay in fines, assessments and restitution fines, fees, and orders, and shall give priority to the payment of those items before requiring that the inmate pay for the global positioning monitoring. No inmate shall be denied parole on the basis of his or her inability to pay for those monitoring costs.*

SEC. 19. Section 3001 of the Penal Code is amended to read:

3001. (a) Notwithstanding any other provision of law, when any person referred to in paragraph (1) of subdivision (b) of Section 3000 who was not imprisoned for committing a violent felony, as defined in subdivision (c) of Section 667.5, has been released on parole from the state prison, and has been on parole continuously for one year since release from confinement, within 30 days, that person shall be discharged from parole, unless the Department of Corrections recommends to the Board of Prison Terms that the person be retained on parole and the board, for good cause, determines that the person will be retained. Notwithstanding any other provision of law, when any person referred to in paragraph (1) of subdivision (b) of Section 3000 who was imprisoned for committing a violent felony, as defined in subdivision (c) of Section 667.5, has been released on parole from the state prison for a period not exceeding three years and has been on parole continuously for two years since release from confinement, or has been released on parole from the state prison for a period not exceeding five years and has been on parole continuously for three years since release from confinement, the department shall discharge, within 30 days, that person from parole, unless the department recommends to the board that the person be retained on parole and the board, for good cause, determines that the person will be retained. The board shall make a written record of its determination and the department shall transmit a copy thereof to the parolee.

(b) Notwithstanding any other provision of law, when any person referred to in paragraph (2) or (3) of subdivision (b) of Section 3000 has been released on parole from the state prison, and has been on parole continuously for three years since release from confinement or since extension of parole, the board shall discharge, within 30 days, the person from parole, unless the board, for good cause, determines that the person will be retained on parole. The board shall make a written record of its determination and the department shall transmit a copy thereof to the parolee.

*(c) Notwithstanding any other provision of law, when any person referred to in paragraph (3) of subdivision (b) of Section 3000 has been released on parole from the state prison, and has been on parole continuously for six years since release from confinement, the board shall discharge, within 30 days, the person from parole, unless the board, for good cause, determines that the person will be retained on parole. The board shall make a written record of its determination and the department shall transmit a copy thereof to the parolee.*

*(d) In the event of a retention on parole, the parolee shall be entitled to a review by the parole authority each year thereafter until the maximum statutory period of parole has expired.*

(d) (e) The amendments to this section made during the 1987–88 Regular Session of the Legislature shall only be applied prospectively and shall not extend the parole period for any person whose eligibility for discharge from parole was fixed as of the effective date of those amendments.

SEC. 20. Section 3003 of the Penal Code is amended to read:

3003. (a) Except as otherwise provided in this section, an inmate who is released on parole shall be returned to the county that was the last legal residence of the inmate prior to his or her incarceration.

For purposes of this subdivision, "last legal residence" shall not be construed to mean the county wherein the inmate committed an offense while confined in a state prison or local jail facility or while confined for treatment in a state hospital.

(b) Notwithstanding subdivision (a), an inmate may be returned to another county if that would be in the best interests of the public. If the Board of Prison Terms setting the conditions of parole for inmates sentenced pursuant to subdivision (b) of Section 1168, as determined by the parole consideration panel, or the Department of Corrections setting the conditions of parole for inmates sentenced pursuant to Section 1170, decides on a return to another county, it shall place its reasons in writing in the parolee's permanent record and include these reasons in the notice to the sheriff or chief of police pursuant to Section 3058.6. In making its decision, the paroling authority shall consider, among others, the following factors, giving the greatest weight to the protection of the victim and the safety of the community:

(1) The need to protect the life or safety of a victim, the parolee, a witness, or any other person.

(2) Public concern that would reduce the chance that the inmate's parole would be successfully completed.

(3) The verified existence of a work offer, or an educational or vocational training program.

(4) The existence of family in another county with whom the inmate has maintained strong ties and whose support would increase the chance that the inmate's parole would be successfully completed.

(5) The lack of necessary outpatient treatment programs for parolees receiving treatment pursuant to Section 2960.

(c) The Department of Corrections, in determining an out-of-county commitment, shall give priority to the safety of the community and any witnesses and victims.

(d) In making its decision about an inmate who participated in a joint venture program pursuant to Article 1.5 (commencing with Section 2717.1) of Chapter 5, the paroling authority shall give serious consideration to releasing him or her to the county where the joint venture program employer is located if that employer states to the paroling authority that he or she intends to employ the inmate upon release.

(e)(1) The following information, if available, shall be released by the Department of Corrections to local law enforcement agencies regarding a paroled inmate who is released in their jurisdictions:

(A) Last, first, and middle name.

(B) Birth date.

(C) Sex, race, height, weight, and hair and eye color.

(D) Date of parole and discharge.

(E) Registration status, if the inmate is required to register as a result of a controlled substance, sex, or arson offense.

(F) California Criminal Information Number, FBI number, social security number, and driver's license number.

(G) County of commitment.

(H) A description of scars, marks, and tattoos on the inmate.

(I) Offense or offenses for which the inmate was convicted that resulted in parole in this instance.

(J) Address, including all of the following information:

(i) Street name and number. Post office box numbers are not acceptable for purposes of this subparagraph.

(ii) City and ZIP Code.

(iii) Date that the address provided pursuant to this subparagraph was proposed to be effective.

(K) Contact officer and unit, including all of the following information:

(i) Name and telephone number of each contact officer.

(ii) Contact unit type of each contact officer such as units responsible for parole, registration, or county probation.

(L) A digitized image of the photograph and at least a single digit fingerprint of the parolee.

(M) A geographic coordinate for the parolee's residence location for use with a Geographical Information System (GIS) or comparable computer program.

(2) The information required by this subdivision shall come from the statewide parolee database. The information obtained from each source shall be based on the same timeframe.

(3) All of the information required by this subdivision shall be provided utilizing a computer-to-computer transfer in a format usable by a desktop computer system. The transfer of this information shall be continually available to local law enforcement agencies upon request.

(4) The unauthorized release or receipt of the information described in this subdivision is a violation of Section 11143.

(f) Notwithstanding any other provision of law, an inmate who is released on parole shall not be returned to a location within 35 miles of the actual residence of a victim of, or a witness to, a violent felony as defined in paragraphs (1) to (7), inclusive, of subdivision (c) of Section 667.5 or a

felony in which the defendant inflicts great bodily injury on any person other than an accomplice that has been charged and proved as provided for in Section 12022.53, 12022.7, or 12022.9, if the victim or witness has requested additional distance in the placement of the inmate on parole, and if the Board of Prison Terms or the Department of Corrections finds that there is a need to protect the life, safety, or well-being of a victim or witness.

(g)(1) Notwithstanding any other law, an inmate who is released on parole for any violation of Section 288 or 288.5 shall not be placed or reside, for the duration of his or her period of parole, within one quarter mile of any public or private school, including any or all of kindergarten and grades 1 to 8, inclusive.

Notwithstanding any other law, an inmate who is released on parole for a violation of Section 288 or 288.5 whom the Department of Corrections and Rehabilitation determines poses a high risk to the public shall not be placed or reside, for the duration of his or her parole, within one-half mile of any public or private school including any or all of kindergarten and grades 1 to 12, inclusive.

(h) Notwithstanding any other law, an inmate who is released on parole for an offense involving stalking shall not be returned to a location within 35 miles of the victim's actual residence or place of employment if the victim or witness has requested additional distance in the placement of the inmate on parole, and if the Board of Prison Terms or the Department of Corrections finds that there is a need to protect the life, safety, or well-being of the victim.

(i) (h) The authority shall give consideration to the equitable distribution of parolees and the proportion of out-of-county commitments from a county compared to the number of commitments from that county when making parole decisions.

(j) (i) An inmate may be paroled to another state pursuant to any other law.

(k) (j)(1) Except as provided in paragraph (2), the Department of Corrections shall be the agency primarily responsible for, and shall have control over, the program, resources, and staff implementing the Law Enforcement Automated Data System (LEADS) in conformance with subdivision (e).

(2) Notwithstanding paragraph (1), the Department of Justice shall be the agency primarily responsible for the proper release of information under LEADS that relates to fingerprint cards.

SEC. 21.  Section 3003.5 of the Penal Code is amended to read:

3003.5.  *(a)* Notwithstanding any other provision of law, when a person is released on parole after having served a term of imprisonment in state prison for any offense for which registration is required pursuant to Section 290, that person may not, during the period of parole, reside in any single family dwelling with any other person also required to register pursuant to Section 290, unless those persons are legally related by blood, marriage, or adoption. For purposes of this section, "single family dwelling" shall not include a residential facility which serves six or fewer persons.

*(b) Notwithstanding any other provision of law, it is unlawful for any person for whom registration is required pursuant to Section 290 to reside within 2000 feet of any public or private school, or park where children regularly gather.*

*(c) Nothing in this section shall prohibit municipal jurisdictions from enacting local ordinances that further restrict the residency of any person for whom registration is required pursuant to Section 290.*

SEC. 22.  Section 3004 of the Penal Code is amended to read:

3004.  *(a)* Notwithstanding any other law, the parole authority may require, as a condition of release on parole or reinstatement on parole, or as an intermediate sanction in lieu of return to prison, that an inmate or parolee agree in writing to the use of electronic monitoring or supervising devices for the purpose of helping to verify his or her compliance with all other conditions of parole. The devices shall not be used to eavesdrop or record any conversation, except a conversation between the parolee and the agent supervising the parolee which is to be used solely for the purposes of voice identification.

*(b) Every inmate who has been convicted for any felony violation of a "registerable sex offense" described in subparagraph (A) of paragraph (2) of subdivision (a) of Section 290 or any attempt to commit any of the above-mentioned offenses and who is committed to prison and released on parole pursuant to Section 3000 or 3000.1 shall be monitored by a global positioning system for life.*

*(c) Any inmate released on parole pursuant to this section shall be required to pay for the costs associated with the monitoring by a global positioning system. However, the Department of Corrections shall waive any or all of that payment upon a finding of an inability to pay. The department shall consider any remaining amounts the inmate has been ordered to pay in fines, assessments and restitution fines, fees, and orders, and shall give priority to the payment of those items before requiring that the inmate pay for the global positioning monitoring.*

SEC. 23.  Section 12022.75 of the Penal Code is amended to read:

12022.75.  Any *(a) Except as provided in subdivision (b), any* person who, for the purpose of committing a felony, administers by injection, inhalation, ingestion, or any other means, any controlled substance listed in Section 11054, 11055, 11056, 11057, or 11058 of the Health and Safety Code, against the victim's will by means of force, violence, or fear of immediate and unlawful bodily injury to the victim or another person, shall, in addition and consecutive to the penalty provided for the felony or attempted felony of which he or she has been convicted, be punished by an additional term of three years.

*(b)(1) Any person who, in the commission or attempted commission of any offense specified in paragraph (2), administers any controlled substance listed in Section 11054, 11055, 11056, 11057, or 11058 of the Health and Safety Code to the victim shall be punished by an additional and consecutive term of imprisonment in the state prison for five years.*

*(2) This subdivision shall apply to the following offenses:*

*(A) Rape, in violation of paragraph (3) or (4) of subdivision (a) of Section 261.*

*(B) Sodomy, in violation of subdivision (f) or (i) of Section 286.*

*(C) Oral copulation, in violation of subdivision (f) or (i) of Section 288a.*

*(D) Sexual penetration, in violation of subdivision (d) or (e) of Section 289.*

*(E) Any offense specified in subdivision (c) of Section 667.61.*

SEC. 24.  Section 6600 of the Welfare and Institutions Code is amended to read:

6600.  As used in this article, the following terms have the following meanings:

(a)(1) "Sexually violent predator" means a person who has been convicted of a sexually violent offense against two *one* or more victims and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior.

(2) For purposes of this subdivision any of the following shall be considered a conviction for a sexually violent offense:

(A) A prior or current conviction that resulted in a determinate prison sentence for an offense described in subdivision (b).

(B) A conviction for an offense described in subdivision (b) that was committed prior to July 1, 1977, and that resulted in an indeterminate prison sentence.

(C) A prior conviction in another jurisdiction for an offense that includes all of the elements of an offense described in subdivision (b).

(D) A conviction for an offense under a predecessor statute that includes all of the elements of an offense described in subdivision (b).

(E) A prior conviction for which the inmate received a grant of probation for an offense described in subdivision (b).

(F) A prior finding of not guilty by reason of insanity for an offense described in subdivision (b).

(G) A conviction resulting in a finding that the person was a mentally disordered sex offender.

*(H) A prior conviction for an offense described in subdivision (b) for which the person was committed to the Department of the Youth Authority pursuant to Section 1731.5.*

*(I) A prior conviction for an offense described in subdivision (b) that resulted in an indeterminate prison sentence.*

(3) Conviction of one or more of the crimes enumerated in this section shall constitute evidence that may support a court or jury determination that a person is a sexually violent predator, but shall not be the sole basis for the determination. The existence of any prior convictions may be shown with documentary evidence. The details underlying the commission of an

offense that led to a prior conviction, including a predatory relationship with the victim, may be shown by documentary evidence, including, but not limited to, preliminary hearing transcripts, trial transcripts, probation and sentencing reports, and evaluations by the State Department of Mental Health. Jurors shall be admonished that they may not find a person a sexually violent predator based on prior offenses absent relevant evidence of a currently diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior.

(4) The provisions of this section shall apply to any person against whom proceedings were initiated for commitment as a sexually violent predator on or after January 1, 1996.

(b) "Sexually violent offense" means the following acts when committed by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person, *or threatening to retaliate in the future against the victim or any other person,* and that are committed on, before, or after the effective date of this article and result in a conviction or a finding of not guilty by reason of insanity, as ~~provided~~ *defined* in subdivision (a): a felony violation of ~~paragraph (2) of subdivision (a) of~~ Section 261, ~~paragraph (1) of subdivision (a) of Section~~ 262, ~~Section~~ 264.1, *269,* 286, ~~subdivision (a) or (b) of Section~~ 288, *288a, 288.5,* or ~~subdivision (a) of Section~~ 289 of the Penal Code, or ~~sodomy or oral copulation in violation of Section 286 or 288a of the Penal Code~~ *any felony violation of Section 207, 209, or 220 of the Penal Code, committed with the intent to commit a violation of Section 261, 262, 264.1, 286, 288, 288a, or 289 of the Penal Code.*

(c) "Diagnosed mental disorder" includes a congenital or acquired condition affecting the emotional or volitional capacity that predisposes the person to the commission of criminal sexual acts in a degree constituting the person a menace to the health and safety of others.

(d) "Danger to the health and safety of others" does not require proof of a recent overt act while the offender is in custody.

(e) "Predatory" means an act is directed toward a stranger, a person of casual acquaintance with whom no substantial relationship exists, or an individual with whom a relationship has been established or promoted for the primary purpose of victimization.

(f) "Recent overt act" means any criminal act that manifests a likelihood that the actor may engage in sexually violent predatory criminal behavior.

(g) Notwithstanding any other provision of law and for purposes of this section, ~~no more than one~~ *a* prior juvenile adjudication of a sexually violent offense may constitute a prior conviction for which the person received a determinate term if all of the following ~~applies~~ *apply*:

(1) The juvenile was 16 years of age or older at the time he or she committed the prior offense.

(2) The prior offense is a sexually violent offense as specified in subdivision (b). ~~Notwithstanding Section 6600.1, only an offense described in subdivision (b) shall constitute a sexually violent offense for purposes of this subdivision.~~

(3) The juvenile was adjudged a ward of the juvenile court within the meaning of Section 602 because of the person's commission of the offense giving rise to the juvenile court adjudication.

(4) The juvenile was committed to the Department of the Youth Authority for the sexually violent offense.

(h) A minor adjudged a ward of the court for commission of an offense that is defined as a sexually violent offense shall be entitled to specific treatment as a sexual offender. The failure of a minor to receive that treatment shall not constitute a defense or bar to a determination that any person is a sexually violent predator within the meaning of this article.

SEC. 25. Section 6600.1 of the Welfare and Institutions Code is amended to read:

6600.1. ~~(a)~~ If the victim of an underlying offense that is specified in subdivision (b) of Section 6600 is a child under the age of 14 ~~and the offending act or acts involved substantial sexual conduct~~, the offense shall constitute a "sexually violent offense" for purposes of Section 6600.

~~(b) "Substantial sexual conduct" means penetration of the vagina or rectum of either the victim or the offender by the penis of the other or by any foreign object, oral copulation, or masturbation of either the victim or the offender.~~

SEC. 26. Section 6601 of the Welfare and Institutions Code is amended to read:

6601. (a)(1) Whenever the Director of Corrections determines that an individual who is in custody under the jurisdiction of the Department of Corrections, and who is either serving a determinate prison sentence or whose parole has been revoked, may be a sexually violent predator, the director shall, at least six months prior to that individual's scheduled date for release from prison, refer the person for evaluation in accordance with this section. However, if the inmate was received by the department with less than nine months of his or her sentence to serve, or if the inmate's release date is modified by judicial or administrative action, the director may refer the person for evaluation in accordance with this section at a date that is less than six months prior to the inmate's scheduled release date.

(2) A petition may be filed under this section if the individual was in custody pursuant to his or her determinate prison term, parole revocation term, or a hold placed pursuant to Section 6601.3, at the time the petition is filed. A petition shall not be dismissed on the basis of a later judicial or administrative determination that the individual's custody was unlawful, if the unlawful custody was the result of a good faith mistake of fact or law. This paragraph shall apply to any petition filed on or after January 1, 1996.

(b) The person shall be screened by the Department of Corrections and the Board of Prison Terms based on whether the person has committed a sexually violent predatory offense and on a review of the person's social, criminal, and institutional history. This screening shall be conducted in accordance with a structured screening instrument developed and updated by the State Department of Mental Health in consultation with the Department of Corrections. If as a result of this screening it is determined that the person is likely to be a sexually violent predator, the Department of Corrections shall refer the person to the State Department of Mental Health for a full evaluation of whether the person meets the criteria in Section 6600.

(c) The State Department of Mental Health shall evaluate the person in accordance with a standardized assessment protocol, developed and updated by the State Department of Mental Health, to determine whether the person is a sexually violent predator as defined in this article. The standardized assessment protocol shall require assessment of diagnosable mental disorders, as well as various factors known to be associated with the risk of reoffense among sex offenders. Risk factors to be considered shall include criminal and psychosexual history, type, degree, and duration of sexual deviance, and severity of mental disorder.

(d) Pursuant to subdivision (c), the person shall be evaluated by two practicing psychiatrists or psychologists, or one practicing psychiatrist and one practicing psychologist, designated by the Director of Mental Health. If both evaluators concur that the person has a diagnosed mental disorder so that he or she is likely to engage in acts of sexual violence without appropriate treatment and custody, the Director of Mental Health shall forward a request for a petition for commitment under Section 6602 to the county designated in subdivision (i). Copies of the evaluation reports and any other supporting documents shall be made available to the attorney designated by the county pursuant to subdivision (i) who may file a petition for commitment.

(e) If one of the professionals performing the evaluation pursuant to subdivision (d) does not concur that the person meets the criteria specified in subdivision (d), but the other professional concludes that the person meets those criteria, the Director of Mental Health shall arrange for further examination of the person by two independent professionals selected in accordance with subdivision (g).

(f) If an examination by independent professionals pursuant to subdivision (e) is conducted, a petition to request commitment under this article shall only be filed if both independent professionals who evaluate the person pursuant to subdivision (e) concur that the person meets the criteria for commitment specified in subdivision (d). The professionals selected to evaluate the person pursuant to subdivision (g) shall inform the person that the purpose of their examination is not treatment but to determine if the person meets certain criteria to be involuntarily committed pursuant to this article. It is not required that the person appreciate or understand that information.

(g) Any independent professional who is designated by the Director of Corrections or the Director of Mental Health for purposes of this section shall not be a state government employee, shall have at least five years of experience in the diagnosis and treatment of mental disorders, and

83

shall include psychiatrists and licensed psychologists who have a doctoral degree in psychology. The requirements set forth in this section also shall apply to any professionals appointed by the court to evaluate the person for purposes of any other proceedings under this article.

(h) If the State Department of Mental Health determines that the person is a sexually violent predator as defined in this article, the Director of Mental Health shall forward a request for a petition to be filed for commitment under this article to the county designated in subdivision (i). Copies of the evaluation reports and any other supporting documents shall be made available to the attorney designated by the county pursuant to subdivision (i) who may file a petition for commitment in the superior court.

(i) If the county's designated counsel concurs with the recommendation, a petition for commitment shall be filed in the superior court of the county in which the person was convicted of the offense for which he or she was committed to the jurisdiction of the Department of Corrections. The petition shall be filed, and the proceedings shall be handled, by either the district attorney or the county counsel of that county. The county board of supervisors shall designate either the district attorney or the county counsel to assume responsibility for proceedings under this article.

(j) The time limits set forth in this section shall not apply during the first year that this article is operative.

(k) If the person is otherwise subject to parole, a finding or placement made pursuant to this article shall not toll, discharge, or otherwise affect the term of parole pursuant to Article 1 (commencing with Section 3000) of Chapter 8 of Title 1 of Part 3 of the Penal Code.

*(l) Pursuant to subdivision (d), the attorney designated by the county pursuant to subdivision (i) shall notify the State Department of Mental Health of its decision regarding the filing of a petition for commitment within 15 days of making that decision.*

SEC. 27. Section 6604 of the Welfare and Institutions Code is amended to read:

6604. The court or jury shall determine whether, beyond a reasonable doubt, the person is a sexually violent predator. If the court or jury is not satisfied beyond a reasonable doubt that the person is a sexually violent predator, the court shall direct that the person be released at the conclusion of the term for which he or she was initially sentenced, or that the person be unconditionally released at the end of parole, whichever is applicable. If the court or jury determines that the person is a sexually violent predator, the person shall be committed for two years *an indeterminate term* to the custody of the State Department of Mental Health for appropriate treatment and confinement in a secure facility designated by the Director of Mental Health, and the person shall not be kept in actual custody longer than two years unless a subsequent extended commitment is obtained from the court incident to the filing of a petition for extended commitment under this article or unless the term of commitment changes pursuant to subdivision (e) of Section 6605. Time spent on conditional release shall not count toward the two-year term of commitment, unless the person is placed in a locked facility by the conditional release program, in which case the time in a locked facility shall count toward the two-year term of commitment. The facility shall be located on the grounds of an institution under the jurisdiction of the Department of Corrections.

SEC. 28. Section 6604.1 of the Welfare and Institutions Code is amended to read:

6604.1. (a) The two-year *indeterminate* term of commitment provided for in Section 6604 shall commence on the date upon which the court issues the initial order of commitment pursuant to that section. The initial two-year term shall not be reduced by any time spent in a secure facility prior to the order of commitment. For any subsequent extended commitments, the term of commitment shall be for two years commencing from the date of the termination of the previous commitment.

(b) The person shall be evaluated by two practicing psychologists or psychiatrists, or by one practicing psychologist and one practicing psychiatrist, designated by the State Department of Mental Health. The provisions of subdivisions (c) to (i), inclusive, of Section 6601 shall apply to evaluations performed for purposes of extended commitments. The rights, requirements, and procedures set forth in Section 6603 shall apply to extended *all* commitment proceedings.

SEC. 29. Section 6605 of the Welfare and Institutions Code is amended to read:

6605. (a) A person found to be a sexually violent predator and committed to the custody of the State Department of Mental Health shall have a current examination of his or her mental condition made at least once every year. *The annual report shall include consideration of whether the committed person currently meets the definition of a sexually violent predator and whether conditional release to a less restrictive alternative or an unconditional release is in the best interest of the person and conditions can be imposed that would adequately protect the community. The Department of Mental Health shall file this periodic report with the court that committed the person under this article. The report shall be in the form of a declaration and shall be prepared by a professionally qualified person. A copy of the report shall be served on the prosecuting agency involved in the initial commitment and upon the committed person.* The person may retain, or if he or she is indigent and so requests, the court may appoint, a qualified expert or professional person to examine him or her, and the expert or professional person shall have access to all records concerning the person.

(b) The director shall provide the committed person with an annual written notice of his or her right to petition the court for conditional release under Section 6608. The notice shall contain a waiver of rights. The director shall forward the notice and waiver form to the court with the annual report. If the person does not affirmatively waive his or her right to petition the court for conditional release, the court shall set a show cause hearing to determine whether facts exist that warrant a hearing on whether the person's condition has so changed that he or she would not be a danger to the health and safety of others if discharged. The committed person shall have the right to be present and to have an attorney represent him or her at the show cause hearing. *If the Department of Mental Health determines that either: (1) the person's condition has so changed that the person no longer meets the definition of a sexually violent predator, or (2) conditional release to a less restrictive alternative is in the best interest of the person and conditions can be imposed that adequately protect the community, the director shall authorize the person to petition the court for conditional release to a less restrictive alternative or for an unconditional discharge. The petition shall be filed with the court and served upon the prosecuting agency responsible for the initial commitment. The court, upon receipt of the petition for conditional release to a less restrictive alternative or unconditional discharge, shall order a show cause hearing at which the court can consider the petition and any accompanying documentation provided by the medical director, the prosecuting attorney or the committed person.*

(c) If the court at the show cause hearing determines that probable cause exists to believe that the committed person's diagnosed mental disorder has so changed that he or she is not a danger to the health and safety of others and is not likely to engage in sexually violent criminal behavior if discharged, then the court shall set a hearing on the issue.

(d) At the hearing, the committed person shall have the right to be present and shall be entitled to the benefit of all constitutional protections that were afforded to him or her at the initial commitment proceeding. The attorney designated by the county pursuant to subdivision (i) of Section 6601 shall represent the state and shall have the right to demand a jury trial and to have the committed person evaluated by experts chosen by the state. The committed person also shall have the right to demand a jury trial and to have experts evaluate him or her on his or her behalf. The court shall appoint an expert if the person is indigent and requests an appointment. The burden of proof at the hearing shall be on the state to prove beyond a reasonable doubt that the committed person's diagnosed mental disorder remains such that he or she is a danger to the health and safety of others and is likely to engage in sexually violent criminal behavior if discharged.

(e) If the court or jury rules against the committed person at the hearing conducted pursuant to subdivision (d), the term of commitment of the person shall run for a *an indeterminate* period of two years from the date of this ruling. If the court or jury rules for the committed person, he or she shall be unconditionally released and unconditionally discharged.

(f) In the event that the State Department of Mental Health has reason to believe that a person committed to it as a sexually violent predator is no longer a sexually violent predator, it shall seek judicial review of the person's commitment pursuant to the procedures set forth in Section 7250 in the superior court from which the commitment was made. If the superior court determines that the person is no longer a sexually violent predator, he

# TEXT OF PROPOSED LAWS ★ ★ ★

or she shall be unconditionally released and unconditionally discharged.

SEC. 30. Section 6608 of the Welfare and Institutions Code is amended to read:

6608. (a) Nothing in this article shall prohibit the person who has been committed as a sexually violent predator from petitioning the court for conditional release ~~and subsequent~~ *or an* unconditional discharge without the recommendation or concurrence of the Director of Mental Health. If a person has previously filed a petition for conditional release without the concurrence of the director and the court determined, either upon review of the petition or following a hearing, that the petition was frivolous or that the committed person's condition had not so changed that he or she would not be a danger to others in that it is not likely that he or she will engage in sexually violent criminal behavior if placed under supervision and treatment in the community, then the court shall deny the subsequent petition unless it contains facts upon which a court could find that the condition of the committed person had so changed that a hearing was warranted. Upon receipt of a first or subsequent petition from a committed person without the concurrence of the director, the court shall endeavor whenever possible to review the petition and determine if it is based upon frivolous grounds and, if so, shall deny the petition without a hearing. The person petitioning for conditional release and unconditional discharge under this subdivision shall be entitled to assistance of counsel.

(b) The court shall give notice of the hearing date to the attorney designated in subdivision (i) of Section 6601, the retained or appointed attorney for the committed person, and the Director of Mental Health at least 15 court days before the hearing date.

(c) No hearing upon the petition shall be held until the person who is committed has been under commitment for confinement and care in a facility designated by the Director of Mental Health for not less than one year from the date of the order of commitment.

(d) The court shall hold a hearing to determine whether the person committed would be a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior due to his or her diagnosed mental disorder if under supervision and treatment in the community. If the court at the hearing determines that the committed person would not be a danger to others due to his or her diagnosed mental disorder while under supervision and treatment in the community, the court shall order the committed person placed with an appropriate forensic conditional release program operated by the state for one year. A substantial portion of the state-operated forensic conditional release program shall include outpatient supervision and treatment. The court shall retain jurisdiction of the person throughout the course of the program. At the end of one year, the court shall hold a hearing to determine if the person should be unconditionally released from commitment on the basis that, by reason of a diagnosed mental disorder, he or she is not a danger to the health and safety of others in that it is not likely that he or she will engage in sexually violent criminal behavior. The court shall not make this determination until the person has completed at least one year in the state-operated forensic conditional release program. The court shall notify the Director of Mental Health of the hearing date.

(e) Before placing a committed person in a state-operated forensic conditional release program, the community program director designated by the State Department of Mental Health shall submit a written recommendation to the court stating which forensic conditional release program is most appropriate for supervising and treating the committed person. If the court does not accept the community program director's recommendation, the court shall specify the reason or reasons for its order on the record. The procedures described in Sections 1605 to 1610, inclusive, of the Penal Code shall apply to the person placed in the forensic conditional release program.

(f) If the court determines that the person should be transferred to a state-operated forensic conditional release program, the community program director, or his or her designee, shall make the necessary placement arrangements and, within 21 days after receiving notice of the court's finding, the person shall be placed in the community in accordance with the treatment and supervision plan unless good cause for not doing so is presented to the court.

(g) If the court rules against the committed person at the trial for unconditional release from commitment, the court may place the committed person on outpatient status in accordance with the procedures described in Title 15 (commencing with Section 1600) of Part 2 of the Penal Code.

(h) If the court denies the petition to place the person in an appropriate forensic conditional release program or if the petition for unconditional discharge is denied, the person may not file a new application until one year has elapsed from the date of the denial.

(i) In any hearing authorized by this section, the petitioner shall have the burden of proof by a preponderance of the evidence.

(j) If the petition for conditional release is not made by the director of the treatment facility to which the person is committed, no action on the petition shall be taken by the court without first obtaining the written recommendation of the director of the treatment facility.

(k) Time spent in a conditional release program pursuant to this section shall not count toward the term of commitment under this article unless the person is confined in a locked facility by the conditional release program, in which case the time spent in a locked facility shall count toward the term of commitment.

SEC. 31. Intent Clause

It is the intent of the People of the State of California in enacting this measure to strengthen and improve the laws that punish and control sexual offenders. It is also the intent of the People of the State of California that if any provision in this act conflicts with any other provision of law that provides for a greater penalty or longer period of imprisonment the latter provision shall apply.

SEC. 32. Severability Clause

If any provision of this act, or part thereof, is for any reason held to be invalid or unconstitutional, the remaining provisions shall not be affected, but shall remain in full force and effect, and to this end the provisions of this act are severable.

SEC. 33. Amendment Clause

The provisions of this act shall not be amended by the Legislature except by a statute passed in each house by rollcall vote entered in the journal, two-thirds of the membership of each house concurring, or by a statute that becomes effective only when approved by the voters. However, the Legislature may amend the provisions of this act to expand the scope of their application or to increase the punishments or penalties provided herein by a statute passed by majority vote of each house thereof.

## PROPOSITION 84

This initiative measure is submitted to the people in accordance with the provisions of Article II, Section 8, of the California Constitution.

This initiative measure adds sections to the Public Resources Code; therefore, new provisions proposed to be added are printed in *italic type* to indicate that they are new.

### PROPOSED LAW

SECTION 1. Division 43 is added to the Public Resources Code, to read:

*DIVISION 43. THE SAFE DRINKING WATER, WATER QUALITY AND SUPPLY, FLOOD CONTROL, RIVER AND COASTAL PROTECTION BOND ACT OF 2006*

CHAPTER 1. GENERAL PROVISIONS

*75001. This Division shall be known and may be cited as the Safe Drinking Water, Water Quality and Supply, Flood Control, River and Coastal Protection Bond Act of 2006.*

*75002. The people of California find and declare that protecting the state's drinking water and water resources is vital to the public health, the state's economy, and the environment.*

*75002.5. The people of California further find and declare that the state's waters are vulnerable to contamination by dangerous bacteria, polluted runoff, toxic chemicals, damage from catastrophic floods and the demands of a growing population. Therefore, actions must be taken to ensure safe drinking water and a reliable supply of water for farms, cities and businesses, as well as to protect California's rivers, lakes, streams, beaches, bays and coastal waters, for this and future generations.*

*75003. The people of California further find and declare that it is*