**E-filed 10/17/07**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>THE DEPARTMENT OF CORRECTION, et al.,<br><br>　　　　　Defendants. | Case Number C-07-5117 JF<br><br>ORDER[1] STAYING PROCEEDINGS<br><br>[re: docket no. 1] |

## I. DISCUSSION

Plaintiff seeks to restrain Defendants from enforcing Cal. Penal Code §3003.5(b) and (c) as amended by the Sexual Predator Punishment and Control Act ("SPPCA"), also known as "Jessica's Law." These provisions prohibit any person required to register as a sex offender pursuant to Cal. Penal Code §290 from living within 2,000 feet of a school or park where children regularly gather. Additionally, such persons are monitored by a global positioning system ("GPS"). The SPPCA went into effect on November 8, 2006. Courts have determined that the SPPCA does not have retroactive effect, meaning that sex offenders released from

---

[1] This disposition is not designated for publication and may not be cited.

custody prior to the enactment of the SPPCA are not subjected to its provisions.  *See Doe v. Schwarzenegger*, 476 F.Supp.2d 1178, 1180-81 (E.D.Cal. 2007).  Plaintiff's application for a temporary restraining order asserts that this law is being given impermissible retroactive effect as to him.  He seeks to enjoin Defendants from enforcing the residency restriction provision of the SPPCA; he does not challenge the GPS monitoring requirement.

On September 19, 2007, the Court ordered Defendants to show cause why relief should not be granted.  Defendants responded by requesting that the Court stay the instant case in light of *In re E.J., S.P., J.S., K.T*, filed October 4, 2007 and now pending before the California Supreme Court.  Defendants also assert that Plaintiff was released from incarceration on or after the SPPCA's effective date and that accordingly the SPPCA applies to him in any event.

Plaintiff was charged, convicted, sentenced and released with respect to a sex crime prior to the enactment of the SPPCA.  Because he served time for a rape conviction, Plaintiff was required to register as a sex offender pursuant to Penal Code section 290.  However, Plaintiff repeatedly failed to register his address, and as a consequence on at least three occasions was sentenced to county jail and probation.  In 2005, while still on probation, Plaintiff was arrested and subsequently convicted of possession of methamphetamine and using or being under the influence of methamphetamine.  Plaintiff's probation for his previous failure to register was revoked, and Plaintiff was sentenced to thirty-two months in state prison.  Plaintiff was not released from prison until after the effective date of the SPPCA.  Thus, while Plaintiff was charged with rape prior to the enactment of the SPPCA, he was returned to prison for a probation violation related to that crime and was serving time for that violation at the time the SPPCA was enacted.  Under these circumstances, there remains a legal question as to whether the SPPCA is being applied retroactively to Plaintiff.

In light of the foregoing facts, the Court agrees with Defendants that the instant case should be stayed pending the decision of the California Supreme Court in *In re E.J., S.P., J.S., K.T*.

## II.  ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the instant case is stayed pending the decision of the California Supreme Court decision in *In re E.J., S.P., J.S., K.T.*

IT IS SO ORDERED.

DATED: October 17, 2007

_____
JEREMY FOGEL
United States District Judge