IN PRO PER
John Doe
3030 Monterrey Rd. rm. 127
(408 ) 401-5994

FILED

2007 DEC 26   A 9 28

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHEN DRISTRICT OF CALIFORINA

JOHN DOE

      Plaintiff

case #. <u>CV-07-05117 JF</u>

v.

THE DEPARTMENT OF CORECTIONS
AND REHABILITATION
CALIFORNIA ATTORNEY GENERAL
JERRY BROWN.

      Defendant
_____/

TRO/OSC WHY RELIEF SHOULD
NOT BE GRANTED
A MATTER OF JURISDICTION.
MOTION FOR RECONCIDERATION
PURSUANT TO A WRIT OF
HABEAS CORPUS

## I.

## INTRODUCTION

    It is of great importance to bring to this court a subject mater of Jurisdiction in

Civil Local Rule 3-5 (a) Prays to this court for a Motion for Reconsideration Under

Civil local Rule 7-9.( Since the first motion was never heard old case no. # C 07-04756-

PVT.) but filed on 9/ 26/2007, pursuant to Habeas Corpus that plaintiff bring (s) forward

the SPPCA (S) Penal Code 3003.5 language once again. THE COURT is authorized to

issues an injunction or temporary restraining order pursuant to a Writ of Habeas corpus. "

Inherent in the power to issues the writ of habeas corpus is the power to fashion a remedy

for deprivation of any fundamental right which is cognizable in habeas corpus "

(in re Crow (1971) 4 Cal.3d 613, 620 n.7 [citing Penal Code 1484].)

    That plaintiff has suffered. As a irreducible minimum, Article 111 of the U.S.

1.

Constitution requires plaintiff [s] to have suffered actual or threatened injury that is cause by a defendant putatively, illegal conduct, and that can be readdressed by a favorable court ruling Lujan v. Defendants of wild life, 504 U. S. 555, 550-61 (1992) A miscarriage of justice with prejudice in that while plaintiff was waiting to receive a response to the injunction for a Temporary Restraining Order, and Order To Show Cause why the Department of Corrections, and Rehabilitation should be enjoined from enforcing the new SPPCA.P. C. 3000.5 On September 17, 2007 plaintiff filed a document entitled " T.R.O/ O.S. C. C V -07-05117 J F why relief should not be granted naming as defendants C D C R and the California Attorney General. On September 19, 2007 this Honorable Justice Fogel ruled that plaintiff had not made a sufficient factual showing to warrant entry of a temporary restraining order at that junction Order to show cause, E- filed 9/19/07 ("OSC") At 1;23-25 However construing Plaintiff 's pleadings liberally in light of his pro se status, this court stated that with respect to the residency restriction it appears that plaintiff may be attempting to allege that The SPPCA is being giving impermissible retroactive effect as to him." id. At 1;26-2;1. Here the plaintiff prays that plaintiff has shown that SPPCA is being applied to him Retroactively with prejudice.

In order to have standing plaintiff would have to bring this constitutional challenge in that SPPCA is imposed on him. Plaintiff request this court to address this issue sua sponte Fleck and Assocs., Inc. v. Phoenix , city of an Arizona mun. Corp. 471 F. 3d 1100, 1107 n 4. ( 9 th cir. 2000 ) The Defendants added this case to the habeas corpus in re E.J., S.P., J.S., K.T and wrote it in their 392.07 PLE TRO Opposition RJN. wpd also, and that cause plaintiff to fall short of his pro se litigation status for which this court granted Rule 9 (b) of the civil procedure and Plaintiff believes that the defendants on more then two

2.

separate occasions Of their brief miss represented plaintiff with prejudice and doing so cause plaintiff harm thus Denying plaintiff his equal right and due process has those first John Doe (s) had the right to enjoin the Department of Corrections and Rehabilitation from enforcing the provision of the SPPCA.

Which does clearly affect plaintiff, once again in Doe v. Schwarzenegger case no # 2: 06-cv02521-LLK-GGH pg. 10 ln. 10 thru 21 in re Castellaos. In so ruling the court necessarily assumed that the law did not applied to the plaintiff ( who had committed his offense prior to the laws passage ) but as here the law contained no express retroactivity provision once again the courts declare plaintiff, who had committed his offense prior to the laws passage holds no standing for SPPCA. Since it is written as perspective not retroactive. Also on pg. 10 ln. 18 thru pg.11 ln. 5 the Department of Corrections and rehabilitation have already taken the position of creating flag zone where plaintiffs are remove from and cannot relocate to. ( *Id* .at 9 Exh. B at 000027. ) Here the Courts have claimed that was bordering on frivolous.

Finally plaintiffs argue that even if the SPPCA dose not currently apply to them, at least some of the defendants will attempt to enforce the law once plaintiff relocates to another residence within 2000 feet of school, or parks where children regularly gather. This interpretation of the law which only the Attorney General has advanced, borders on frivolous. The SPPCA makes absolutely no distinction between sex offenders currently residing within 2000 feet zone, and those who latter relocate within such an area.

Plaintiff prays that this court acknowledge both the cases(s) previously writing on paper Doe v. Schwarzenegger #2:06 -cv-02521-LLK-GGH, and Doe v. Schwarzenegger case no. # 3 06-cv-o6968-GSW, as being the legal bases's that plaintiff is not attempting to

3.

show that plaintiff's liberty and constitutional rights have been suffered and violated, but has shown herein. SPPCA is being applied to plaintiff, and has suffered unnecessary burdens and constitutional violations.

1. A combination of probable success on the merits, and possibility of irreparable injury, or

2. That serious question are raised and the balance of hardship tips sharply in favor of the moving party . Southwest Voters registration Educ. Project v. shelley, 344 F. 3d 914, 917 ( 9 th cir.2003); Dr.Seuss v.Penguin Books U S A Inc.109 F. 3d 1394, 1397 n. 1 ( 9 th cir.1997) These standards "are " not separate test but the outer reaches of a singel continuum. "int' I Jensen, inc. v. metro sound U. S. A. , 4 F, 3d819, 822 ( 9th cir. 1993) (citation omitted) as the probability of success  on the merits decreases, the degree of irreparable harm must increase. Big county Foods, inc. v. Bd of Educ. Of the Anchorage sch. Dist, 868 F 2d 1085, 1088 ( 9 th cir. 1989 ). Under either formulation, the court must find that there is significant treat of irreparable injury, regardless of the magnitude of injury. Id.

Plaintiff is now residing in a motel with daughter because of defendants false statements that plaintiff suffered another violation after SPPCA went into effect, and adding plaintiff to their brief without plaintiff knowledge or consent.


## II.


## ARGUMENT

(1.) Since plaintiff had to relocate from a residence that has been lived in by plaintiff for over 30 years since its plaintiffs mothers owned house, and who's plaintiffs daughter

4.

lives with plaintiff since she was 1 years old and since plaintiff has sole, and physical

custody from the courts. Please see custody papers case number C P 000627.

Now plaintiff, and his daughter along with plaintiffs granddaughter are living in

motels. Plaintiffs mother only agreed to have plaintiffs daughter there since she was 15

years old and pregnant and that plaintiff was going to prison for a violation of H. S. Code

11377, and since plaintiff has been an asset to the maintenance and physical assistance to a

handicap brother who is legally blind since birth, it was appropriate for both plaintiff and

his daughter to reside at that residence.

plaintiff is no longer incarcerated and is able to continue to provide for his

daughter she too must move from residence since there is one persons residing in that

residence that is handicap one is a senor citizen, and the other was plaintiff's nephew and

plaintiff's mother; Now there is no able body person to help around the house.

Plaintiffs nephew is also on medication for bipolar he is not able to perform duties

that need to be performed  on a daily basses. Please see letter from plaintiff's mother.

( 2. ) In 2003 a business was formed by plaintiff to try and get his life back on

Track (Nanas Novelties, named after plaintiffs daughter that plaintiff has custody of at the

residence the plaintiff was removed from. Business no S R G H 100-322675 and a N.S.M.A.

certified member no# 22312721- 68) in good standing.

Has all equimptment and resoruces to continue his privlege to proceed in pro se.

Which has now been hindered since plaintiff can not afford to use or purchased other

equimptment and that businesses that allow printing of documents and computer use is

costly, and plaintiff is no loger able to use these resources. since all moneys are going to

5.

motel payments  please see receipts for plaintiff motel and to daughter and grand daughters situation.

(3.) the Department of Correction and Rehabilitation along with the defendant have taken information from 20 years ago from a complaint that plaintiff was not charged with and are holding plaintiff to suffer a burden of denying plaintiffs equal protection, and due process right. To enjoy the same privilege that the first John Doe's have had see Doe v. Schwarzenrgger case no # 2:06-cv-02521-LKK-GGH and in case # C06-06968 JSW. Docket no. 19 at pg 4-6; and Docket # 21.at 3  plaintiff has the same situation as them. In that the conviction for which registration is required is a result of a single conviction stemming from 27 years old and the P.C. section 261 is 20 years old and plaintiff was never charged with or convicted of  that crime in fact in the interest of justice and while still on parole plaintiff was returned back to the jurisdiction of the Department of Corrections and Rehabilitation, and was given a 1 year violation. PLEASE see pg 37.(*) and the case was dismissed, and never moved forward, a violation of the Double jeopardy clause since its been 20 years ago that plaintiff had suffered a violation and was never charged with.

It has been those conditions of parole that plaintiff had successfully fulfilled, it's those conditions of parole that plaintiff suffer no other obligation except to register for life From the conviction in 1990.

It's those conditions that plaintiff has to still be obligated to register under annually (Yearly ), and not as a high risk that is required to register every 90 days except transient status which is every 30 days.

It's been those conditions that were changed. to registers under P.C. section 290 is for life.

6.

It's been those guidelines from the requirement to register as P C 290. From that single conviction in 1990, and latter P. C. 290 was revised to read retroactive. It was the intention, and interpretation of the Legislature to add the retroactive amendment to P. C. 290.

However here in the whole language of the SPPCA the intent, is not retroactive so on its face standing alone SPPCA is perspective and not retroactive. Tapia v. superior court. 53 Cal 3d 282. 287 (1991) Also see Evangelatos v. superior court 44 Cal. 3d 1188, 1193-94 (1988 ) this legal prenicple is embodied specifically, in both the California civil, and criminal code's see cal. Civil. Code Section 3 ( no part of it is Retroactive unless expressly so declared ) Cal. crim code section 3. (same), and Evangelators, 44 cal. 3d at 287, but had the intent been to write retroactive in this bill the legislators should have done so without causing any confusion, however, that was not done here for SPPCA. See Evangelatos v. Superior Court of Los Angelas county 44 cal.3d. 1188, 1207 (1988 ), and even in 2007 the only requirement to registered is annually also upon sentencing of H.S. code 11377 in 2005 after seeking an appeal for additional credits per P. C. section 4019. the sixth Appellate court concluded that plaintiff's conviction was only one strike and that the lower courts must amend the abstract of judgment to read one strike. Which goes along with the conviction for thirty two month in prison at 80% which is only for serious felonies. It's those conditions of the prior language of penal code section 290 that plaintiff has been following since plaintiff 's release from prison in 1995, and a violation in 1987. And now in 2007 its this new SPPCA conditions that plaintiff is subject to. It's those condition that were successfully discharged. Because of the prior conviction and P.C. 261 that was never charged or convicted (20) years ago. In prior conviction plaintiff was only on

7.

parole for a year and was not burden with G P S or restricted from his residence that plaintiff has lived for more then 30 years, With three of his children now plaintiff cannot watch his family at ball games that are played in the parks or attend school functions that plaintiff was a big part of, and was never a threat to society until this new SPPCA was enacted that plaintiff has to suffer this additional burden of SPPCA that shouldn't be allowed. Please see extra condition for parole (Washington v. Glucksberg (1997) 521 U. S. 702 [Kennedy, J., concurring]; Moore v. East Cleveland (1977) 431 U.S. 494.) In Cleveland Board of Education v. LaFleur (1974) 414 U.S. 632, 639-640 the Courts held that " freedom of personal choice in matters of ... family life is one of liberties protected by the Due Process clause of the Fourteenth Amendment allowed. Fourteenth amendment liberty includes the right to live and work where [ one ] will.

Please see high control guidelines from the parole department Plaintiff has been subject to SPPCA; Plaintiff has completed and discharged those conditions of parole to be discharged from that commitment of incarceration in 1990 was discharge after that arrest in (1987 ) without being charged as per the 8th and 14th amendment of the constitution, an indictment of P. C. 261. That was dropped, and latter dismissed. Double jeopardy protection . When double protection ends. Acquittals, dismissal, and more. Determines when jeopardy terminates is no less important then determining when it begins. but it is a little more complicated. Once jeopardy has terminated The Government cannot detain someone for additional court proceedings on the same matter without raising double jeopardy questions.

If jeopardy does not terminate at the conclusion of one proceeding, jeopardy is said to be continuing and future criminal proceeding are permitted. Jeopardy can

8.

terminate in four instances (1) after acquittal, (2). Dismissal, (3). A mistrial, (4) an Appeal after conviction.

Here plaintiff believes that while on parolee in 2007 for a violation of H. S. code 11377 which was mitigated. To be put a second time in jeopardy for the same violation suffered 27 years ago also is a grossly disproportionate sentence since part of this parolee is for SPPCA which was added by the Department of Corrections and Rehabilitation, and since on parolee if plaintiff dose not comply to any SPPCA, plaintiff is subject to incarceration which was not part of his sentence ( also see high control conditions 5pgs)

This power should  be the jurisdiction of the courts to impose those new provision of SPPCA without denying any person due process and equal protection, The conditions of parole in 2007 was for a mitigated conviction of H. S. code 11377. And SPPCA was for the prior aggravated conviction that has already been fulfilled and completed, thus these condition of SPPCA are of a greater, and stricter condition of a sentence for a prior commitment 27 years ago,  see Collins v. Youngblood (1990) 497 U. S. 37 , 42 [quoting Beazell v. Ohio (1925) 269 U. S. 167, 169-170].)

Also for the information, and no charge or conviction 20 years ago that both defendants, and their attorneys are holding against plaintiff . The conditions have no relationship to petitioners Prior offenses. In People v. Kiddoo (1990) 225 Cal. App. 3d 922,

Plaintiff argues that SPPCA which should be impose by the courts and was enacted by the legislators, and the jurisdiction to add a particular sentence  to an already served  conviction is a violation of the  8 th Amendment of the United States. Solem, supra, at 288,303, see also weems, 217 U.S. at 371 (eighth amendment prohibits greatly disproportioned sentence) ; Coker Supra, at 592 (eighth Amendment prohibits "grossly

9.

disproportionate sentence); Rummel, supra at 271 (same).

Plaintiff argues that his sentence was for a mitigated conviction of violation of H. S. Code 11377. Was sentence to 32 months and 3 years on parole with the possibility of being discharged from parole after one year, and must continue in drug and alcohol recovery programs.

However since the imposition of SPPCA has been enacted does affect plaintiff Now, Plaintiff is burden with those requirements thus SPPCA was added as a condition of a sentence from the Department of Corrections and Rehabilitation without any court procedures to such.

Here in the prior case for P.C. 261 . plaintiff was sent back to prison for a violation, and the case was Dismissed in 1988 .

Now defendant, and the Department of Corrections and Rehabilitation are holding plaintiff from exercise his eighth and fourteenth amendment rights, are in violation of the plaintiff double jeopardy protection, and due process that would allow plaintiff the same privilege that those first John Does enjoy.

U.S. constitution fifth amendment - No person shall be held to answer for a capital or otherwise infamous crime, unless on a presentment, or indictment of a grand jury, except in case arising in the land on naval forces or in the militia when actual service in time of war or public danger, nor shall any person be subject for the same offense to be Twice put in jeopardy of life or limb, nor shall be compelled in any criminal case to be witness against himself, nor be deprived of life, liberty or property without Doe Process of law (in part). Also in the turner's case, 89 Eng. Rep 158 the rule was embodied in defensive pleas of four men convicted or formal acquittal.

10.

Although the please did not jeopardy, Blackstone commented that they were based on the universal maxim that no man is to be brought into jeopardy of his life more then once for the same offense 4w. Blackstone, commentaries *335. See generally J.Sigle Double jeopardy 1-37. (1969) plaintiff was sent back to prison for a violation and completed his term of parole 20 years ago, and again is subject to the prior violation and imposed upon with SPPCA. A new law that brings up his priors again to be in jeopardy of life, and Liberty, A second time. For a crime unrelated to this mitigated conviction .People v. Dominuez, (1967) 256 cal. App. 2d 623, 627-28; people v. Bauer (1989) 211 Cal. App. 3d 937, 942 [ citing people v. lent (1975) 15 Cal.3d 481, 486;

Plaintiff has been deprived to live with family and [my ] home where plaintiff has raised his children plaintiff, has four children, two teenagers, Both female and two minors both boys but has only one that plaintiff has custody of from 1989.

(4) in the brief filed by the defendants attorney. (T R O/ O S C) Case NO: CV-07-05117 JF. plaintiff notice error (s) in there writings, on pg 9 starting at line 7. Plaintiff [me] cites Doe v.Schwarzenegger, 476 F. Supp. 2d 1178 (E. d. Cal.2007) arguing that SPPCA dose not apply to him [ me ]That case was distinguishable because it involves plaintiffs who have been released from incarceration before the SPPCA took effect. Based on that fact the state took the position that the SPPCA did not reach those plaintiffs and the district court agreed.  On the contrary John Doe v. Schwarzenegger Case no # CIV,S-062521 LKK/GHH 2/22/07 Pg 1. Line (s) 17 thru 23  the courts find that the law has only prospective effect and is there for inapplicable to plaintiff. Plaintiff challenges the constitutionality of the sexual predator punishment and control act which imposes P.C.3003.5 residency restriction and P. C. 3004 GPS monitoring on registered sex

11.

offenders. Pending before the courts is plaintiff(s) motion for a preliminary injunctions. The courts resolves the matter on parties paper, and after oral argument.

For the reason set fourth below, the court finds that the law has only prospective effect, and is therefore inapplicable to plaintiff (s) on the same page, on lines 25 and 26 ... by perspective effect the courts means that the law dose not apply to Person's ( convicted prior ) to the effected date of the ... pg 2 in. 25 -26 ...statute, and who were released from incarceration prior to that date.

The Court expresses no oppion upon the laws effect as to anyone else. Also on page 2. Both John Doe (s) had several Felonies that required them to register under P. C. 290 and also had mitigated violations for registering and both of their commitments were priors over 15 years ago. and the first John Doe agreed to the terms of SPPCA as part of his release and parole. ( plaintiff herein has the same situation except never agreed or was aware of this new law, and all convictions are from 27 years ago. ) So here the courts claimed that SPPCA did not pertain to plaintiff since his conviction was before SPPCA was enacted even if plaintiff was convicted before, and released after the SPPCA went into effect and plaintiff has suffer no new violation for any reason.

During this period of parole for which plaintiff was sentenced on a violation of H. S. code 11377, Plaintiff should have the same privilege as those first John Does .Also here on pg 9 ln.11 thru 23 the defendants again errored in their statement that violated the right to enjoy plaintiff liberty from the SPPCA law. It reads plaintiff was charged convicted sentenced, and released with respect to a sex crime prior to the enactment of SPPCA. Because he served time for a rape conviction, Plaintiff was required to register as a sex Offender pursuant to penal code section 290. (27 years ago.)

12.

However plaintiff was required to register his address, and as a consequence on at least three occasions was sentenced to county jail and probation. In 2005, while still on probation plaintiff was arrested, and subsequently convicted of possession of methamphetamine, and using or being Under the influence of methamphetamine. Plaintiff's probation for his failure to register was revoked, and plaintiff was sentenced to thirty-two months in state prison. Plaintiff was not released from prison until after the effected date of the SPPCA .( thus while plaintiff was charged with rape prior to the enactment of the SPPCA, (27 years ago, ) he was retuned to prison for a probation violation related to that crime and was serving time for that violation at the time the SPPCA was enacted Under these circumstances, there remains a legal question as to whether the SPPCA is being applied retroactively to plaintiff.) this statement is "too" an error and erroneous in that if plaintiff had been incarcerated for a violation in relation to any crime after SPPCA was enacted Plaintiff would Still be incarcerated, and has not suffered no new violation and all violations are over 20 to 27 years ago. And all probation violation were for drugs, and mitigated violations of P. C. section 290.over 20 years ago.

(5) plaintiff also fells that cruel and unusual punishment applies here since The Department of Corrections and Rehabilitation has removed plaintiff from his residence without any provisions that otherwise inmates who under the jurisdiction of the Department of Corrections  and Rehabilitation who are incarcerated in jails and institutions are provided with, Here plaintiff should not be liable since the jurisdiction lies on the shoulders of the Department of Correction and Rehabilitation and short of being incarcerated all provisions are not being applied to plaintiff but are plaintiffs responsibility to accommodate for this added burden See C D C 1502-3 (0805) CHARGE REPORT that is

13.

unfair and unjust to plaintiff without Due process and equal protection and it is for these

reason (s) that plaintiff prays this court will hear this complaint that through out this

whole ordeal the defendants errored in assuming these things so that plaintiff could not

enjoy his right has those other John Does. In the first John Doe 's v. Schwarzenegger. Et

al.case # C06-06968. J. S. W. 490 U. S. 435 ;United States v. Harper appealed from the

United State District Court for the southern district of new York no.87- 1383 (b ) in the

rare case such as the present where a prolific but small gauge - offender previously has

sustained a criminal penalty, and the civil [490 U. S. 435, 436 ] penalty sought in

subsequent proceeding bares no rational relation to the goal over compensating the

government for its loss. But rather appears to qualify as punishment in the plain meaning

of the word. The defendants is entitled to an account of the Government damage and costs

in order to allow the trial court, in its discretion, to determine whether the penalty sought

in fact constitutes a second punishment volatile of the clause and to set the size of the civil

sanction the Government may receive without crossing the line between permissible

remedy, and prohibited punishment. To be removed form one residence without provisions

that are the responsibility of the Department of Corrections and Rehabilitation since

plaintiff is still under their jurisdiction . Even through the language of SPPCA is not

punitive it affects all paroles, thus the consequence for not complying is to be returned

back to prison is punishment especially when the new sanction is of greater liability to be in

prison for priors that have already been fulfilled and now imposed upon plaintiff for a

second time. If [ I ] do not comply will result in  a commitment back to prison, and without

provisions. Is punishment, The new law that makes the punishment for a prior crime more

burdensome violates Ex post facto clause regardless of whether the punishment is enforced

14.

in connection with parole conditions.

(See United States v. Jackson (9 th cir. 1999) 189 F. 820, 824 [people condition arising from change in law after commission of underling offense violates ex post facto clause if the condition is punitive].) In people v. Callejas (2000) 85 Cal. App. 4 th 667, the court determined that the Ex post Facto clause barred the imposition of a parole revocation fine where the underlying offense was committed prior to the enactment of the statute.

Also the fairness and truth of [my] violations not to make light of them but to clear up this error is to explain that in 1994 plaintiff was registered with two addresses since plaintiff left one and returned to [my] primary residence, Plaintiff thought it was ok and needed to register annually on [my] birthday.

[I] did in the past what is required today and because It was not in the willful attempt but because plaintiff was always at [my] residence when [I] was arrested the court found it to be mitigated and was given probation since it was only mitigated and not a willful attempt since plaintiff has always registered at his primary residence but failed to notify the authorities of a secondary residence that plaintiff did not have clothes there but was staying there for longer then the law allowed without registering again that was a mistake on plaintiff part since plaintiff mind was clouded with drugs and not being responsible.

Yes plaintiff was wrong but not because plaintiff was hiding as the defendants claim It was because [ I ] spent too many day's in the motel and more then one week that plaintiff was not in compliance with registering. The second time [I] was released without being instructed as to registering three times during my annual, also reporting to my probation officer, she never told me anything for a whole year.

15.

Plaintiff was released in October registered and did not reregister in November of that year for [ his ] annual since plaintiff was waiting for the next year of his annual to register. (Plaintiff was arrested in front of my residence and not hiding) and was sent to jail [ I ] explained to the courts that [ I ] was instructed to only register once to hold on to my registration form for 5 years and, if [ I ]move [ I ] had 10 days to report. Plaintiff believed this was okay, and was waiting to register annually on his birthday and reporting to probation all that time.

The court reinstated my probation and yes [ I ] relapsed and once again plaintiff was arrested in 2005. Each crime has been mitigated and no serious felonies have been committed for 27 years.

Both Justice White, and Justice Kelton throughout the whole language continued to claim the SPPCA is perspective law and not retroactive. also on the brief filed by the defendants attorneys Case no.# 392.07 PLE TRO opposition wpd.. line 12 thru 15 is yet another error that the defendant(s) claims that plaintiff argues that plaintiff was first released from incarceration before SPPCA tock affect That fact does not help him, because he subsequently violated parole and was incarcerated when the SPPCA took effect on November 8 2007, Thus the SPPCA applies to him. Once again on its face plaintiff claims SPPCA provision clearly states that the SPPCA is indeed prospective law and not retroactive and both justice have agreed that it dose not apply to a conviction prior to the effective date of the SPPCA Law. Also plaintiff has never claimed that he was released before SPPCA was enacted. Plaintiff was convicted before SPPCA was enacted and released after it was enacted. And has suffer no new violation after SPPCA was enacted.

( 6 ) The defendants added this case to the habeas corpus thus dening plaintiff's

16.

opportunity to present [my] case in truth, and in fairness thus violating [my] due process and equal protection. denied the fairness of this injunction. In that plaintiff has not suffer a violation on this term of parole but suffer a violation in prior conviction In 1987 for which plaintiff was sent back to prison for a year in the interest of justice the plaintiff was not charged and, the case had never moved forward. Please see pg. 37( * ) P C 261 It is at the mercy of the court that a reconsideration of this injunction be allowed alone since all elements of the SPPCA fit exactly as those in the first John Doe V. Schwarzenegger Case # 2:06-CV- 02521-LKK-GGH; And that upon talking to the defendant she insisted that she will make a retractions to the errors which as of this day has not been done and also when plaintiff quoted the SPPCA to her she implied we don't care about the descion that the courts have made our position is to go against SPPCA language, that both judges claim is perspective law and she could not decuss any thing else with me its now up to the judge to decide this case.

(7) Also defendant claims that plaintiff waited seven months to complain about the G P S monitor P C 3000.7 that plaintiff has to ware which is also in error plaintiff filed a 602 Inmate / Parole Appeal form and to this date it has not been returned to the plaintiff from Parole Officers supervisor In fact plaintiff appeal was not only for GPS monitoring it was for the whole language of SPPCA .and those priors had been completed.

Plaintiffs C. D. C. Number was discharged so to use the priors against plaintiff a second time is double jeopardy even if SPPCA is not punitive the consequence for not complying is to be returned back to the Department of Corrections and Rehabilitation that is punishment therefore plaintiff is being remove from his residence for the prior (s) suffered over 20-27 years ago since they have been fulfilled and plaintiffs C D C number

17.

has been discharged there should be no added conditions for those priors unless plaintiff had not discharged that number and has not completed [his] conditions of parole for prior commitment. See (Dominquez, 256 Cal.App.2d at 627; Lent,15 Cal.3d at 486; Bauer, 211 Cal.App.3d at 942;In re Stevens, 119 cal. App. 4 th at 1234 [ probation law interpreted the same as parole law] as set forth above, there is a marked absence of any connection between the condition of petitioners' parole and the underlining offence. This new offence be mitigated.

## III

## conclusion

plaintiff has not been in any situation that would be for aggregative felonies and has in the last 18 years only suffered mitigated felonies and because of the language that any person convicted prior to SPPCA enacted dose not apply to them. which is the circumstance here for plaintiff, Plaintiff respectively prays that the SPPCA dose not applies to [me] and this court will agree. In that both Justice claimed that SPPCA in whole is perspective, and not retroactive . Plaintiff was sentenced under H.S. 11377 that crime was mitigated and since plaintiff has been out of prison for 15 years, and has been the sole provider for plaintiff's daughter who also has to care for a granddaughter, and plaintiff only tock a deal for 32  months if [ I ] do not violate these terms of parole plaintiff could be off parole in one year and if [I] do violate the condition of parolee [ I ] will be given an additional 1 year, also plaintiff took a deal for 32 month and 3 years parole with the possibility of being discharge in one year if plaintiff dose not violate his parole, and also a one year extension if plaintiff dose violate his parole. There was no other condition of parole for SPPCA.,

18.

Plaintiff had no ideal of any SPPCA consequence.

The most resent case for H. S. code 11377 a (plea barging ) was agree to by the District Attorney, and plaintiff. SPPCA was not a condition of parole that plaintiff agreed to at sentencing. or was aware of this new law, Until two weeks after release from prison parole. Guidelines for a drug conviction is all plaintiff was obligated to.

Plaintiff never gave up his right to be burden with SPPCA. Under People v. Harris 195 Cal. App.3d 717.240 Cal Rptr.891 [oct 1987 ]. A knowing, and intelligent waiver or right implies that the waiver was entered into with awareness of it consequences.plaintiff prays to this court that the Department of Corrections and Rehabilitation honor the true language of the SPPCA on it face. Case # 3:06-cv-0698- JSW pg. 3 lines 7 thru 9 reads as follows ...what the term "prospective " means in the context of the SPPCA plaintiff argues that prospective means the statue dose not apply to person (s) [me] who were convicted before the SPPCA was enacted.( Docket no.50 at p.6)

The Governor argue's that it applies only to person released after SPPCA affected date. ( Docket no # 55. at p.1-2), and on line 17. Under either the plaintiff or the Governor position the SPPCA clearly dose not apply to plaintiff, and the other court ruling case no # civ,5-06-2521-LKK/GHH pg 1 line 25 By prospective effect the court mean that the law dose not apply to person (s) convicted PRIOR to the effected date of the... (pg. 2) in. 25and 26 ...statue, and who were paroled, giving probation, or release from incarceration prior to that date.

Both interpretation are correct in that, it (s) those interpretation that plaintiff is arguing that plaintiff was convicted before the enactment of SPPCA and has suffer no new violation after the SPPCA was enacted. Plaintiff also prays to this Honorable Justice  to

19.

allow this injunction to include a discovery motion. Discovery Rule 26. ( b ) and that defendants are order to present to this court, and plaintiff documents that support a new violation after the enactment of SPPCA for which the defendant's claim plaintiff falls out of the SPPCA clause.

The SPPCA was enacted into law November 8 2006 not 2008 as defendant's attorney claimed. That plaintiff was convicted in 2005 released in January 11/ 2007 11 months out on parole as of this injunction and if plaintiff had suffer any new violation, plaintiff would still be incarcerated, and perhaps going to trial. It is for these reason that the defendants are acting in prejudice and they deliberate Writing (s) are in error against plaintiff which is illegal ( a felonies in this state) any person found to falsify documents of any legal matter civil or criminal is a felonies. Cal. P.C 112-117, AND POSIBLE P.C. SECTION 132-144., Its this reason plaintiff believes [ I] have shown Standing that the SPPCA is impermissible retroactive, and is being applied to [me] request this honorable judge to reconsider this Injunction, and allow plaintiff to fall out of the SPPCA law for which it is being apply to him, And to his family, to allow plaintiff, his daughter and granddaughter to return to there residence, And no condition of SPPCA be imposed since it was declared perspective.

---

### Plaintiffs request

It is for those reason's above that plaintiff prays to this court that in fairness of the laws, and constitution that the Department of Corrections and rehabilitation be enjoined from enforcing the SPPCA since they are misinterpreting the provisions of the law to continue to impose on plaintiff these statute without due process and equal protection that the first John Doe were allowed to exercise. On all priors over 27 years ago. and that the Department of Corrections and Rehabilitation adhere to the true language of both Justice's that the whole language of SPPCA is perspective law, and dose not apply to them persons who were…

1. Convicted prior to it's statue…
2. Released prior to the enactment, placed on parole, or probation prior to the enactment of SPPCA.

20.

S. 06-CV-06968-65W

ORIGINAL
FILED

IN PROPER

07 SEP 26 AM 10: 32

RICHARD W. WIEKING
U.S. DISTRICT
NO DISTRICT COURT
A S J

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHEN DISTRICT OF CALIFORNIA

JOHN DOE

    PLINTIFF

    V.

THE DEPARTMENT OF CORRECTION
CALIFRONIA ATTORNEY GENERAL
JERRY BROWN.

    DEFENDANT

Case# C 07- 04756- PVT
Motion For Reconsideration
Under Civil Local Rule 7-9

Plaintiff John Doe prays to this court for reconsideration of the desicon to allow the

Department Of Correction. A window of 14 days before considering an Injuntion  to

enjoin defendants from eforcing SPPCA ,and consider (CHARGE REPORT) C D C

1502-B(08/05) BOARD OF PAROLE HEARING. NIC REFERAL

On 08-21 07, Villegas was found to be in violation of State Law.Villegas was served

with a Notice To Comply,and Modified Condition of Parole to move from his non

compliance residence within 45 days of today's date. Villegas understands that if he

dose not comply with AB113 within the time frames he will be returned to custody.

Villegas has signed the MCOP as of this date. August 23rd 2007. The window of 45

days is October 8 th 2007, also ( both attached with first injunction , and also with

this Motion. ). Plaintiff prays that this court acknowledge these two documents as

being the legal bases that plantiff is not atemping but has shown that his liberty as

been sufferd. (1)  A cobination of probable success on the merits and possibility of

irreparable injury , or (2) that serious question are raised and the balance of

hardship tips sharply in favor of the moving party Southwest Voters Registration

Educ.Project v. shelley, 344 F. 3d 914 , 917 (9 th cir.2003); Dr. Seuss. v. Penguin

Books U S A, Inc. 109 F .3d 1394, 1397 n. 1 ( 9 th cir.1997) . These standards " are "

not separate tests but the outer reaches of a singel continuum. "int.' I Jensen , inc. v.

Metrosound U. S. A., 4 F, 3d819, 822(9 th cir.1993) (citation omitted). As the

probability of success on the merit decreases, the degree of irreparable harm must

increase. Big county Foods, inc.v. Bd of Educ.Of the Anchorage sch. Dist, 868 F 2d

1085 , 1088 ( 9 th cir.1989). Under either formulation, the court must find that there

is significant treat of irreparable injury, regardless of the magnitude of injury. Id.

(1 ) one day after plaintiff has to be gone from his life long residence , or be

remanded into custody. (And if sent back to prison plaintiff could not return back

to residence)  Selp 9th 2007 is the Date of this proceeding.

_____
Signature

_____
9/26/07

Pg 30

AT... ... :    WITHOUT ATTORNEY (Name and Address):

EDWARD EUGENE VILLEGAS
3009 WEST BORO DRIVE
SAN JOSE, CA  95127
ATTORNEY FOR (Name) IN PRO PER

TELEPHONE NO.:

(ENDORSED)

FOR COURT USE ONLY

12 27 FH '91

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 170 PARK CENTER PLAZA
MAILING ADDRESS: SAME
CITY AND ZIP CODE: SAN JOSE, CA  95113
BRANCH NAME: SAN JOSE

PLAINTIFF: EDWARD EUGENE VILLEGAS

DEFENDANT: CHARLENE V. GRIJALVA

---

## ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER
### (Domestic Violence Prevention Act - Uniform Parentage Act)

CASE NUMBER: CP000627

THIS ORDER SHALL EXPIRE AT THE DATE AND THE TIME OF THE HEARING SHOWN IN THE BOX BELOW UNLESS EXTENDED BY THE COURT.

To Defendant (name): CHARLENE V. GRIJALVA

**You are ordered to appear in this court at the date, time, and place shown in the box below to give any legal reason why the orders sought in the attached application should not be granted.**

| Date: 3-11-91 | Time: 8:45 | Dept.: | Room: 17 |
|---|---|---|---|

*You have the right to attend the court hearing and oppose the application, with or without an attorney. If you do not attend the court hearing, the court may make restraining orders against you that will last up to 3 years*

UNTIL THE TIME OF HEARING, IT IS ORDERED

### TEMPORARY RESTRAINING ORDER

1. Defendant shall not contact, molest, attack, strike, threaten, sexually assault, batter, telephone or disturb the peace of plaintiff [ ] and the following family and household members (names):

2. [ ] Defendant must immediately move from (address):

   and take only personal clothing and effects needed until the hearing.

3. [ ] Defendant is ordered to stay at least (specify):               yards away from plaintiff and the following persons and places (the addresses of these places are optional and you do not have to reveal them):

   a. [ ] Plaintiff's family and household members (name):

   b. [ ] Plaintiff's residence (address optional):

   c. [ ] Plaintiff's place of work (address optional):

   d. [ ] The children's school or place of child care (address optional):

   e. [ ] Other (specify):
       (address optional):

MAY 7 1991
JoAnne McBride, Clerk, Clark Co.

---

*Violation of this temporary restraining order is a misdemeanor, punishable by a $1,000 fine, six months in jail, or both. This order shall be enforced by all law enforcement officers in the State of California. Penal Code section 12021g prohibits any person subject to a restraining order from purchasing or attempting to purchase or otherwise obtain a firearm. Such conduct is subject to a $1,000 fine and imprisonment.*

(Temporary Restraining Order continued on reverse)

Form Adopted by Rule 1296.10
Judicial Council of California
1296.10 [Rev. January 1, 1991]
Bancroft-Whitney Co. Laser Edition TM

## ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER
### (Domestic Violence Prevention - Uniform Parentage)

Code of Civil Procedure
§ § 540-553

VILLEGAS

KEY OR PARTY WITHOUT ATTORNEY (Name and address):  TELEPHONE NO :  FOR COURT USE ONLY

EDWARD EUGENE VILLEGAS
3009 WEST BORO DRIVE
SAN JOSE, CA  95127
ATTORNEY FOR (Name): IN PRO PER

FILED

MAR 15  10 18 AM '91

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 170 PARK CENTER PLAZA
MAILING ADDRESS: SAME
CITY AND ZIP CODE: SAN JOSE, CA  95113
BRANCH NAME: SAN JOSE

PETITIONER/PLAINTIFF:
EDWARD EUGENE VILLEGAS
RESPONDENT/DEFENDANT:
CHARLENE V. GRIJALVA

**ORDER AFTER HEARING**
(Family Law - Domestic Violence Prevention - Uniform Parentage)

CASE NUMBER
CP 000627

THIS ORDER, EXCEPT FOR ANY AWARD OF CHILD CUSTODY, VISITATION, OR MONEY, SHALL EXPIRE AT MIDNIGHT ON (date):

1. This proceeding came on for hearing as follows:
   a. Date: 3-11-91  Time: 8:30  Dept.: 17  Room:
2. Judge (name): Donald Clark  ☐ Temporary Judge
3. ☐ Plaintiff and defendant are personally present at the court hearing. No additional proof of service of these restraining orders is required.

AFTER HEARING ON THE APPLICATION, IT IS ORDERED THAT DEFENDANT (name): CHARLENE V. GRIJALVA

4. Not contact, molest, attack, strike, threaten, sexually assault, batter, telephone, or disturb the peace of plaintiff
   ☐ and plaintiff's following family and household members (names):

5. ☐ Move immediately from (address):
   and take only personal clothing and effects and ☐ see item 16 (other orders).

6. ☐ Stay at least (specify):  yards from the following persons and places (the addresses of these places are optional you do not have to reveal them):
   a. Plaintiff ☐ and plaintiff's following family and household members (name):

   b. ☐ Plaintiff's residence (address optional):
   c. ☐ Plaintiff's place of work (address optional):
   d. ☐ The children's school or place of child care (address optional):
   e. ☐ Other (specify):
      (address optional):

   f. ☐ Contacts relating to pickup and delivery of the children pursuant to a court order or stipulation of the parties arrived at during mediation will be permitted.

7. a. NO PERSON SHALL TAKE OR CONCEAL THE CHILDREN EXCEPT AS PERMITTED BY THIS ORDER.
   b. ☒ Sole physical and legal custody of the minor children are given to the parent listed below, unless joint custody is specified

| Child's Name | Physical Custody (specify name of parent or "joint") | Legal Custody (specify name of parent or "joint") |
| --- | --- | --- |
| VIVIANNA V. VILLEGAS | EDWARD E. VILLEGAS | EDWARD E. VILLEGAS |

   c. ☒ Defendant shall have the right to visit the children as follows:
      (1) ☐ none  (2) ☒ visitation with the following restrictions (specify):
      PER MEDIATION

   *Violation of this order is a misdemeanor punishable by a $1,000 fine, six months in jail, or both. This order shall be enforced by all law enforcement officers in the State of California*
   *Penal Code section 12021g prohibits any person subject to a restraining order from purchasing or attempting to purchase or otherwise obtaining a firearm. Such conduct is subject to a $1,000 fine and imprisonment.*

(Continued on reverse)

Form Adopted by Rule 1296.30
Judicial Council of California
1296.30 [Rev January 1, 1991]
Bancroft-Whitney Co. Laser Edition ™

**ORDER AFTER HEARING**
(Family Law - Domestic Violence Prevention - Uniform Parentage)

VILLEGAS  Code of Civil Procedure §§ 540

```
                V46  QUERY SINGLE CEN HISTORY      05/10/2005  11:19 PAGE: 14
                SANTA CLARA COUNTY ARREST AND DISPOSITION HISTORY
PN: BBZ132 LNAM: VILLEGAS        FNAM: EDWARD       MNAM: EUGENE       GEN:
CASE#/PURPOSE: CC577225, PSI P544

     CRT-DOCKET: SV 43477-E8958432
     CHARGE                           FILED: 12/12/1999    DA CASE #:
     VC 14601.1(A)          M/F    PRS    ENHC
                             M
     DISPOSITION: PREVIOUSLY CONVICTED       DDSP: 01/11/1990

     SENTENCE:
        NOTE:            01/11/1990
                         $10/RF; PAY $50/MO BEG 2/15/90

     SENTENCE:
                         12/13/1990, PROBATION MODIFIED,
        PROBATION:       IMPOSITION SENT SUSPENDED
        PROBATION FINE:  3 YEARS COURT PROBATION
        NOTE:            $150.00 FINE INSTALLMENT, $196.00 PENALTY ASSESSMENT
                         PAID BALANCD TODAY, AUDIT #58432.          FF

     CHARGE
     VC 22349             M/F    PRS    ENHC
                           I
     DISPOSITION: DSMSD/VIEW OF PLEA       DDSP: 01/11/1990

     CHARGE
     VC 16028(A)          M/F    PRS    ENHC
                           I
     DISPOSITION: DSMSD/VIEW OF PLEA       DDSP: 01/11/1990
***************************************************************************
 CEN      ARST DATE  BOOK DATE  BOOK TYPE
8707651  04/12/1987 04/12/1987 ONVIEW                      RELEASE    STATUS
     STAY DT/CD:                                        04/21/1987 05:00 A
     AAG                             VER IND: UNKNOWN
     SAN JOSE PD       ARR OFFCR              OFCN        DASN
     BOOKING CHARGES:   T2559  -          871020261
     PC 261                     M/F        DSP                    DDSP
     PC 288A(B)(1)               F        849B-FURTHER INVSTGATN  04/15/1987
     PC 3056                     F        849B-FURTHER INVSTGATN  04/15/1987
                                          HOLD DROPPED            04/12/1987
***************************************************************************
 CEN      ARST DATE  BOOK DATE  BOOK TYPE
8623729  07/17/1986 07/17/1986 ENROUTE                    RELEASE    STATUS
     STAY DT/CD:                                        08/08/1986 05:00 A
     AAG                             VER IND: UNKNOWN
     OTHER             ARR OFFCR              OFCN        DASN
     BOOKING CHARGES:   0064   -          8631288
     PC 3056                    M/F        DSP                    DDSP
                                 F        TRANSFER PROSECUTION    07/17/1986
***************************************************************************
 CEN      ARST DATE  BOOK DATE  BOOK TYPE
8545746  04/07/1985 04/07/1985 ONVIEW                      RELEASE    STATUS
     STAY DT/CD:                                        05/24/1985 05:00 A
     AAG                             VER IND: UNKNOWN
     SAN JOSE PD       ARR OFFCR              OFCN        DASN
     BOOKING CHARGES:   C2327  -          850970224
     PC 3056                    M/F        DSP                    DDSP
     PC 459                      F        HOLD DROPPED            04/07/198
     PC 496.1                    F        849B-CMPLNT REFUS PROS  04/09/1985
                                          849.5 DA REJECT        04/09/1985
```

**37**

WHITE HOUSE INN - SAN JOSE
3030 MONTEREY ROAD SAN JOSE CA. 95111
408-227-8400

Page #2

EDWARD VILLEGAS
1207 LANCELOF LN
SAN JOSE CA 95127

Room: 127 1 BED   Daily Rate:   35.72 + Tax
Check-in: 10/22/07 11:35   Out: 12/03/07   Nights: 42   Guests: 1/0
ID:  N5856603

AMOUNT TENDERED :  $0.00
CHANGE :  $0.00

Check-out time: 11:00am   Check-in time: 1:00pm

Guest Signature: _____

THE MANAGEMENT ASSUMES NO RESPONSIBILITY FOR ACCIDENTS, INJURIES, THEFT OR LOSS DUE TO ANY CAUSE.
THANK YOU FOR STAYING HERE WE HOPE YOU HAVE ENJOYED YOUR STAY.  PLEASE CALL AGAIN ANY TIME TO
MAKE RESERVATIONS HERE.

EDWARD VILLEGAS
1207 LANCELOF LN
SAN JOSE CA 95127

Room: 127 1 BED    Daily Rate: 35.72 + Tax
Check-in: 10/22/07 11:35    Out: 12/03/07    Nights: 42    Guests: 1/0
ID: N5856603

| Date | CHARGES | | | | | PAYMENT | | | | Balance |
|------|---------|-------|------|-----|-------|--------|------|------|-------|---------|
| | Room | Phone | Misc. | Tax | Total | Credit | Cash | Bill | Total | |
| 10/22/07 | 33.07 | 0.00 | 0.00 | 2.65 | 35.72 | 0.00 | 250.04 | 0.00 | 250.04 | -214.32 |
| 10/23/07 | 33.07 | 0.00 | 0.00 | 2.65 | 35.72 | 0.00 | 0.00 | 0.00 | 0.00 | -178.60 |
| 10/24/07 | 33.07 | 0.00 | 0.00 | 2.65 | 35.72 | 0.00 | 0.00 | 0.00 | 0.00 | -142.88 |
| 10/25/07 | 33.07 | 0.00 | 0.00 | 2.65 | 35.72 | 0.00 | 0.00 | 0.00 | 0.00 | -107.16 |
| 10/26/07 | 33.07 | 0.00 | 0.00 | 2.65 | 35.72 | 0.00 | 0.00 | 0.00 | 0.00 | -71.44 |
| 10/27/07 | 33.07 | 0.00 | 0.00 | 2.65 | 35.72 | 0.00 | 0.00 | 0.00 | 0.00 | -35.72 |
| 10/28/07 | 33.07 | 0.00 | 0.00 | 2.65 | 35.72 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 10/29/07 | 33.07 | 0.00 | 0.00 | 2.65 | 35.72 | 250.04 VM | 0.00 | 0.00 | 250.04 | -214.32 |
| 10/30/07 | 33.07 | 0.00 | 0.00 | 2.65 | 35.72 | 0.00 | 0.00 | 0.00 | 0.00 | -178.60 |
| 10/31/07 | 33.07 | 0.00 | 0.00 | 2.65 | 35.72 | 0.00 | 0.00 | 0.00 | 0.00 | -142.88 |
| 11/01/07 | 33.07 | 0.00 | 0.00 | 2.65 | 35.72 | 0.00 | 0.00 | 0.00 | 0.00 | -107.16 |
| 11/02/07 | 33.07 | 0.00 | 0.00 | 2.65 | 35.72 | 0.00 | 0.00 | 0.00 | 0.00 | -71.44 |
| 11/03/07 | 33.07 | 0.00 | 0.00 | 2.65 | 35.72 | 0.00 | 0.00 | 0.00 | 0.00 | -35.72 |
| 11/04/07 | 33.07 | 0.00 | 0.00 | 2.65 | 35.72 | 0.00 | 250.04 | 0.00 | 250.04 | -250.04 |
| 11/05/07 | 33.07 | 0.00 | 0.00 | 2.65 | 35.72 | 0.00 | 0.00 | 0.00 | 0.00 | -214.32 |
| 11/06/07 | 33.07 | 0.00 | 0.00 | 2.65 | 35.72 | 0.00 | 0.00 | 0.00 | 0.00 | -178.60 |
| 11/07/07 | 33.07 | 0.00 | 0.00 | 2.65 | 35.72 | 0.00 | 0.00 | 0.00 | 0.00 | -142.88 |
| 11/08/07 | 33.07 | 0.00 | 0.00 | 2.65 | 35.72 | 0.00 | 0.00 | 0.00 | 0.00 | -107.16 |
| 11/09/07 | 33.07 | 0.00 | 0.00 | 2.65 | 35.72 | 0.00 | 0.00 | 0.00 | 0.00 | -71.44 |
| 11/10/07 | 33.07 | 0.00 | 0.00 | 2.65 | 35.72 | 0.00 | 0.00 | 0.00 | 0.00 | -35.72 |
| 11/11/07 | 33.07 | 0.00 | 0.00 | 2.65 | 35.72 | 0.00 | 250.04 | 0.00 | 250.04 | -250.04 |
| 11/12/07 | 33.07 | 0.00 | 0.00 | 2.65 | 35.72 | 0.00 | 0.00 | 0.00 | 0.00 | -214.32 |
| 11/13/07 | 33.07 | 0.00 | 0.00 | 2.65 | 35.72 | 0.00 | 0.00 | 0.00 | 0.00 | -178.60 |
| 11/14/07 | 33.07 | 0.00 | 0.00 | 2.65 | 35.72 | 0.00 | 0.00 | 0.00 | 0.00 | -142.88 |
| 11/15/07 | 33.07 | 0.00 | 0.00 | 2.65 | 35.72 | 0.00 | 0.00 | 0.00 | 0.00 | -107.16 |
| 11/16/07 | 33.07 | 0.00 | 0.00 | 2.65 | 35.72 | 0.00 | 0.00 | 0.00 | 0.00 | -71.44 |
| 11/17/07 | 33.07 | 0.00 | 0.00 | 2.65 | 35.72 | 0.00 | 0.00 | 0.00 | 0.00 | -35.72 |
| 11/18/07 | 33.07 | 0.00 | 0.00 | 2.65 | 35.72 | 0.00 | 250.04 | 0.00 | 250.04 | -250.04 |
| 11/19/07 | 33.07 | 0.00 | 0.00 | 2.65 | 35.72 | 0.00 | 0.00 | 0.00 | 0.00 | -214.32 |
| 11/20/07 | 33.07 | 0.00 | 0.00 | 2.65 | 35.72 | 0.00 | 0.00 | 0.00 | 0.00 | -178.60 |
| 11/21/07 | 35.72 | 0.00 | 0.00 | 0.00 | 35.72 | 0.00 | 0.00 | 0.00 | 0.00 | -142.88 |
| 11/22/07 | 35.72 | 0.00 | 0.00 | 0.00 | 35.72 | 0.00 | 0.00 | 0.00 | 0.00 | -107.16 |
| 11/23/07 | 35.72 | 0.00 | 0.00 | 0.00 | 35.72 | 0.00 | 0.00 | 0.00 | 0.00 | -71.44 |
| 11/24/07 | 35.72 | 0.00 | 0.00 | 0.00 | 35.72 | 0.00 | 0.00 | 0.00 | 0.00 | -35.72 |
| 11/25/07 | 35.72 | 0.00 | 0.00 | 0.00 | 35.72 | 0.00 | 250.04 | 0.00 | 250.04 | -250.04 |
| 11/26/07 | 35.72 | 0.00 | 0.00 | 0.00 | 35.72 | 0.00 | 0.00 | 0.00 | 0.00 | -214.32 |
| 11/27/07 | 35.72 | 0.00 | 0.00 | 0.00 | 35.72 | 0.00 | 0.00 | 0.00 | 0.00 | -178.60 |
| 11/28/07 | 35.72 | 0.00 | 0.00 | 0.00 | 35.72 | 0.00 | 0.00 | 0.00 | 0.00 | -142.88 |
| 11/29/07 | 35.72 | 0.00 | 0.00 | 0.00 | 35.72 | 0.00 | 0.00 | 0.00 | 0.00 | -107.16 |
| TOTAL | 1420.74 | 0.00 | 0.00 | 79.50 | 1500.24 | 250.04 | 1250.20 | 0.00 | 1500.24 | 0.00 |

**To whom it may concern!**

I am Edith Gamch the mother of Edward E. Villegas who has sole and physical custody of his daughter Viviana V. Villegas. Since she was 1 years old and since Edward is the only person that has been able to raise her, she dose not listen to any instruction  that I tell her to do , with out her fathers guidance. Since she became prengnent in 2005, I choice to keep her untill her father was release from prison.

Now that Edward is no longer living here because of this new law, I cant have Edwards daughter living here with me she is very uncontrollable so I ask her to live the same day my son did and now Because  of Edwards past 27 years ago as a very young man They are now living in  motels, and Viviana has a two year daughter. Who is also with them because of Edwards past .

Edward has done his time for that crime and has been doing his best considering he suffers from depression and has self medicated and got cought for drugs. But other wise he has taken a part in his daughter life and has always been living here it was my request to have him stay away while Edward was doing those things not to expose it to us or his daughter. But his cloth and daughter were always here and , it was here that Edward always came home too.

I think it not right that this law causes Edward to be in a state of depression, he calls me everyday and tell me he is worried about going back to prison for something wrong with this law. Since his parole officer have taken this law and twisted around to  lie about another violation that Edward has commited is really taken a tool on Edward I hope and pray that Edward and his daughter, and grand daughter will be able to come home soon. Im worried about them, and Edward.

**Thank you**

Edith gamch

*Edith Samuel* 12/16/07

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I.  INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

A.  The SPPCA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

B.  Plaintiff's Criminal History . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

C.  Enforcement of the SPPCA Residency Restriction . . . . . . . . . . . . . . . . . . . . 4

D.  This Action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

E.  The Habeas Petition in the California Supreme Court . . . . . . . . . . . . . . . . . . . 4

III. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

A.  The Court Should Abstain from Reaching Plaintiff's Constitutional
    Claims Because the Issue of the SPPCA's Retroactivity Is a Question of
    California Law that is Currently Being Considered by the
    California Supreme Court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

B.  Plaintiff Cannot Establish that He Is Entitled to Extraordinary
    Injunctive Relief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    1.  As to GPS Monitoring, Plaintiff Has Not Demonstrated Any Risk of
        Irreparable Harm . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    2.  Plaintiff Cannot Demonstrate the Likelihood of Success on the Merits . . 8

        a.  The SPPCA Applies to Plaintiff . . . . . . . . . . . . . . . . . . . . . . . . . 8

        b.  The SPPCA Does Not Violate the *Ex Post Facto* Clause . . . . . . . 9

            i.  In Adopting the SPPCA's Restrictions on
                Sex Offenders, the Voters Intended to Establish
                Nonpunitive Regulatory Measures to Protect
                the Public . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

            ii. The SPPCA's Effect is Not Punitive . . . . . . . . . . . . . . . 11

        c.  The SPPCA Does Not Violate the Double Jeopardy Clause . . . . 13

IV. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

1

# TABLE OF AUTHORITIES

2

## FEDERAL CASES

3

*Arcamuzi v. Continental Air Lines, Inc.,*
  819 F.2d 935 (9th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

4

*Arizonans for Official English v. Arizona,*
  520 U.S. 43 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

5

*Caribbean Marine Serv. Co. v. Baldridge,*
  844 F.2d 668 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

6

7

*Cedar Shake and Shingle Bureau v. City of Los Angeles,*
  997 F.2d 620 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

8

*Coalition for Economic Equity v. Wilson,*
  122 F.3d 692 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

9

10

*Doe v. Miller,*
  405 F.3d 700 (8th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12, 13

11

*Doe v. Schwarzenegger,*
  476 F. Supp. 2d 1178 (E.D. Cal. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

12

13

*Fireman's Fund Insurance Co. v. City of Lodi,*
  302 F.3d 928 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

14

*Kansas v. Hendricks,*
  521 U.S. 346 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 12, 13

15

16

*Kennedy v. Mendoza-Martinez,*
  372 U.S. 144 (1963 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

17

*Kollsman v. City of Los Angeles,*
  737 F.2d 830 (9th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

18

19

*Railroad Commission of Texas v. Pullman Co.,*
  312 U.S. 496 (1941) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5, 6, 7

20

*Richardson v. Koshiba,*
  693 F.2d 911 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

21

22

*Smith v. Doe,*
  538 U.S. 84 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10, 11, 12

23

*Southwest Voters Registration Education Project v. Shelley,*
  344 F.3d 914 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

24

25

*Weems v. Little Rock Police Department,*
  453 F.3d 1010 (8th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

26

27

28

# TABLE OF AUTHORITIES CONTINUED

## STATE CASES

*Davis v. City of Berkeley,*
  51 Cal. 3d 227 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Lee v. State of Alabama,*
  895 So. 2d 1038 (Ala. Crim. App. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## STATE CONSTITUTION, STATUTES, AND REGULATIONS

California Constitution
  Article 11, Section 10(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Penal Code . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
  Section 220 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
  Section 290 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
  Section 3000.07(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
  Section 3003.5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
  Section 3003.5(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
  Section 3004(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## MISCELLANEOUS

*California Practice Guide: Federal Civil Procedure Before Trial* . . . . . . . . . . . . . . . . . . 5, 7

CDCR'S AMENDED OPPOSITION TO PLAINTIFF'S APPLICATION FOR A TRO

1  "inmate[s]" "shall be monitored by a global positioning system for life." Penal Code § 3004(b)

2  (Section 22 of the SPPCA). Plaintiff apparently challenges both provisions.

3  **B.    Plaintiff's Criminal History**

4          Plaintiff has eight felony convictions and twenty-three misdemeanor convictions.

5          In 1980, plaintiff was charged with abducting an 18-year-old girl and holding an

6  ice-pick to her throat while raping her. Based on this crime, he was convicted on four felony

7  counts: Penal Code section 220 (assault with attempt to commit rape), Penal Code section 207

8  (kidnaping), Penal Code section 236/237 (false imprisonment effected by violence), and Penal

9  Code section 261(rape accomplished by means of force, violence, duress, menace or fear of

10  immediate and unlawful bodily injury). He was sentenced to four years in state prison. Not long

11  after his release, in 1985, plaintiff was convicted on one count under Penal Code section 459,

12  felony burglary, and sentenced to two years in prison.

13          Because of plaintiff's rape conviction, he was subject to Penal Code section 290.

14  That statute requires certain sex offenders to register their current addresses with law

15  enforcement authorities. Plaintiff, however, repeatedly failed to advise law enforcement of his

16  whereabouts. In 1994 he was convicted on a misdemeanor count of violating Penal Code section

17  290(g)(2), and sentenced to serve time in the county jail. That sentence was suspended and he

18  was placed on three years' probation. In 2000, he was again convicted on a felony count of

19  violating Penal Code section 290(g)(2) and sentenced to a year in the county jail; again, his

20  sentence was suspended and he was given three years' probation. Yet again, in October 2002,

21  plaintiff was convicted of a felony count of violating section 290(g)(2), sentenced to a year in

22  county jail, and placed on probation for three years.

23          In 2005, while plaintiff was still on probation for failing to register as a sex

24  offender, he was arrested and subsequently convicted of one felony violation of Health & Safety

25  Code section 11377(a) (possession of methamphetamine) and one felony violation of Health &

26  Safety Code section 11550 (using or being under the influence of methamphetamine). His

27

28

1

2

i.    **In Adopting the SPPCA's Restrictions on Sex
Offenders, the Voters Intended to Establish
Nonpunitive Regulatory Measures to Protect the Public.**

3      The intent underlying the adoption of both the SPPCA's residency restriction and

4   its GPS monitoring provisions was to create a non-punitive regulatory scheme to better protect

5   the public from sexual predators.

6      Crime studies have shown that persons who commit sex offenses have a high rate

7   of recidivism. *See, e.g.,* U.S. Dept. of Justice, Bureau of Justice Statistics, Sex Offenses and

8   Offenders 27 (1997); U.S. Dept. of Justice, Bureau of Justice Statistics, Recidivism of Prisoners

9   Released in 1983, p. 6 (1997).[4]  In response, lawmakers have adopted various measures designed

10  to better protect the public from such recidivist behavior.  For example, many states have adopted

11  statutes that require convicted sex offenders to register with law enforcement authorities.  Some

12  states release information about registered sex offenders to the public.  Several states have

13  established procedures for the civil commitment of persons deemed likely to engage in predatory

14  acts of sexual violence.  The Supreme Court has held that such measures reflect legislative

15  efforts to create non-punitive regulatory schemes to protect the public, and has upheld these

16  measures against *Ex Post Facto* Clause challenges. *Smith v. Doe*, 538 U.S. 84 (2003) (rejecting

17  *ex post facto* challenge to Alaska statute that required convicted sex offenders to register with

18  law enforcement authorities and authorized the State to publish the offender's name, address, and

19  photograph); *Kansas v. Hendricks*, 521 U.S. 346 (1997) (rejecting *ex post facto* challenge to

20  Kansas statute that established procedure for the civil commitment of persons deemed likely to

21  engage in predatory acts of sexual violence).

22      The SPPCA is yet another example of lawmakers' continuing efforts to adopt

23  measures designed to enhance public safety.  In fact, in the SPPCA's "Findings and

24  Declarations," the voters declared that "[i]t is the intent of the People in enacting this measure to

25

26      [4]      The Supreme Court cited these studies in observing that "the risk of recidivism
27  posed by sex offenders is frightening and high," and "when convicted sex offenders reenter
    society, they are much more likely than any other type of offender to be rearrested for a new rape
28  or sexual assault." *Smith*, 538 U.S. at 103.

1   probation for his latest Penal Code section 290 conviction was revoked, and he was sentenced to

2   thirty-two months in state prison.[3]

3          Plaintiff was released on parole on January 11, 2007. According to plaintiff, he

4   was placed on GPS monitoring two weeks after his release, and he is currently wearing a GPS

5   monitoring device.

6   **C.    Enforcement of the SPPCA Residency Restriction**

7          On November 8, 2006, while plaintiff was incarcerated, the SPPCA took effect.

8   CDCR is presently implementing a plan to enforce the SPPCA's residency restriction against

9   affected parolees who, like plaintiff, were released from prison on or after the SPPCA's effective

10  date. On August 23, 2007, CDCR gave plaintiff written notice that he is covered by the

11  SPPCA's residency restriction, that his present residence is within 2,000 feet of a school or park

12  where children gather, and that he must therefore move by October 11, 2007.

13  **D.    This Action**

14         On September 17, 2007, plaintiff filed a document entitled "Temporary

15  Restraining Order Order to Show Cause Why Relief Should Not Be Granted," naming as

16  defendants CDCR and the California Attorney General. On September 19, 2007, the Court ruled

17  that plaintiff had not made "a sufficient factual showing to warrant entry of a temporary

18  restraining order at this juncture." Order to Show Cause, E-filed 9/19/07 ("OSC") at 1:23-25.

19  However, construing plaintiff's pleadings liberally in light of his *pro se* status, the Court stated

20  that, with respect to the residency restriction, "it appears that Plaintiff may be attempting to

21  allege that the SPPCA is being given impermissible retroactive effect as to him." *Id.* at 1:26-2:1.

22  **E.    The Habeas Petition in the California Supreme Court**

23         On or about October 4, 2007, four parolees filed a petition for habeas corpus in

24  the California Supreme Court. *See* Request for Judicial Notice ("RJN"), Exh. A. Petitioners

25

26         [3]     In addition to the convictions described above, plaintiff has twenty-two

27  misdemeanor convictions for various offenses, such as using or being under the influence of a
    controlled substance, vandalism, disturbing the peace, theft, battery, public intoxication, driving

28  under the influence, and driving with a revoked or suspended license.

1    Second, even if the Court reaches the merits now, before the California Supreme

2    Court rules, plaintiff cannot meet the requirements for a temporary restraining order or

3    preliminary injunction. As to GPS monitoring, plaintiff has made no showing of immediate

4    irreparable harm so as to justify extraordinary injunctive relief. By plaintiff's own account, he

5    has been subject to GPS monitoring since January of this year – more than seven months before

6    he filed his application for a temporary restraining order. This being so, plaintiff cannot

7    demonstrate any exigency that would justify a mandatory injunction altering the status quo. As

8    for the residency restriction, plaintiff cannot show any possibility of success. That restriction

9    applies to persons who, like plaintiff, were released from incarceration on or after the SPPCA's

10   effective date. The restriction is regulatory and non-punitive, as it is designed to reduce the

11   frequency of contact between sex offenders and children, thereby reducing temptation and

12   opportunity and risk of re-offense. Therefore, the residency restriction does not implicate the *Ex*

13   *Post Facto* Clause or double jeopardy.

## II.

## FACTUAL BACKGROUND

### A.    The SPPCA

17   On November 7, 2006, by an overwhelming majority, California voters adopted

18   Proposition 83, known as "The Sexual Predator Punishment and Control Act: Jessica's Law" (the

19   "SPPCA").[2] Pursuant to the California Constitution, the SPPCA went into effect on November

20   8, 2006. Cal. Const., art. 11, § 10(a).

21   The SPPCA adopts measures designed to regulate certain convicted sex offenders

22   upon their release from custody. First, the SPPCA provides that "persons for whom registration

23   is required pursuant to Section 290 [of the Penal Code]' may not 'reside within 2,000 feet of any

24   public or private school, or park where children regularly gather." Penal Code § 3003.5 (Section

25   21 of the SPPCA). Second, the SPPCA provides that, upon release from incarceration, certain

26

_____

27        2       The final result was 5,926,800 "yes" votes (70.5%) and 2,483,597 "no" votes

28   (29.5%).   *See* http://vote.ss.ca.gov/Returns/prop/00.htm (as of August 5, 2007).

1    Defendant California Department of Corrections and Rehabilitation ("CDCR"),

2    identified incorrectly in plaintiff John Doe's ("plaintiff") moving papers as "The Department of

3    Correction," hereby submits this amended response to the Order to Show Cause issued by this

4    Court with respect to plaintiff's application for a temporary restraining order.[1]

5                                        I.

6                              **INTRODUCTION**

7                 On November 7, 2006, nearly six million California voters approved Proposition

8    83, thereby enacting "The Sexual Predator Punishment and Control Act: Jessica's Law" (the

9    "SPPCA"). That statute contains several provisions designed to better protect communities from

10   convicted sex offenders. One subjects certain prior offenders to lifetime GPS monitoring

11   commencing upon their release on parole. Another prohibits certain prior offenders from living

12   within 2,000 feet of a school or park where children gather. Plaintiff here seeks an order

13   restraining CDCR from applying either provision to him. Plaintiff apparently contends that such

14   application would be retroactive and would therefore violate the ex post facto and double

15   jeopardy clauses of the federal constitution. The Court should deny plaintiff's application for

16   several reasons.

17                 First, the issue of whether the voters intended the SPPCA to apply retroactively to

18   persons in plaintiff's circumstances presents a question of California law that is currently before

19   the California Supreme Court on a petition for habeas corpus. That court's determination of the

20   state law retroactivity issue could obviate the need to reach the federal constitutional issues also

21   raised in that habeas petition as well as in this action. Accordingly, under well-established

22   principles of *Pullman* abstention, the Court should stay these proceedings pending the state

23   supreme court's determination of an important and unsettled issue of state statutory construction.

24

25

26         [1]    CDCR files this amended opposition brief to correct several typographical errors

27   contained in its opposition brief filed on October 10, 2007, and to advise the Court of recent
     developments in an action pending in the California Supreme Court involving issues similar to

28   those raised here.

1   seek an injunction barring CDCR from enforcing the SPPCA's residency restriction as to them.

2   Petitioners claim that, because they committed their sex crimes before the SPPCA's effective

3   date, applying the residency restriction to them would be "an impermissible retroactive

4   application of a statute that is silent as to retroactivity." Claiming that they would be subject to

5   arrest unless the court takes immediate action, petitioners requested that the court grant the

6   requested injunctive relief by October 10, 2007. Petitioners also requested an immediate stay of

7   enforcement of the SPPCA's residency restriction as to them, which the court granted on October

8   10, 2007.

9                                    **III.**

10                                **ARGUMENT**

11  **A.    The Court Should Abstain from Reaching Plaintiff's Constitutional Claims Because
           the Issue of the SPPCA's Retroactivity Is a Question of California Law that Is**

12  **Currently Being Considered by the California Supreme Court.**

13         As this Court has already noted, the central issue raised by plaintiff's pleading is

14  whether "the SPPCA is being given impermissible retroactive effect as to him." OSC at 2:1.

15  And, as noted above, this identical issue of state law statutory construction is currently before the

16  California Supreme Court. Accordingly, this Court need not, and should not, reach this issue, or

17  plaintiff's constitutional claims, until California's highest court rules.

18         When constitutional issues arise only if state law is interpreted in a particular way

19  and state courts have not yet interpreted the law in question, federal courts should abstain in

20  order to permit the state courts to interpret the state law. *Railroad Comm'n of Texas v. Pullman*

21  *Co.*, 312 U.S. 496, 500 (1941). *See also* William W Schwarzer et al., *California Practice Guide:*

22  *Federal Civil Procedure Before Trial* ¶ 2:1309 (The Rutter Group 2006) (hereinafter "*Federal*

23  *Civil Procedure Before Trial*") (describing the "*Pullman* doctrine"). Application of the *Pullman*

24  doctrine avoids premature adjudication of constitutional issues. The criteria for application of

25  the *Pullman* abstention doctrine are: (1) a complaint involving sensitive areas of social policy

26  best left to the States to address, (2) a federal constitutional issue that could be mooted or

27  narrowed by a state court ruling on state law issues, and (3) uncertainty as to the resolution of

28

1   potentially determinative state law issues. *Cedar Shake and Shingle Bureau v. City of Los*

2   *Angeles*, 997 F.2d 620, 622 (9th Cir. 1993) (holding that district court erred in failing to abstain).

3          Those criteria are met here. First, plaintiff's pleading raises sensitive issues of

4   state social policy. It is hard to imagine a more sensitive policy issue than the protection of

5   society from convicted sex offenders who present a risk of recidivism. Second, plaintiff raises

6   constitutional issues that could be mooted by a state court ruling on state law issues. If

7   Proposition 83 does not apply to plaintiff, there is no occasion to reach the constitutional issues

8   that he presents. Finally, because Proposition 83 is new, there is no way to know how the

9   California Supreme Court will ultimately resolve the interpretative issues that arise. Since all

10  three criteria are met, the Court should invoke the *Pullman* doctrine. *See Cedar Shake and*

11  *Shingle Bureau*, 997 F.2d at 626 ("the district court abused its discretion in failing to abstain");

12  *Kollsman v. City of Los Angeles*, 737 F.2d 830, 837 (9th Cir. 1984) (vacating judgment

13  "[b]ecause the district court should have abstained"); *Richardson v. Koshiba*, 693 F.2d 911, 915-

14  917 (9th Cir. 1982) (invoking *Pullman* doctrine sua sponte).

15         The circumstances of this case call to mind recent Supreme Court admonitions.

16  The Court recently reminded subordinate federal courts not to undertake "to review the

17  constitutionality of a state law without first asking: 'Is this conflict really necessary?'" *Arizonans*

18  *for Official English v. Arizona*, 520 U.S. 43, 75 (1997). "When anticipatory relief is sought in

19  federal court against a state statute, respect for the place of the States in our federal system calls

20  for close consideration of that core question." *Id.* at 75. As a general rule, federal courts "ought

21  not to consider the Constitutionality of a state statute in the absence of a controlling

22  interpretation of its meaning and effect by the state courts." *Id.* "Warnings against premature

23  adjudication of constitutional questions bear heightened attention when a federal court is asked to

24  invalidate a State's law, for the federal tribunal risks friction-generating error when it endeavors

25  to construe a novel state Act not yet reviewed by the State's highest court." *Id.* at 79.

26         The Ninth Circuit acknowledged that admonition in *Coalition for Economic*

27  *Equity v. Wilson*, 122 F.3d 692, 699 (9th Cir. 1997). That case involved a challenge to

28  California's Proposition 209 (addressing affirmative action), adopted by initiative in 1996. On

392.07.PLE TRO.opposition.AMENDED.wpd            6

1    the day after the election, plaintiffs filed an action seeking a declaration that Proposition 209 was

2    unconstitutional and an injunction enjoining the State from enforcing it. *Id.* at 697. The district

3    court promptly issued a preliminary injunction, from which an appeal was taken. In that appeal,

4    before reaching the merits, the Ninth Circuit "pause[d] to consider whether this case even

5    belongs in federal court." *Id.* at 699. The court noted the Supreme Court's admonitions in

6    *Arizonans for Official English*, adding: "For this federal tribunal to tell the people of California

7    that their one-day-old, never-applied-law violates the Constitution, we must have more than a

8    vague inkling of what the law actually does." *Id.* at 699-700.

9            Those admonitions apply here. Plaintiff's exact argument – that the SPPCA may

10    not be retroactively applied to him – is currently before the California Supreme Court. Under

11    these circumstances, the Court should invoke the *Pullman* abstention doctrine and stay

12    proceedings while this unsettled issue of state law statutory construction is litigated before

13    California's highest court. *See Federal Civil Procedure Before Trial*, *supra*, ¶ 2:1312 (citing

14    *Fireman's Fund Ins. Co. v. City of Lodi*, 302 F.3d 928, 940 (9th Cir. 2002) (addressing proper

15    disposition of case upon application of *Pullman* doctrine)).

16    **B.    Plaintiff Cannot Establish that He Is Entitled to Extraordinary Injunctive Relief**

17            Even if the Court declines to abstain under *Pullman*, plaintiff's application for

18    injunctive relief must be denied. To obtain a temporary restraining order, plaintiff must show

19    either (1) a combination of probable success on the merits and the possibility of irreparable

20    injury, or (2) that serious questions are raised and the balance of hardships tips sharply in his

21    favor. *Southwest Voters Registration Educ. Project v. Shelley*, 344 F.3d 914, 917 (9th Cir.

22    2003). These standards are not separate tests, but are the outer reaches of a continuum. But, as

23    an irreducible minimum, plaintiff must demonstrate some risk of irreparable harm. *See Federal

24    Civil Procedure Before Trial*, ¶ 13:56.1 ("[N]o matter how strong the probability of success on

25    the merits, some irreparable injury must be threatened; otherwise, injunctive relief will be

26    denied."). And, no matter how strong the showing of harm, plaintiff must also demonstrate "a

27    fair chance of success on the merits." *Arcamuzi v. Continental Air Lines, Inc.*, 819 F.2d 935, 937

28

1  (9th Cir. 1987) ("As an 'irreducible minimum,' the moving party must demonstrate a fair chance

2  of success on the merits, or questions serious enough to require litigation.").

3    1.    **As to GPS Monitoring, Plaintiff Has Not Demonstrated Any Risk of Irreparable Harm.**

4

5           Plaintiff apparently wants the Court to order defendants to remove the GPS

6  monitoring device from his ankle. He thus asks the Court to issue *mandatory* injunctive relief to

7  *alter* the status quo. The Court should decline this request.

8           Plaintiff admits that he was fitted with a GPS monitoring device in January 2007,

9  two weeks after he was most recently released on parole. Thus, although he has been subjected

10  to GPS monitoring for over seven months, he waited until September 17, 2007 to file this action.

11  This delay belies any claim that GPS monitoring imposes irreparable harm.

12    2.    **Plaintiff Cannot Demonstrate the Likelihood of Success on the Merits.**

13      a.    **The SPPCA Applies to Plaintiff.**

14           Plaintiff apparently contends that the SPPCA does not apply to him. He argues

15  that the statute applies only prospectively, and therefore does not reach those who committed

16  their offense before the SPPCA's adoption. This argument fails.

17           The reach of a newly enacted statute is a matter of legislative intent. To determine

18  the intent of a voter-approved initiative, the plain meaning of the law is typically instructive.

19  *Davis v. City of Berkeley*, 51 Cal. 3d 227, 234 (1990).

20           As for GPS monitoring, one SPPCA provision states: "Every *inmate* who has

21  been convicted [of any felony sexual offense that requires registration] and who is committed to

22  prison and released on parole . . . shall be monitored by a global positioning system for the term

23  of his or her parole." Penal Code § 3000.07(a) (italics added). Another SPPCA section provides

24  that every such "*inmate* . . . who is . . . released on parole . . . shall be monitored by a global

25  positioning system for life." Penal Code § 3004(b) (italics added). These provisions call into

26  question the meaning of the term "inmate." Two potential meanings come into play. Plaintiff's

27  argument suggests that the term means only persons who committed their offense after the

28  SPPCA's effective date. But that argument disregards the term "inmate," which focuses on the

1  fact of incarceration. Thus, a more reasonable interpretation of section 3004(b)'s use of the term

2  "inmate" is that it reflects an intent to reach persons who were incarcerated when, or after, the

3  SPPCA became effective. Plaintiff is such a person.

4         As for the SPPCA's residency restriction, it provides that "it is unlawful for any

5  *person* for whom registration is required . . . to reside within 2000 feet of any [school or park]."

6  Penal Code § 3003.5(b) (italics added). Plaintiff is a "person" for whom registration is required.

7  Thus, he is covered by the plain wording of section 3003.5(b).

8         Plaintiff cites *Doe v. Schwarzenegger,* 476 F. Supp. 2d 1178 (E.D. Cal. 2007), in

9  arguing that the SPPCA does not apply to him. That case was distinguishable because it

10  involved plaintiffs who had been released from incarceration *before* the SPPCA took effect.

11  Based on that fact, the state took the position that the SPPCA did not reach those plaintiffs, and

12  the district court agreed.

13         Plaintiff argues that he was *first* released from incarceration before the SPPCA

14  took effect. That fact does not help him, because he subsequently violated parole and was

15  incarcerated when the SPPCA took effect on November 8, 2007. Thus, the SPPCA applies to

16  him.

17         **b.    The SPPCA Does Not Violate the *Ex Post Facto* Clause.**

18         Plaintiff appears to argue that application of the SPPCA to him offends the *Ex*

19  *Post Facto* Clause. The framework for the *ex post facto* inquiry is "well established." *Smith v.*

20  *Doe,* 538 U.S. 84, 92 (2003). If the lawmaking body intended to impose punishment, that ends

21  the inquiry, as the *Ex Post Facto* Clause bars any retrospective punishment. If, however, the

22  legislature intended to enact a non-punitive regulatory scheme, the Court must examine whether

23  the statutory scheme is so punitive in effect "as to negate the State's intention to deem it civil."

24  *Id.* at 92. Here, the portions of the SPPCA at issue were not punitive in purpose or effect, and

25  plaintiff's *ex post facto* claim fails.

26  / / /

27  / / /

28  / / /

1    One factor is whether the restrictions at issue have historically been used as

2  punishment. *Id.* Plaintiff cites no examples of residency restrictions being used as punishment,

3  and CDCR is aware of none. The residency restriction affects only where an offender may live.

4  It does not expel offenders from their communities or prohibit them from accessing areas near

5  schools or parks for employment, commercial transactions, or any other legitimate purpose. *See*

6  *Miller*, 405 F.3d at 719. As for GPS monitoring, the use of GPS devices to monitor a person's

7  whereabouts is a relatively new phenomenon. This precludes any showing that GPS monitoring

8  has historically been a form of punishment.

9    Another factor is whether the restriction "imposes an affirmative disability or

10  restraint." *Smith*, 538 U.S. at 97. A residency restriction is far less disabling than the civil

11  commitment scheme upheld by the Supreme Court in *Hendricks*. *See Miller*, 405 F.3d at 721

12  (making same observation). GPS monitoring does not disable or restrain; to the contrary, it

13  allows freedom of movement.

14    The most important factor is whether the restriction "has a rational connection to a

15  nonpunitive purpose," and whether the restriction is "excessive" with respect to that purpose.

16  *Smith*, 538 U.S. at 97, 102-03. Here, the SPPCA serves the legitimate nonpunitive purpose of

17  enhancing public safety by distancing offenders from places where potential victims (e.g., minors

18  unaccompanied by adults) gather and reducing the frequency of contact between sex offenders

19  and children. This reduces opportunity and temptation, which can lower the risk of recidivism.

20  *See Miller*, 405 F.3d at 722 (citing expert testimony for this point). For these reasons, the Eighth

21  Circuit found Iowa's residency restriction reasonably related to its legitimate, nonpunitive

22  purpose. *Miller*, 405 F.3d at 721-23.

23    Plaintiff suggests that the SPPCA's restrictions are unreasonable because they

24  apply to a large number of sex offenders without any individualized determination of

25  dangerousness. This argument fails because no particularized risk assessment is required.

26  "[T]he *Ex Post Facto* Clause does not preclude a State from making reasonable categorical

27  judgments that conviction of specified crimes should entail particular regulatory consequences."

28  *Miller*, 405 F.3d at 721 (quoting *Smith v. Doe*, 538 U.S. at 103).

1  **c.    The SPPCA Does Not Violate the Double Jeopardy Clause.**

2  Plaintiff also apparently contends that applying the SPPCA to him violates the

3  Double Jeopardy Clause. But, as explained above, the SPPCA'S residency and GPS monitoring

4  provisions are not punitive, but are instead part of "non-punitive regulatory scheme to protect the

5  public." *Doe v. Miller*, 405 F.3d 700, 718-23 (8th Cir. 2005). Because the Double Jeopardy

6  Clause prohibits the State from "punishing twice, or attempting a second time to punish

7  criminally, for the same offense," plaintiff's double jeopardy claim fails along with his *ex post*

8  *facto* claim. *See Kansas v. Hendricks*, 521 U.S. 346, 369 (1997) (because State's civil

9  commitment statute was "not tantamount to punishment," sex offender's involuntary

10 confinement did not violate double jeopardy clause "even though that confinement may follow a

11 prison term").

12                                         **IV.**

13                                   **CONCLUSION**

14 The CDCR respectfully requests that the Court deny plaintiff's application for a

15 TRO.

16 Dated: October 12, 2007                  MENNEMEIER, GLASSMAN & STROUD LLP
                                            KENNETH C. MENNEMEIER
17                                          ANDREW W. STROUD
                                            KELCIE M. GOSLING
18                                          STEPHEN LAU

19                                     By:  *[signature]* /KMG

20                                          Kenneth C. Mennemeier, Attorneys for the
                                            California Department of Corrections and
21                                          Rehabilitation

22

23

24

25

26

27

28

```
JPQH        V46  QUERY SINGLE CEN HISTORY      06/10/2005  11:19 PAGE: 15
                 SANTA CLARA COUNTY ARREST AND DISPOSITION HISTORY
PFN: BBZ132 LNAM: VILLEGAS       FNAM: EDWARD    MNAM: EUGENE      GEN:
CASE#/PURPOSE: CC577225, PSI P544
```

```
   CRT-DOCKET: SJ 43470-C8594360    FILED: 04/09/1985   DA CASE #:
   CHARGE                 M/F    PRS    ENHC
   PC 459/460.2            F
   DISPOSITION: CERTIFIED/GUILTY PLEA     DDSP: 04/26/1985
   ---------------------------------------------------------------------
   CRT-DOCKET: SU 43100-99618       FILED: 04/26/1985   DA CASE #:
   CHARGE                 M/F    PRS    ENHC
   PC 459/460.2            F
   DISPOSITION: CONVICTED            DDSP: 04/26/1985

   SENTENCE:            05/21/1985
     PRISON:           2 YEARS CALIFORNIA DEPT CORRECTIONS,
     PRISON ENH:
     NOTE:             CTS 67 DS.$100 RF.$250 RESTITUTION.
```

```
*****************************************************************
   CEN    ARST DATE  BOOK DATE  BOOK TYPE                    RELEASE      STATUS
8092901  12/22/1980 12/22/1980 LOCAL BENCH WARRANT        03/23/1981 17:55 CREL
   STAY DT/CD:                        VER IND: UNKNOWN
   AAG               ARR OFFCR              OFCN          DASN
   SAN JOSE PD       2016 -                802811066
   BOOKING CHARGES:             M/F           DSP                    DDSP
   PC 220                       F      COURT FILED CHARGE       12/22/1980
   PC 207                       F      COURT FILED CHARGE       12/22/1980
   PC 236/237                   F      COURT FILED CHARGE       12/22/1980
   PC 220       AA              F      FILED
   PC 207       AA              F      FILED
   PC 236/237                   F      FILED
   PC 242                       M      COMMITMENT               01/21/1981
   PC 484                       M      COMMITMENT               01/21/1981
---------------------------------------------------------------------
   CRT-DOCKET: SJ 43470-C8032074    FILED: 12/10/1980   DA CASE #:
   CHARGE                 M/F    PRS    ENHC
   PC 220       AA         F
   DISPOSITION: HELD TO ANSWER           DDSP: 01/13/1981

   CHARGE                 M/F    PRS    ENHC
   PC 207       AA         F
   DISPOSITION: HELD TO ANSWER           DDSP: 01/13/1981

   CHARGE                 M/F    PRS    ENHC
   PC 236/237             F
   DISPOSITION: HELD TO ANSWER           DDSP: 01/13/1981
---------------------------------------------------------------------
   CRT-DOCKET: SU 43100-77985      FILED: 01/26/1981   DA CASE #:
   CHARGE                 M/F    PRS    ENHC
   PC 220       AA         F
   DISPOSITION: CONVICTED               DDSP: 05/22/1981
```

38

```
JPQH            V46  QUERY SINGLE CEN HISTORY      06/10/2005  11:19 PAGE: 16
                SANTA CLARA COUNTY ARREST AND DISPOSITION HISTORY
PFN: BBZ132 LNAM: VILLEGAS        FNAM: EDWARD        MNAM: EUGENE      GEN:
CASE#/PURPOSE: CC577225, PSI P544
```

```
    SENTENCE:            08/28/1981
     PRISON:            4 YEARS CALIFORNIA DEPT CORRECTIONS,
     PRISON ENH:
     NOTE:              INCLUDES 1YR FOR AA.CTS 222DS.

    CHARGE                M/F   PRS    ENHC
    PC 207    AA           F
    DISPOSITION: CONVICTED
                                      DDSP: 05/22/1981

    SENTENCE:            08/28/1981
     PRISON:            4 YEARS CALIFORNIA DEPT CORRECTIONS,
     PRISON ENH:
     NOTE:              INCLUDES 1YR FOR AA.CTS 222DS.

    CHARGE                M/F   PRS    ENHC
    PC 236/237            F
    DISPOSITION: CONVICTED
                                      DDSP: 05/22/1981

    SENTENCE:            08/28/1981
     PRISON:            4 YEARS CALIFORNIA DEPT CORRECTIONS,
     PRISON ENH:
     NOTE:              INCLUDES 1YR FOR AA.CTS 222DS.

    CHARGE                M/F   PRS    ENHC
    PC 261(2)&(3)         F
    DISPOSITION: CONVICTED
                                      DDSP: 05/22/1981

    SENTENCE:            08/28/1981
     PRISON:            4 YEARS CALIFORNIA DEPT CORRECTIONS,
     PRISON ENH:
     NOTE:              INCLUDES 1YR FOR AA.CTS 222DS.
```

```
************************************************************************
CEN      ARST DATE  BOOK DATE  BOOK TYPE
9007989  01/01/1800 02/15/1990 LOCAL BENCH WARRANT         RELEASE      STATUS
STAY DT/CD:                         VER IND: UNKNOWN   02/16/1990 03:40 SCIT
AAG                                                   
SAN JOSE PD      2640  -           OFCN         DASN
BOOKING CHARGES:                    900461147
VC 21651(A)              M/F    DSP
VC 4000(A)               I     TRAFFIC-NONREPORT DISP          DDSP
VC 40508(A)              I     TRAFFIC-NONREPORT DISP    02/15/1990
VC 22102                 M     TRAFFIC-NONREPORT DISP    02/15/1990
VC 5204(A)               I     TRAFFIC-NONREPORT DISP    02/15/1990
VC 16028(A)              I     TRAFFIC-NONREPORT DISP    02/15/1990
VC 4454(A)               I     TRAFFIC-NONREPORT DISP    02/15/1990
                         I     TRAFFIC-NONREPORT DISP    02/15/1990
************************************************************************
```

**39**

```
JPQH         V46   QUERY SINGLE CEN HISTORY        06/10/2005  11:19 PAGE: 17
                   SANTA CLARA COUNTY ARREST AND DISPOSITION HISTORY
PFN: BBZ132 LNAM: VILLEGAS          FNAM: EDWARD       MNAM: EUGENE      GEN:
CASE#/PURPOSE: CC577225, PSI P544
```



```
*******************************************************************************
 CEN     ARST DATE  BOOK DATE  BOOK TYPE                    RELEASE      STATUS
8747779  01/01/1800 03/06/1987 LOCAL BENCH WARRANT          03/24/1987 11:00 CREL
  STAY DT/CD:                         VER IND: UNKNOWN
  AAG                    ARR OFFCR              OFCN         DASN
  SAN JOSE PD            B1273 -
  BOOKING CHARGES:              M/F         DSP                       DDSP
  VC 23152(A)                   M           PRIOR BOOKING            03/06/1987
  VC 23152(B)                   M           PRIOR BOOKING            03/06/1987
*******************************************************************************
 CEN     ARST DATE  BOOK DATE  BOOK TYPE                    RELEASE      STATUS
8623543  01/01/1800 07/14/1986 ONVIEW                       07/14/1986 10:50 ORP
  STAY DT/CD:                         VER IND: UNKNOWN
  AAG                    ARR OFFCR              OFCN         DASN
  SAN JOSE PD            S2479 -                861950206
  BOOKING CHARGES:              M/F         DSP                       DDSP
  HS 11550(B)                   M           849B-OTHER UNSPECIFIED   07/14/1986
  VC 23152(A)                   M           FILED
-------------------------------------------------------------------------------
  CRT-DOCKET: SJ 43470-C8678274   FILED: 10/06/1986   DA CASE #:
  CHARGE                 M/F    PRS    ENHC
  VC 23152(A)             M
  DISPOSITION: CONVICTED                      DDSP: 03/23/1987

  SENTENCE:              01/01/1800, IMPOSITION SENT SUSPENDED
    PROBATION JAIL:      30 DAYS COUNTY JAIL CONCURR
    PROBATION:           3 YEARS COURT PROBATION
    PROBATION FINE:      $400.00 FINE, $320.00 PENALTY ASSESSMENT
    NOTE:                RF;CTS 30D; SER CONC STATE PRISON SENT. FINE DEEMED SAT

  CHARGE                 M/F    PRS    ENHC
  VC 23152(B)             M
  DISPOSITION: DISMISSED                      DDSP: 03/23/1987

*******************************************************************************
```

**40**

```
JPQH          V46  QUERY SINGLE CEN HISTORY        06/10/2005  11:19 PAGE: 18
                   SANTA CLARA COUNTY ARREST AND DISPOSITION HISTORY
PPN: BBZ132 LNAM: VILLEGAS      FNAM: EDWARD      MNAM: EUGENE      GEN:
CASE#/PURPOSE: CC577225, PSI P544

   CEN     ARST DATE  BOOK DATE  BOOK TYPE                 RELEASE       STATUS
8154919  01/01/1800 05/22/1981 COMMITMENT              09/17/1981 05:00 A
   STAY DT/CD:                      VER IND: UNKNOWN
   AAG                  ARR OFFCR              OFCN         DASN
   SHERIFFS OFFICE  M6158 -            REMAND
   BOOKING CHARGES:            M/F        DSP                  DDSP
   PC 220                      F      COMMITMENT           05/22/1981
   PC 207                      F      COMMITMENT           05/22/1981
   PC 261(2)(3)                F      COMMITMENT           05/22/1981
   VC FTA 4000A                M      COURT FILED CHARGE   06/07/1981
   VC 14601.1A                 M      COURT FILED CHARGE   06/07/1981
**************************************************************************
   CEN     ARST DATE  BOOK DATE  BOOK TYPE                 RELEASE       STATUS
8064722  01/01/1800 11/05/1980 ONVIEW                 12/10/1980 13:05 OR
   STAY DT/CD:                      VER IND: UNKNOWN
   AAG                  ARR OFFCR              OFCN         DASN
   SHERIFFS OFFICE  L0162 -            8018810
   BOOKING CHARGES:            M/F        DSP                  DDSP
   PC 211                      F      FILED
   PC 182                      F      849(B)1-INSUF CMPLNT 11/26/1980
-------------------------------------------------------------------------
   CRT-DOCKET: SJ 43470-C8029595   FILED: 11/06/1980  DA CASE #:
   CHARGE               M/F   PRS   ENHC
   PC 211                F
   DISPOSITION: DISMISSED           DDSP: 11/26/1980

   CHARGE               M/F   PRS   ENHC
   PC 484               (M)
   DISPOSITION: CONVICTED           DDSP: 01/21/1981

   CHARGE               M/F   PRS   ENHC
   PC 242               (M)
   DISPOSITION: CONVICTED           DDSP: 01/21/1981

   SENTENCE:         01/01/1800
     JAIL:           120 DAYS COUNTY JAIL
     NOTE:           CTS 56 DAYS

**************************************************************************
   CEN     ARST DATE  BOOK DATE  BOOK TYPE                 RELEASE       STATUS
8023331  01/01/1800 10/25/1980 CRIMINAL CITATION          RELEASE       STATUS
   STAY DT/CD:                      VER IND: UNKNOWN
   AAG                  ARR OFFCR              OFCN         DASN
   SAN JOSE PD      1999 -
   BOOKING CHARGES:            M/F        DSP                  DDSP
   VC 14601.1(A)               M      FILED
   VC 4000A                    I      FILED
-------------------------------------------------------------------------
   CRT-DOCKET: SJ 43470-C8137283   FILED: 03/04/1981  DA CASE #:
   CHARGE               M/F   PRS   ENHC
   VC 14601.1(A)        (M)
```

**41**

```
JPQH        V46  QUERY SINGLE CEN HISTORY        06/10/2005  11:19 PAGE: 19
                 SANTA CLARA COUNTY ARREST AND DISPOSITION HISTORY
PFN: BBZ132 LNAM: VILLEGAS          FNAM: EDWARD      MNAM: EUGENE     GEN:
CASE#/PURPOSE: CC577225, PSI P544
```

```
    DISPOSITION: CONVICTED                    DDSP: 06/08/1981

    CHARGE                   M/F     PRS     ENHC
    VC 4000A                  I
    DISPOSITION: CONVICTED                    DDSP: 06/08/1981

    SENTENCE:           01/01/1800, IMPOSITION SENT SUSPENDED
      PROBATION JAIL:   10 DAYS COUNTY JAIL
      PROBATION:        1 YEAR SUMMARY PROBATION

****************************************************************************
CEN    ARST DATE BOOK DATE  BOOK TYPE                     RELEASE     STATUS
8084600  01/01/1800 10/17/1980 ONVIEW                 11/03/1980 14:10 CREL
    STAY DT/CD:                        VER IND: UNKNOWN
    AAG                 ARR OFFCR            OFCN        DASN
    CHP-SAN JOSE        7944 -              825987
    BOOKING CHARGES:          M/F          DSP                      DDSP
    VC 23102A                 M           FILED
    PC 594A                   M           COURT FILED CHARGE     10/17/1980
    PC 415                    M           COURT FILED CHARGE     10/17/1980
----------------------------------------------------------------------------
    CRT-DOCKET: SC 43473-D8015717   FILED: 10/20/1980   DA CASE #:
    CHARGE                   M/F     PRS     ENHC
    VC 23102A                (M)      1
    DISPOSITION: CONVICTED                    DDSP: 12/09/1980

    SENTENCE:           01/01/1800

    SENTENCE:           06/17/1981, PROBATION REVOKED,
                        IMPOSITION SENT SUSPENDED
      PROBATION JAIL:   19 DAYS COUNTY JAIL
      PROBATION:        2 YEARS FORMAL PROBATION
      PROBATION FINE:   $410.00 FINE, $110.00 PENALTY ASSESSMENT
      NOTE:             SUSPEND LICENSE

    CHARGE                   M/F     PRS     ENHC
    VC 14601.1A               M
    DISPOSITION: DSMSD/VIEW OF PLEA     DDSP: 11/24/1980

****************************************************************************
CEN    ARST DATE BOOK DATE  BOOK TYPE                     RELEASE     STATUS
7966692  01/01/1800 10/23/1979 ONVIEW                 11/20/1979 06:30 SREL
    STAY DT/CD:                        VER IND: UNKNOWN
    AAG                 ARR OFFCR            OFCN        DASN
    SAN JOSE PD        1948 -              792950794
    BOOKING CHARGES:          M/F          DSP                      DDSP
    PC 459                    F           849B-CMPLNT REFUS PROS 10/25/1979
    PC 594A  FTA              M           PRIOR BOOKING          10/23/1979
    PC 415(1) FTA             M           PRIOR BOOKING          10/23/1979
    PC 415(2) FTA             M           PRIOR BOOKING          10/23/1979
```

**42**

```
          SUPERIOR COURT                                        CASE NO.    CC577225
          190 W. HEDDING STREET                                            05000235
          SAN JOSE, CA 95110
          EDWARD EUGENE VILLEGAS           DATE     07/08/2005  8:53AM           24
PEOPLE VS. 001207          LANCELOT LA     11/22/1958 CAN585660?  DEPT. CDY RK17
L.K.A.     SAN JOSE, CA 95127             CLERK    M. FORTUNA              BBZ132 M
           HON. RONALD T. LISK            HEARING  PROBATION AND SENTENCING
JUDGE      T. GANDSEY                     AGENCY   SJ-04313-2406 -MOJICA
REPORTER   PUB DEF            F. BERRY    STATUS   I-SET -NBA
DEF. ATTY. F(001)HS11377(A)    D.A.       L. ROBINSON                    SUPD:PTWO
CHARGES                                   M(002)HS11550(A) APO            VIOLATION DATE
                                                                         01/01/2005
```

NEXT APPEARANCE

Atty Present: DelAlcazar

PLEA Conditions

FINES/FEES  PAY TO

| Count | F/M | Violation | Prison Term / Yrs | Enhancement / Priors | Yrs / Styd / Strkn | HRS / DAYS / MOS / County Jail |
|-------|-----|-----------|-------------------|---------------------|---------------------|--------------------------------|
| 1 | F | HS11377(a) | L 32 mos | PC667(b)-(i) 11/17/12 | | |
| 2 | M | HS11550(a) | 90 days CJ - CTS 90 days | | | |

| Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Enhancement | Yrs/S | Total |
|-------------|-------|-------------|-------|-------------|-------|-------------|-------|-------------|-------|-------|

CTS = 189   ACT + 94   ☑PC4019 ☐PC2933.1 = 283   TOTAL DAYS   TOTAL TERM CDC 32 mos 47

DISTRIBUTION:   BLACK - FILE COPY,   GREEN - DOC,   BLUE - CJIC / DOR   PURPLE - PROBATION,   BROWN - DEFENDANT

**DEPARTMENT OF CORRECTIONS AND REHABILITATION**
**Division of Adult Parole Operations**
**P.O Box 942883**
**Sacramento, CA 94283-0001**

CDC 51 –Addendum (Rev 2/06)                    **\* HIGH CONTROL \***
                                               Addendum
                        **SPECIAL CONDITIONS OF PAROLE**


Name: Villegas, Edward_____          CDC#:_V88135____  _____


You shall comply with all of the following special conditions while you are on parole. You shall have prior
written or verbal approval from your assigned parole agent or DAPO for any exceptions.

### SUBSTANCE ABUSE:

| | | Reason | Initial |
|---|---|---|---|
| 1. | You shall participate in anti-narcotic testing in accordance with instructions from your parole agent. | 3,4 | EEV |
| 2. | You shall totally abstain from the use or possession of any alcoholic beverages, liquors, or self prescribed medications that contain alcohol. | 4 | EEV |
| 3. | You shall participate and complete a residential/outpatient drug treatment program as directed by your parole agent. | 3,4 | EEV |
| 4. | You shall not enter a business whose primary purpose is to sell or serve alcoholic beverages. | 4 | EEV |

### TREATMENT:

| | | Reason | Initial |
|---|---|---|---|
| 1. | You shall attend Parole Outpatient Clinic (POC) for an initial evaluation and remain in that treatment program as directed by your POC clinician and parole agent. | 7 | EEV |
| 2. | You shall actively participate in any programs specific to your criminal offense history or behavior, as directed by your parole agent. | 7 | EEV |
| X 3. | You shall participate in a psychiatric treatment program as approved by your parole agent. | 7 | EEV |
| 4. | You shall actively participate in any specific to the High Risk Sexual Offender/High Control/Sexual Habitual Offender/Sexually Violent Predator Program as directed by DAPO. | 7 | EEV |
| 5. | You must submit to any psychological or physiological assessment to assist in treatment planning and/or parole supervision due to CCCMS or EOP status. | 7 | EEV |

### CONTACT WITH MINORS:

| | | Reason | Initial |
|---|---|---|---|
| 1. | You shall not initiate, establish or maintain contact with anyone under the age of 18. "No contact" means exactly that. No contact in any form, whether direct or indirect, personally, by telephone, letter, electronic, computer, or through another person. | 7 | EEV |
| 2. | You shall not have contact with females between the ages of 14 and 18 years. "No contact" means exactly that. No contact in any form, whether direct or indirect, personally, by telephone, letter, electronic, computer, or through another person | 7 | EEV |
| 3. | You must immediately inform your parole agent regarding to any contact with a minor whether it is "accidental" or not. | 7 | EEV |
| 4. | You shall not be within 100 yards of the perimeter of places where children congregate (day care centers, schools, parks, playgrounds, video arcades, swimming pools, etc.). | 7 | EEV |

Name: _____    CDC#:_____

**RELATIONSHIPS:**

| | | Reason | Initial |
|---|---|---|---|
| 1 | You shall not date, socialize or form a romantic interest or sexual relationship with any person who has physical custody of a minor. | | |
| 2 | You shall not form a romantic interest or sexual relationship with any person without prior approval. | | |
| 3 | You shall not form a romantic interest or sexual relationship with a woman/man under the age of 18 years. | 7 | |
| 4 | You shall inform all persons with whom you have a significant relationship/association about your criminal history. | | |
| 5 | You shall inform all persons with whom you have a sexual or romantic relationship, that you have been diagnosed as having a deadly communicable disease. | | |

**VICTIM(S):**

| | | Reason | Initial |
|---|---|---|---|
| 1 | You shall not enter the premises, travel past or loiter near where your victim frequents, resides, is employed or attends classes. | 7 | |
| 2 | You shall not contact your crime victim(s), their families or friends.  This includes contact in person, by telephone, mail, electronic, computer or through another person. | 7 | |
| 3 | You shall not contact, or cause to be contacted _____ in any manner (in person, by telephone, by mail, electronic, computer, or through a third party). | | |

**ASSOCIATION:**

| | | Reason | Initial |
|---|---|---|---|
| 1. | You shall not have contact by any means, with known sex offenders. | 7 | |
| 2. | You shall not associate with any alcohol or drug users. | 7 | |
| 3. | You shall not correspond with inmates or other parolees without written permission from your parole agent as defined in CA Code of Regulation, Title 15, Section 3140. | | |
| 4. | You shall not have contact with co-defendants or other arrestees or suspects of your offense. | | |

**TRAVEL:**

| | | Reason | Initial |
|---|---|---|---|
| 1. | You shall not travel more than 25 miles from your residence of record. | | |
| 2. | You shall not travel to or through the city/town of _____. | | |
| 3. | You shall not travel to or through _____ County. | | |
| 4. | You shall not travel within _____ miles of _____ | | |
| 5. | You shall maintain and have in your possession, a travel log which shall include time of departure, time of arrival, destination, mileage, route traveled, with whom, etc.). | | |
| 6. | You shall not travel during the hours of:_____ | | |
| 7. | You shall not enter, travel past or loiter near areas of sexual or pornographic activity such as adult bookstores, massage parlors, topless bars, sex shops, etc. | 7 | |
| 8. | You shall not drive a motor vehicle alone with females. | 7 | |
| 9. | You shall not operate a motor vehicle (car, motorcycle, truck, etc.). | | |
| 10 | You shall notify your parole agent in advance of operating any motor vehicle, giving the make, model, year, color and license number. | 7 | |
| 11. | You shall not operate a motor vehicle without a valid driver license | | |

2

Name _____
CDC#:_____

| EMPLOYMENT: | reason | Initial |
|---|---|---|
| 1. Employment is to be approved by your parole agent. | 0, 4 | SS✓ |
| 2. You shall not obtain employment that allows you to enter a personal residence. | | |
| 3. You shall maintain full-time employment or attend school as approved by your assigned parole agent. | | |
| 4. Prior to starting any volunteer work, it must be approved by DAPO. | | |

| RESIDENCE: | reason | Initial |
|---|---|---|
| 1. You shall not reside in neighborhoods where large numbers of children reside. | | |
| 2. You shall not reside in an apartment complex where children reside. | | |
| 3. You shall not reside in a residence where minor children also reside. | | |
| 4. You shall observe a 10 PM to 6 AM curfew and remain within your approved residence except with the prior written permission of your parole agent; the written permission must be in your personal possession to be valid. | .7 | SS✓ |
| 5. You shall not reside near parks, schools, playgrounds, etc. | | |
| 6. You are prohibited from residing in a residence with any person also required to register pursuant to PC Section 290, unless they are legally related to you by blood, marriage or adoption. This does not include treatment programs or board and/or care facilities. | .7 | SS✓ |
| 7. You shall maintain a residence with a street address or other dwelling as approved by DAPO. | .7 | SS✓ |
| 8. You are prohibited from residing within one-half mile of any school that contains grade kindergarten through six, without Field Administrator Approval (If your commitment offense is Penal Code Section 288(A) or 288.5) | | |

| POSSESSION: | reason | Initial |
|---|---|---|
| 1. You shall not purchase, possess or have access to sexually explicit pictures, magazines, videotapes, or movies. | .7 | SS✓ |
| 2. You shall not view, purchase, or possess video tapes, films, or magazines depicting individuals (minors or adults) engaged in sexual activity or actors engaged in sexual activity and representing themselves to be under age 18. | .7 | SS✓ |
| 3. You shall not view, possess or have access to videotapes, films, magazines or photographs depicting any type of sexual activity or sexually oriented material. | | |
| 4. You shall not possess or have access to handcuffs, restraint equipment or other items that could be used for restraint, control or confinement | | |
| 5. You shall not possess handcuffs or handcuff keys. | | |
| 6. You shall not possess or have access to children's clothing, toys or games or other similar material related to children's interests. | | |
| 7. You shall not possess or view any material that can be considered obscene | | |
| 8. You shall not possess or have access to any household pets or animals | | |
| 9. You shall not possess or have access to cameras, video cameras or photography equipment of any kind. | | |
| 10. You shall not use, possess or have access to any electronic or computer equipment that is attached to a modem or telephonic device. | | |
| 11. You shall not use a computer to communicate with other users, or obtain any pornographic materials or information. | | |

3

Name: _____     CDC#:_____

## POSSESSION (Con't):

| | | Reason | Initial |
|---|---|---|---|
| 12. | Unless you possess a valid driver's license, you shall obtain and possess a California Identification Card. | | |
| 13. | You shall not possess law enforcement identification, insignia, badges, uniforms, or others identified with law enforcement. | | |
| 14. | You shall not use, possess or have access to surveillance equipment, electronic pagers, radio scanners, cellular or mobile telephones. | | |
| 15. | You shall not possess any type of police scanner, police radio, or other telecommunications device(s), which monitor police radio transmission. | | |
| 16. | You shall not possess any type of body armor or bullet proof vest. | | |
| 17. | You shall not wear, possess, or purchase costumes, masks, or other identity concealing items. | | |
| 18. | You shall not have access to a post office box, storage facility or locker. | | |
| 19. | You shall not possess or have access to checks, money orders or credit cards. | | |
| 20. | You shall not possess or have access to latex, surgical or any other type of gloves. | | |
| 21. | You shall have your updated Penal Code 290 registration verification with you at all times. You must present it during any contact or interaction with any law enforcement officer. | 7 | ϟϟV |

## GANG:

| | | Reason | Initial |
|---|---|---|---|
| 1. | No gang participation as defined in CCR, Title 15, Section 2513(e), Gang Participation. | | |
| 2. | You are not to contact or associate with any person you know or reasonably should have known to be a gang member or associate (PC 182.5 & 186.22). | | |
| 3. | You shall not contact or associate with any person you know or should have known to be a gang member or associate. | 13 | ϟϟV |
| 4. | You are not to wear, or have in your possession, clothing/apparel with colors you know or should have known to be affiliated with a gang. | 13 | ϟϟV |
| 5. | You are not to be in the vicinity of _____, a known place of gang activity/loitering/congregating, without your parole agent's authorization. | | |
| 6. | You are not to possess items such as photographs, written material, publications, jewelry, or any other items depicting/describing activity/association you know or should have known were gang related. | 13 | |

## DOMESTIC VIOLENCE:

| | | Reason | Initial |
|---|---|---|---|
| 1. | You shall successfully complete a Domestic Violence/Batter's Program as outlined in Penal Code Section 1203.097 | | |
| 2. | You will not threaten, stalk, sexually abuse, harass, or commit further violent acts against the victim(s). | | |
| 3. | You shall not come within at least 100 yards of the victim or the victim's residence or workplace | | |
| 4. | You shall not have personal, telephonic, electronic, media, or written contact with the victim(s). | | |

Name _____     CDC#:_____

OTHER (Con't):

| | | Reason | Initial |
|---|---|---|---|
| 1. | You shall not place or answer any type of classified personal advertisement. | | |
| 2. | You shall not use or access any sexually oriented telephone numbers (e.g. 800, 900, etc.). | 7 | EEV |
| 3. | You shall not hitchhike or pickup hitchhikers. | 7 | EEV |
| 4. | You shall participate in electronic monitoring as directed by DAPO. | | |
| 5. | You shall not use any fictitious names or attempt to change your name. | | |
| 6. | You shall notify your parole agent in advance, if you plan to spend the night away from your address of record, giving the name, address and telephone number. | 7 | EEV |
| 7. | You shall not use any public shower facility, join any health club, physical fitness training facility or sports clubs that allow minors. | | |
| 8. | You shall be responsible for your appearance at all times, including the wearing of appropriate clothing. | | |
| 9. | You shall contact your parole agent within 24 hours of any type of Law Enforcement contact (traffic stop, identification check, suspect, witness, etc.). | | |
| 10. | You shall: | | |

## REASONS FOR SPECIAL CONDITIONS OF PAROLE

1 = History of drug use.
2 = History of alcohol use/abuse.
3 = Related/Nature of commitment offense(s).
4 = Related to previous offense(s).
5 = Related to prior/current parole violation(s).
6 = History of psychiatric/psychological problems.
7 = History of predatory sexual behavior.
8 = Offender typology.
9 = POC referral as required per PC 3002.
10 = Other good cause determined by parole agent.
11 = Parolees who are validated gang members.
12 = Parolees convicted of PC 182.5 and PC 186.22.
13 = Parolees with a history of gang involvement/activity/association.

_____    1/16/07
Parolee Signature                          Date

_C. Strieff_____    1/12/07
Parole Agent Signature                     Date

_E. Roberson_____    9/25/ __
Unit Supervisor Signature                  Date

STATE OF CALIFORNIA

**CHARGE REPORT**
CDC 1502-3 (08/05)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
DISTRIBUTION
ORIGINAL – C-FILE
1ST COPY – FIELD FILE
2ND COPY – PAROLEE

**REPORT TO:** ☒ **BOARD OF PAROLE HEARINGS**

| CDC NUMBER: | NAME: (LAST, FIRST, MI) | NAME BOOKED AS | REGION/UNIT |
|---|---|---|---|
| V88135 | VILLEGAS, EDWARD | SAME | II, SAN JOSE 4 |

| ARREST DATE | ARRESTING AGENCY | BPH REFERRALS: | BOOKING NUMBER AND/OR LOCATION |
|---|---|---|---|
| N/A | NIC | ☒ MANDATORY ☐ NON-MANDATORY | N/A |

| ARREST CODE * | * ARREST CODES | | | |
|---|---|---|---|---|
| N/A | A   DAPO STAFF ALONE<br>AB  DAPO ASSISTED BY LAW ENFORCEMENT AGENCY | B   LAW ENFORCEMENT AGENCY ALONE<br>D   LAW ENFORCEMENT AGENCY WITH INFORMATION FROM DAPO | | |

| HOLD DATE | DISCOVERY DATE | HOLD REMOVED DATE | AGENT OF RECORD | CONTROLLING DISCHARGE DATE | DISCHARGE REVIEW DATE | IMMINENT DISCHARGE |
|---|---|---|---|---|---|---|
| N/A | 08-21-07 | N/A | SIMON | 01-11-2010 | 01-11-08 | ☐ |

| CHARGES AND CODES | CHARGES AND CODES |
|---|---|
| COND 4: Jessica's Law/AB113 compliance (999)<br><br>1.<br><br>2.<br><br>3. | 4.<br><br>5.<br><br>6. |

| REASON FOR RETAINING PAROLE HOLD: PAROLEE DANGER TO | DATE COPY GIVEN | NAME OF PERSON NOTICING PAROLEE |
|---|---|---|
| ☐ ABSCOND   ☐ SELF   ☐ PROPERTY – OTHERS   ☒ SAFETY -OTHERS | | |

## NIC REFERAL

On 08-21-07, Villegas was found to be in violation of State Law. Villegas was served with a Notice to Comply and a Modified Condition of Parole to move from his non-compliance residence within 45 days of today's date. Villegas understands that if he does not comply with AB113 within the time frames he will be returned to custody. Villegas has signed the MCOP as of this date.

PAROLE AGENT'S RECOMMENDATION:

Allow 45 days to comply with Proposition 83/AB113.

| PAROLE AGENT'S SIGNATURE | DATE |
|---|---|
| J. Simon   *(signature)* | 8/23/07 |

**UNIT SUPERVISOR'S ACTION**

| ☐ DECISION | ☒ REVIEW | ☐ RETAIN HOLD | ☐ RELEASE HOLD AS OF (DATE) | ☐ CANCEL WARRANTS - WANTS |
|---|---|---|---|---|
| ☐ CONTINUE ON PAROLE | | ☐ CONTINUE IN OUT-PATIENT STATUS | ☐ *DISCHARGE EFFECTIVE DATE | ☐ RETAIN ON PAROLE |
| ☐ REINSTATE ON PAROLE AS OF (DATE) | ☐ TIME LOSS<br>☐ NO TIME LOSS | ☐ SUSPENDED/REINSTATE IN OPS AS OF (DATE) | ☒ REFER TO BPH | ☒ INVESTIGATE, SUBMIT APPROPRIATE REPORT BY (DATE) |
| SPECIAL CONDITION(S) | | | ☐ ADD | ☐ DELETE |

UNIT SUPERVISOR'S COMMENTS/RECOMMENDATION:
☒ I HAVE LOOKED AT THE INFORMATION. I BELIEVE THERE IS PROBABLE CAUSE TO MAINTAIN THE PAROLE HOLD

*(handwritten)* Refer to BPH

| UNIT SUPERVISOR'S SIGNATURE | DATE |
|---|---|
| T. Roberson   *(signature)* | 8/23/07 |

PAROLE ADMINISTRATOR'S COMMENTS/DECISION

| ☐ REFER TO BPH | ☐ *DISCHARGE EFFECTIVE DATE | FIELD ADMINISTRATOR'S SIGNATURE | DATE |
|---|---|---|---|

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION

ARNOLD SCHWARZENEGGER, GOVERNO

**OFFICE OF THE SECRETARY**
P. O. Box 942883
Sacramento, CA 94283-0001



## NOTICE TO COMPLY

To Whom It May Concern:

Proposition 83, the Sexual Predator Punishment and Control Act, better known as Jessica's Law, was passed by the voters of California on November 7, 2006. Pursuant to Proposition 83, Section 21 amended Penal Code (PC) Section 3003.5 to read, in part:

> *(b) Notwithstanding any other provision of the law, it is unlawful for any person for whom registration is required pursuant to Section 290 to reside within 2,000 feet of any public or private school, or park where children regularly gather.*

This law will apply to registered sex offenders released from custody on or after November 8, 2006. Based on the passage of this provision, and your release from custody on or after November 8, 2006, you have been served with a Modified Condition of Parole which directs you to comply with this law.

I have authorized staff to provide affected offenders in the community with a 45-calendar day period to come into compliance with this law. This is a one-time offer, and will not be extended beyond 45 calendar days. Your 45-day period commences effective *August 23, 2007* 2007. You **must** be in compliance with your residency restrictions no later than *Oct 7, 2007*, 2007.

I encourage you to examine your resources and explore your options for an appropriate alternative. **Failure to become compliant within your period will result in your immediate arrest and revocation.**

It is critical that you accept responsibility for your compliance with this law, and act promptly. Questions concerning this lawful instruction to comply with the law can be directed to your Parole Agent.

ORIGINAL SIGNED BY

JAMES E. TILTON
Secretary
California Department of Corrections and Rehabilitation

# Court of Appeal of the State of California

### IN AND FOR THE

# FILED

## First Appellate District

SEP 28 1984
Court of Appeal - First App. Dis
CLIFFORD C. PORTER, Clerk
BY_____
DEPUTY

## Division___FIVE___

In re Edward Eugene Villegas
   on Habeas Corpus

No.___A028991___

Superior Court No.___

BY THE COURT:

    The Supreme Court having issued its order to show cause herein before this court, when the matter is ordered on calenda , why the assessment of penalties pursuant to Penal Code section 2932, which became effective on January 1, 1983, is not ex post facto as applied to petitioner's misconduct which occurred on October 27, 1982, specifying that the written return shall be served and filed on or before October 5, 1984,

    The order to show cause is ordered on calendar for oral argument before Division Five at its courtroom in the State Building, San Francisco, at 9:00 a.m. Thursday, November 29, 1984.  Petitioner's written traverse to the return shall be se: ed and filed on or before October ∠b, 1984.

Dated.  SEP 28 1984

**LOW, P.J.**

_____ P.J.



# Court of Appeal of the State of California

IN AND FOR THE

## First Appellate District

Division FIVE

FILED

NOV 1 3 1984

Court of Appeal - First App. |
CLIFFORD C. PORTER, Clerk

BY_____
DEPUTY

In re Edward Eugene Villegas
on Habeas Corpus

No. A028991

Superior Court No._____

BY THE COURT:

Upon consideration of the petition and return herein, it sufficiently appears that the parties agree as to the governing legal principles and that the Department of Corrections was not authorized to assess more than 90 days loss of behavior credits against petitioner for the acknowledged major prison offense committed during the fall of 1982. (See Weaver v. Graham (1981) 450 U.S. 24.) The Department of Corrections shall restore forthwith to petitioner any credits assessed in excess of 90 days and not heretofore restored, and shall correct its records and reschedule petitioner's release date as necessary. If petitioner' release date as thus recheduled has already passed, petitioner shall be released on parole forthwith and any time spent in pris after the rescheduled release date shall be deducted from his parole period. This matter is ordered off the November 29, 1984 oral argument calendar.

Dated_____NOV 1 3 1984_____

LOW, P.J.

_____ P.J.

33.

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region

1. _____
2. _____

Log No. _____
1. _____
2. _____

Category _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| Villegas | V88135 | RELeased. Lived at Home. | |

A. Describe Problem: I went to Prison for Posession of Meth, 11377.0 and probation violation. Before my Incorceration, I have been living with my daughter who I have sole and physical custody of from Santa Clara County in 1990 2 years after I was released from prison. and I've maintained my Custody, and Parental Rights, till I was released from prison. that CDC. placed on Me. for A sexual Crime, I did time for, and A charge that was never prosecuted that is being used to deem me A high profile sex offender! Which on the contrary, I've filed A statutory Rape Charge towards my daughters Boy friend I've had minor drug charges. And I'm under strict guidelines because of my past that were not inafect then, ARE A violation of expost facto

If you need more space, attach one additional sheet. and double jepordy. and 8th and 14th Amendments!

B. Action Requested: I have sole and physical custody of my daughter. I've Raised her on it's not I go to prison. for H.s. 11377 and because of my past I have been place with heavy burdens that I don't discive nor were part of my Plea bargain. All I would to continue Raising my child and to Have that High Profile Removed from my file. I'm Not A pervert. (Continue on separate page)

Inmate/Parolee Signature: _Edward E.B_  Date Submitted: 1/16/07

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

Staff Signature: _____    Date Returned to Inmate _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:
_____

1

2

3

4

5

6                         IN THE UNITED STATES DISTRICT COURT

7

8                       FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    JOHN DOE,

10            Plaintiff,                          No. C 06-06968 JSW

11       v.

12   ARNOLD SCHWARZENEGGER, et al.,              **ORDER OF DISMISSAL**

13            Defendants.

14   _____/

15          Plaintiff John Doe filed this action challenging the constitutionality of the Sexual

16   Predator Punishment and Control Act: Jessica's Law ("SPPCA"), which was enacted by

17   California voters on November 7, 2006.  The SPPCA prohibits registered sex offenders from

18   residing within 2,000 feet of any public or private school or park where children regularly

19   gather.  Cal. Pen. Code § 3003.5.  Over twenty years ago, Plaintiff pled guilty and was

20   convicted of a felony for which he must register as a sex offender pursuant to California Penal

21   Code § 290.  (Declaration of John Doe, ¶ 2.)  He was sentenced to three months confinement,

22   probation, and mandatory registration as a sex offender for life.  (*Id.*)  In 1999, a California

23   court set aside his plea and dismissed the original criminal charges pursuant to California Penal

24   Code § 1203.4.  (*Id.*, ¶ 3.)

25          On November 8, 2006, this Court granted Plaintiff's application for a temporary

26   restraining order and set a briefing schedule on Plaintiff's motion for a preliminary injunction.

27   In the briefs filed in opposition to Plaintiff's motion, it appeared as though all parties agreed

28   that the SPPCA did not apply retroactively.  (Docket No. 19 at p. 4-6; Docket No. 21 at p. 3.)  If

the

*United States District Court*
For the Northern District of California

1   SPPCA only applies prospectively, it would be inapplicable to Plaintiff, and, thus, he would not

2   have standing to bring this constitutional challenge. Because "standing is an aspect of subject

3   matter jurisdiction," the Court may address this issue *sua sponte*. *Fleck and Assocs., Inc. v.*

4   *Phoenix, City of, an Arizona Mun. Corp.*, 471 F.3d 1100, 1107 n.4 (9th Cir. 2006).

5                                          **ANALYSIS**

6            "Article III of the Constitution requires that a plaintiff have standing before a case may

7   be adjudicated." *Covington v. Jefferson County*, 358 F.3d 626, 637 (9th Cir. 2004). To satisfy

8   the Constitution's standing requirements, a plaintiff must show (1) an "injury in fact" that is (a)

9   concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the

10   injury must be fairly traceable to the challenged action of the defendant; and (3) it must be

11   likely, as opposed to merely speculative, that the injury will be redressed by a favorable

12   decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *see also Covington*, 358

13   F.3d at 637-38. If the statute does not apply retrospectively, Plaintiff would have no actual or

14   imminent injury in fact because the statute would not apply to him.

15            "It is well settled that a new statute is presumed to operate prospectively absent an

16   express declaration of retrospectivity or a clear indication that the electorate, or the Legislature,

17   intended otherwise." *Tapia v. Superior Court*, 53 Cal. 3d 282, 287 (1991); *see also*

18   *Evangelatos v. Superior Court*, 44 Cal. 3d 1188, 1193-94 (1988) ("It is a widely recognized

19   legal principle ... that in the absence of a clear legislative intent to the contrary statutory

20   enactments apply prospectively."). This legal principle is embodied specifically in both the

21   California Civil and Criminal Codes. *See* Cal. Civ. Code § 3 ("No part of it is retroactive,

22   unless expressly so declared"); Cal. Crim. Code § 3 (same).

23            When a statute is silent on the issue of retrospectivity, California courts have held the

24   statute applies prospectively. *Evangelatos*, 44 Cal. 3d at 1194; *see also Tapia*, 53 Cal. 3d at 287

25   (finding a proposition operated prospectively where both the proposition and the related ballot

26   arguments were "entirely silent on the question of retrospectivity."). Here, the text of the

27   SPPCA is silent on the issue of retrospectivity. Judge Karlton in the Eastern District of

28   California recently examined the SPPCA. Based on the absence of any language addressing

**United States District Court**
For the Northern District of California

2

1  retroactivity in the SPPCA and based on the court's view that it was not "very clear" from

2  extrinsic sources that voters intended it to be retroactive, he concluded that it applied

3  prospectively. *Doe v. Schwarzenegger*, 2007 WL 471002, *3 (E.D. Cal. Feb. 9, 2007).  This

4  Court agrees with Judge Karlton's reasoning and similarly concludes that the SPPCA applies

5  prospectively.

6       Despite the parties' agreement that the SPPCA applies prospectively, they disagree on

7  what the term "prospsective" means in the context of the SPPCA. Plaintiff argues that

8  prospective means the statute does not apply to persons who were convicted before the date of

9  the SPPCA's enactment. (Docket No. 50 at p.6.)  The Governor argues that it applies only to

10  persons released after the SPPCA's effective date. (Docket No. 55 at p.1-2.)  The Attorney

11  General, on the other hand, argues that the SPPCA applies to registered sex offenders released

12  before the date of its enactment if they change their residence after November 7, 2006. Judge

13  Karlton recently described the Attorney General's position as "border[ing] on the frivolous" and

14  noted: "The SPPCA makes absolutely no distinction between sex offenders currently residing

15  within a 2,000 feet zone and those who later relocate within such an area." *Doe v.*

16  *Schwarzenegger*, 2007 WL 471002, *4.

17       Under either the Plaintiff's or the Governor's position, the SPPCA clearly does not

18  apply to Plaintiff. Plaintiff was both convicted and released years before the SPPCA was

19  enacted. (Declaration of John Doe, ¶ 2.)  Thus, under either interpretation, Plaintiff does not

20  have standing to challenge the SPPCA.

21                                **CONCLUSION**

22       For the foregoing reasons, the Court dismisses Plaintiff's complaint for lack of standing.

23  **IT IS SO ORDERED.**

24

25  Dated: February 22, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

26

27

28

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN DOE,

         NO. CIV. S-06-2521 LKK/GGH

     Plaintiff,

     v.

ARNOLD SCHWARZENEGGER,      **O R D E R**
Governor of California,
in his official capacity,
et al

     Defendants.
_____/

Plaintiffs challenge the constitutionality of the Sexual Predator Punishment and Control Act, which imposes residency restrictions and GPS monitoring on registered sex offenders. Pending before the court is plaintiffs' motion for a preliminary injunction. The court resolves the matter on the parties' papers and after oral argument. For the reasons set forth below, the court finds that the law has only prospective effect and is therefore inapplicable to plaintiffs.[1]

---

[1] By prospective effect, the court means that the law does not apply to persons convicted prior to the effective date of the

1

## I. Background

Plaintiffs challenge the constitutionality of the Sexual Predator Punishment and Control Act: Jessica's Law ("SPPCA"), which California voters enacted into law on November 7, 2006. The SPPCA prohibits registered sex offenders from residing within 2,000 feet of any public or private school, or park where children regularly gather, Cal. Penal Code § 3003.5, and requires them to be monitored by a global positioning system ("GPS") for parole, Cal. Penal Code § 3000.07, and for life, Cal. Penal Code § 3004. Previously, on November 17, 2006, the court granted a temporary restraining order with respect to the residency restriction but denied relief as to the GPS requirements. Pending before the court is plaintiffs' motion for a preliminary injunction.

**A. John Doe I**

Plaintiffs are registered sex offenders residing within California. John Doe I pled no contest over twenty years ago to several felonies requiring him to register as a sex offender under Cal. Penal Code § 290. Amended Decl. of John Doe I ("Doe I Decl.") ¶ 2. Pursuant to the plea agreement, plaintiff was sentenced to a term in state prison and was required to register as a sex offender for his lifetime. Id. 3-4. Thereafter, plaintiff pled no contest for his failure to maintain registration requirements and is currently on parole for that offense. Id. ¶¶ 8-9. In March

statute and who were paroled, given probation, or released from incarceration prior to that date. The court expresses no opinion upon the law's effect as to anyone else.

2

1 │ 2006, his parole conditions were amended by agreement to include
2 │ GPS monitoring for the remainder of his parole. Id. ¶ 11. The GPS
3 │ monitoring was conducted pursuant to (then) Cal. Penal Code § 3004.

4 │ As part of plaintiff's parole, he agreed "not to reside near
5 │ any parks, schools, or other areas where children congregate." Id.
6 │ ¶ 9. His current location, where plaintiff has resided for the
7 │ last nine months, has been approved by the California Department
8 │ of Corrections and Rehabilitation. Id. ¶ 10. However, it is
9 │ within 2,000 feet of several parks where children regularly gather.
10 │ Id. ¶ 14. Plaintiff has also stated that he is currently seeking
11 │ to relocate to another residence in the near future that is within
12 │ 2,000 feet of a school or park where children regularly gather.
13 │ Id. ¶ 18.

14 │ In October 2006, prior to the passage of the SPPCA, plaintiff
15 │ received a letter from parole authorities informing him of the
16 │ potential impact of the law. Id. ¶ 12. It stated that "[i]n the
17 │ event it is determined your residence is within 2000 feet of any
18 │ public or private school, or a park where children regularly
19 │ congregate, you will be required to move to a new residence to be
20 │ in compliance with the changes in the law." Mot. for Preliminary
21 │ Injunction, Ex. C.

22 │ **B. John Doe II**

23 │ John Doe II pled no contest to several felony offenses
24 │ requiring him to register as a sex offender over fifteen years ago.
25 │ Decl. of John Doe II ("Doe II Decl.") ¶ 2. Pursuant to the plea
26 │ agreement, plaintiff served a sentence and thereafter completed his

3

1 parole.  Id. ¶¶ 4-5.  He is currently in the process of obtaining

2 a Ph.D. from a university in California.  Id. ¶ 10.  Plaintiff

3 resides within 2,000 feet of a school or park where children

4 regularly gather and has lived at this location for sixteen months.

5 Id. ¶ 6.  Furthermore, plaintiff has stated his intention of moving

6 in the near future to another residence that is also within 2,000

7 feet of a school or park where children regularly gather.  Id. ¶

8 14.

9 **C. John Doe III**

10     John Doe III was convicted in 1974 of a felony offense

11 requiring him to register as a sex offender.  First Amended Compl.

12 ("FAC") ¶ 49.  As a result, he served a three year prison term.

13 Id. ¶ 4.  Currently, he is on probation for failing to maintain

14 registration requirements.  Id.  Plaintiff has been residing for

15 six months at a location within 2,000 feet of a park where children

16 regularly gather.  Decl. of John Doe III ("Doe III Decl.") ¶ 6.

17 He has also stated his intention of relocating to another residence

18 in the near future that is within 2,000 feet of a school or park

19 where children regularly gather.  Id. ¶ 17.

20                          **II. Standard**

21     A motion for preliminary injunction requires that the moving

22 party show either (1) a combination of probable success on the

23 merits and the possibility of irreparable injury, or (2) that

24 serious questions are raised and the balance of hardships tips

25 sharply in favor of the moving party.  Southwest Voters

26 Registration Educ. Project v. Shelley, 344 F.3d 914, 917 (9th Cir.

                                  4

1  2003); Dr. Seuss Enters. v. Penguin Books USA, Inc., 109 F.3d 1394,
2  1397 n.1 (9th Cir. 1997). These standards "are not separate tests
3  but the outer reaches of a single continuum." Int'l Jensen, Inc.
4  v. Metrosound U.S.A., 4 F.3d 819, 822 (9th Cir. 1993) (citation
5  omitted). As the probability of success on the merits decreases,
6  the degree of irreparable harm must increase. Big Country Foods,
7  Inc. v. Bd. of Educ. of the Anchorage Sch. Dist., 868 F.2d 1085,
8  1088 (9th Cir. 1989). Under either formulation, the court must
9  find that there is some significant threat of irreparable injury,
10 regardless of the magnitude of that injury. Id.

11                          **III. Analysis**

12         Plaintiffs request a preliminary injunction to enjoin
13 defendants from enforcing the provisions of the SPPCA imposing
14 residency restrictions and requiring GPS monitoring. Cal. Penal
15 Code §§ 3003.5, 3004, & 3000.07. As explained below, the court
16 finds that the SPPCA, properly construed, has only prospective
17 effect and is therefore inapplicable to plaintiffs.

18         As an irreducible minimum, Article III of the U.S.
19 Constitution requires plaintiffs to have suffered actual or
20 threatened injury that is caused by a defendant's putatively
21 illegal conduct and that can be redressed by a favorable court
22 ruling. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61
23 (1992). While plaintiffs may credibly fear that the SPPCA will
24 be enforced against them in light of its language and the letter
25
26

                                   5

that John Doe I received from parole authorities,[2] the court finds that the law does not apply to individuals who were convicted and who were paroled, given probation, or released from incarceration prior to its effective date.[3]

The court notes at the outset that it is obligated to adopt the interpretation of the law that best avoids constitutional problems. See I.N.S. v. St. Cyr, 533 U.S. 289, 299-300 (2001) ("[I]f an otherwise acceptable construction of a statute would raise serious constitutional problems, and where an alternative interpretation of the statute is 'fairly possible,' . . . we are obligated to construe the statute to avoid such problems."); see also Planned Parenthood of Idaho, Inc. v. Wasden, 376 F.3d 908, 925 (9th Cir. 2004). California courts follow the same rule. See Young v. Haines, 41 Cal. 3d 883, 898 (1986). Here, reading the SPPCA retroactively would raise serious ex post facto concerns, and the court is obligated to avoid doing so if it can reasonably construe the statute prospectively.[4]

---

[2] This is true even though none of the defendants currently hold the belief that the law should have full retroactive effect.

[3] The defendants are in disagreement on the precise scope of the statute's effect, but under any of the proposed interpretations, plaintiffs would fall outside the class of affected individuals.

[4] In light of the constitutional avoidance doctrine, the task of interpreting the SPPCA does not raise particularly difficult or complex issues of state law. Although defendants Schwarzenegger, Tilton, Davis, and Hoffman urge the court to abstain under the Pullman doctrine, Pullman abstention is only appropriate where the resolution of the potentially determinative state law issues is uncertain, i.e., "[when] a federal court cannot predict with any confidence how a state's highest court would decide an issue of

1    The SPPCA does not expressly address the issue of

2  retroactivity, but it is well-established in California that

3  statutes operate prospectively unless there is clear evidence of

4  intent to the contrary.  See Evangelatos v. Superior Court of

5  Los Angeles County, 44 Cal. 3d 1188, 1207 (1988) ("[S]tatutes

6  are not to be given a retrospective operation unless it is

7  clearly made to appear that such was the legislative intent.")

8  (internal quotation marks and citation omitted).  This principle

9  has been characterized as a "time-honored principle," id. at

10  1208, that is "familiar to every law student," id. at 1207

11  (quoting United States v. Sec. Indus. Bank, 459 U.S. 70, 79

12  (1982) (Rehnquist, J.)).

13    Indeed, the principle is expressly codified in the

14  California Penal Code: "No part of [this code] is retroactive,

15  unless expressly so declared."  Cal. Penal Code § 3; see also

16  Cal. Civ. Code § 3.  To infer retroactivity is no small feat.

17  "[A] statute will not be applied retroactively unless it is very

18  clear from extrinsic sources that the Legislature or the voters

19  must have intended a retroactive application."  Evangelatos, 44

20  Cal. 3d at 1208.  Formulated differently, a law may be given

21  retroactive effect only by "the unequivocal and inflexible

22  import of the terms, and the manifest intention of the

23  legislature."  Id. at 1207 (internal quotation marks and

24  citations omitted).

25

state law."  Fireman's Fund Ins. Co. v. City of Lodi, 302 F.3d 928,
26  939 (9th Cir. 2002).  Plainly, that is not the case here.

7

1    Here, the SPPCA is silent on the issue of retroactivity,

2    and it is not "very clear" from extrinsic sources that the

3    intent of the voters was to make it retroactive.  See <u>Tapia v.</u>

4    <u>Superior Court</u>, 53 Cal. 3d 282, 287 (1991) (interpreting voter-

5    approved proposition as operating only prospectively where

6    proposition was silent on issue of retroactivity).  To determine

7    the intent of a voter-approved initiative, the plain meaning of

8    the law is typically most instructive, <u>Davis v. City of</u>

9    <u>Berkeley</u>, 51 Cal. 3d 227, 234 (1990), but the SPPCA evinces no

10   textual intent of retroactivity.  With regard to extrinsic

11   sources, plaintiffs note that the "Argument in Favor of

12   Proposition 83" section contained within the official ballot

13   summary stated that "[o]ver 85,000 registered sex offenders live

14   in California," and that the law would "[c]reate PREDATOR FREE

15   ZONES."  Def.'s Request for Judicial Notice, Ex. A

16   (capitalization in original).  Plaintiffs cite to this as

17   evidence of an intent to apply the law retroactively.

18   This is far from "very clear" evidence of an intent to make

19   the law retroactive.  First, the reference to the number of sex

20   offenders in California is a neutral statement of fact, which

21   voters could have reasonably construed as characterizing the

22   scope of the problem and its potential expansion, rather than as

23   purporting to address the problem in its entirety.  Second,

24   while the term "predator free zones" is troubling, it is not

25   "very clear" that it contemplates retroactive application.

26   Rather, it is the type of sloganeering to be expected of an

8

1  argument in favor of the law, not to be taken literally.  The

2  SPPCA does not, for instance, bar sex offenders from entering

3  the 2,000 feet zone around schools or parks; it only prohibits

4  them from residing there.  Accordingly, voters could reasonably

5  interpret the quoted language as creating a goal of establishing

6  "predator free zones," which the SPPCA takes one step toward

7  achieving, albeit prospectively.[5]

8      Plaintiffs press that construing the SPPCA as having only

9  prospective effect would be at odds with the interpretation

10  currently given to other sex offender laws.  First, the law

11  known as "Megan's Law," which established a public internet

12  database of sex offenders, uses language similar to the SPPCA,

13  and contains no express retroactivity provision.  Yet, the

14  website lists several thousand sex offenders, the majority of

15  whom committed their offenses prior to the passage of Megan's

16  Law in 2004.  Cal. Penal Code § 290.46.  Second, in People v.

17  Castellanos, 21 Cal. 4th 785, 789-90 (1999), the California

18  Supreme Court rejected an ex post facto challenge to a law that

19  enabled trial courts to order sex offender registration for any

20  crime if it was committed "for purposes of sexual

21  gratification."  Cal. Penal Code § 290(a)(2)(D)(ii).  In so

22

23      [5] The fact that proponents of the initiative also construed
    the law as only having prospective effect is further evidence of
24  the reasonableness of this interpretation.  See Aff. of Geoffrey
    Graybill.   While the opinion of the drafters of a law cannot
25  establish the intent of the electorate, Lungren v. Deukmejian, 45
    Cal. 3d 727, 742 (1988), it may shed light on whether voters could
26  have reasonably viewed the law in a similar manner.

1  ruling, the court necessarily assumed that the law applied to

2  the plaintiff (who had committed his offenses prior to the law's

3  passage), but, as here, the law contained no express

4  retroactivity provision.

5      Neither of these points persuades the court that it should

6  read the SPPCA retroactively.  First, Megan's Law merely directs

7  the California Department of Justice to make certain information

8  publicly available; it does not appear to regulate sex offenders

9  directly.[6]  Accordingly, the presumption of prospective

10 application is never triggered in the first instance.  Second,

11 the court in <u>Castellanos</u> assumed that the law at issue applied

12 to the plaintiff, but its opinion never actually addressed the

13 statutory issue.[7]  More importantly, neither the current

14 enforcement of Megan's Law nor <u>Castellanos</u> relieves this court

15 of its overriding obligation -- driven by both California

16 statute and case law -- to give laws only prospective effect

17 unless there is clear evidence to the contrary.

18     Finally, plaintiffs argue that even if the SPPCA does not

19 currently apply to them, at least some of the defendants will

20 attempt to enforce the law once plaintiffs relocate to another

21 residence within 2,000 feet of a school or park where children

22

23     [6] In contrast, the provision of the penal code requiring sex
offender registration applies to "[a]ny person who, since July 1,
24 1944, has been or is hereafter convicted in any court in this state
. . ."  Cal. Penal Code § 290(a)(2).

25     [7] It is possible, for instance, that the extrinsic sources
relevant to the law in that case may have evinced a clear intent
26 of retroactivity that is absent here.

10

1  regularly gather.[8]  This interpretation of the law, which only

2  the Attorney General has advanced, borders on the frivolous.

3  The SPPCA makes absolutely no distinction between sex offenders

4  currently residing within a 2,000 feet zone and those who later

5  relocate within such an area.  Accordingly, plaintiffs face no

6  risk of injury from the enforcement of this particular

7  interpretation of the law.

8                       **IV. Conclusion**

9       The motion for a preliminary injunction is DENIED.

10      IT IS SO ORDERED.

11      DATED:  February 9, 2007.

12

13                          _Lawrence K. Karlton_

14                          LAWRENCE K. KARLTON
                            SENIOR JUDGE
15                          UNITED STATES DISTRICT COURT

16
        [8] Defendants contend this claim is not ripe for review.
17  In determining the ripeness of a pre-enforcement challenge to a
    law, the court must examine "whether the plaintiffs have
18  articulated a 'concrete plan' to violate the law in question,
    whether the prosecuting authorities have communicated a specific
19  warning or threat to initiate proceedings, and the history of past
    prosecution or enforcement."  Sacks v. Office of Foreign Assets
20  Control, 466 F.3d 764, 773 (9th Cir. 2006) (describing
    constitutional component to ripeness).
21      Here, while it is true that the SPPCA does not have a history
    of enforcement given its nascency, the other two criteria are met.
22  First, plaintiffs' declarations reveal unequivocal and non-
    speculative intentions to move in the near future.  Doe I Decl. ¶
23  18; Doe II Decl. ¶ 14; Doe III Decl. ¶ 17; see MedImmune v.
    Genentech, 127 S. Ct. 764, 772 (2007) (noting that plaintiffs need
24  not expose themselves to liability before bringing suit).  Second,
    the Attorney General stated at oral argument that it believed the
25  plaintiffs would be in violation of the law if they were to move
    to another residence within 2,000 feet of a school or park where
26  children regularly gather.

                                11

CONFIDENTIAL ATTORNEY CLIENT COMMUNICATION

UNIVERSITY OF THE PACIFIC

McGeorge School of Law

ANNIVERSARY 1924-2004

October 3, 2007

Edward Villegas
1207 Lancelot Lane
San Jose, Ca 95127                    Re: CDC #V88135

Dear Mr. Villegas:

This letter confirms our telephone conversation today. I informed you that I have been appointed by CalPAP to counsel you and represent you in proceedings stemming from Proposition 83. As we discussed, Proposition 83, also known as Jessica's law, among other things, established residential restrictions for PC290 registrants. I attach a copy of California Penal Code PC 3003.5 which in part says that is unlawful for a PC290 registrant to reside within 2000 feet of any public or private school, or park where children regularly gather. Because this is a new law which was enacted by Initiative, there are many unanswered questions and it may be months or years before we have all the legal answers.

Your packet states that you were recently re-served with a packet that informs you that your current residence violates Jessica's Law because it is located 1029 feet from Mount Pleasant Park. You have been told you must find a residence in compliance with the law **by October 11**.

You told me that your commitment offense that gave rise to PC290 registration occurred in 1980, and your release from that conviction was sometime in 1985. Your most recent release from incarceration was January 11, 2007, following a conviction for possession of controlled substance. Because your most recent release occurred after November 8, 2006, the date the new law became effective; CDCR maintains that you fall under the class of persons who are covered by the new residency requirements.

It is imperative that you keep a log of your efforts to find alternative residence, that you inform your AOR of your efforts, and if appropriate provide him with addresses that you are considering, to ensure that it is not within 2000 feet from a school or park. In the event you are violated, we will need all the mitigation that we can muster.

I see that agent Simon has noted in the CDC 1521 that you have been complaint since you got out, and that you indicated your desire to be cooperative. You should continue to work with your agent and do not get discouraged by these new legal requirements.

Cordially,

Marco Samarriva

California
Parole Advocacy
Program

Dublin Regional Office

6665 Amador Plaza Dr.

Suite 201

Dublin, CA 94568

Tel  925.829.0459

Fax  925.829.9075

dublincalpap@pacific.edu

## TABLE OF CONTENT

1. INTRODUCTION…………………………………………………………..1

   MATTER OF JURISDICTION civil local rule 3-5 (a)…………………………1

   MOTION FOR RECONSIDERATION civil rule 7-9………………………........1

   PRIOR RECONSIDERATION (was filed and never heard) C07-04756-PVT……1

   SPPCA P. C. SECTION 3000.5………………………………..…………………1

   HABEAS CORPUS in re Crow (1971) 4 cal.3d 613, 620 n.7[citing Penal Code

   section1484]……………………………………………………………………1

   LUNJAN v. DEFENDANT. WILD LIFE 540 U.S. 555,550-61 (1992)……………2

   TRO/OSC CASE no#CV-07-05117 J. F……………………………………………2

   E FILED ORDER TO SHOW CAUSE at 1; 26-2:1……………………………….2

    SPPCA P. C. 3003.5…………………………………………………………….2

   SUA SPONTE FLECK and Assocs. V. PHOENIX, CITY of an Arizonia mun.

   Corp 471 F 3d 1100.1107 n4. (9 tcir.2000)………………………………………2

   In re E.J. S.P. J.S. K.T. on a HABEAS CORPUS ORDER STAYING

   PROCEEDINGS (JFLC3)………………………………………………………2

    392.07 PLE TRO Opposition RJN……………………………………………2

   CIVIL PROCEEDURE RULE 9 (b) FOR PRO PE……………………………….2

   DOE v. SCHWARZENEGGER. Case # 2:06-cv-02521…………………………...3

   SPPCA P. C. 3003.5……………………………………………………………3

   DOE v. SCHWARZENEGGER-G.S.W. (Id.at 9 Exh.B at 000027.)……………….3

   4.  ARUGMENT…………………………………………………………………4

i.

SOUTHWEST VOTERS. REGISTRATION Educ. Project v. shelley, 344 F 3d
914 , 917 ( 9 th. 2003 )................................................................................4

DR. SEUSS v.PENGUIN BOOKS U.S.A. Inc.109 F. 3d 1394, 1397 n.1 ( 9 th cir.
1997)......................................................................................................4

Int. I Jensen, inc v. metro sound U. S. A. 4 F, 3d 819, 822 (9 th cir. 1993)...........4

BIG COUNTY FOODS inc.v Bd of Educ.of Anchorage sch. Dist. 868,F 2d
1085,(1989 )............................................................................................4

SPPCA P.C. 3003.5.....................................................................................4

ARGUMENT................................................................................................4

CUSTODY PAPERS- C P 000627...................................................................5

HEALTH AND SAFTY CODE 11377...............................................................5

JOHN DOE v. SCHWARZENEGGER 2: 06-cv.0252.........................................6

C:06- 06968. J S W....................................................................................6

DOCKET no # 19 at p9.4-6...........................................................................6

DOCKET no # 21 at p 3................................................................................6

PENAL CODE SECTION 261..........................................................................6

DOUBLE JEOPARDY....................................................................................6

PENAL CODE 290........................................................................................6

PENAL CODE 290........................................................................................7

SPPCA PENAL CODE SECTION 3003.5..........................................................7

TAPIA v. SUPERIOR COURT, 53 Cal. 3d 282, 287. (1991)...............................7

ii.

EVANGELATOS v. SUPERIOR COURT 44.Cal................................................7

Cal. CIVIL AND CRIMINAL CODE SEE. CIVIL CODE SECTION 3.............7

Cal. Crim. Code Section 3 (same )..................................................................7

EVANGELATOS 44 3d. at 287..........................................................................7

EVANGELATOS .v .SUPERIOR COURT OF LOS ANGELES COUNTY 44

Cal.3d. 1188,1207, (1988).................................................................................7

HEALTH AND SAFTY CODE 11377..............................................................7

PENAL CODE SECTION 4019.........................................................................7

PENAL CODE SECTION 290............................................................................7

PENAL CODE SECTION 261............................................................................7

G. P. S PENAL CODE SECTION3000.7............................................................8

WASHINTON v.GLUCKBERG (1997) 521 U.S. 70.........................................8

[KENNEDY J. CONCERING] MORE v. EAST CLEVAND (1977) 431 U.S. 494..8

IN CLEVAND BOARD OF EDUCATION v.LA Fleur (1974) 414. U.S.632, 639-

640( in regards to the Fourthenth Amendment)................................................8

PENAL CODE SECTION 261............................................................................8

DOUBLE JEOPARDY....................................................................................8

HEALTH AND SAFTY CODE 11377...............................................................9

SPPCA P.C.SECTION3003.5.............................................................................9

COLLINGS v. YOUNGBLOOD (1990) 497 U.S. 37 42.....................................9

BEAZELL v. OHIO (1925) 269 U. S. 167-170...................................................9

In re PEOPLE v. KIDDOO (1990) 225 Cal.App 3d. 922...................................9

iii.

8th AMENDMENT OF THE UNITED STATES SOLEM SUPRA at 288, 303....9

WEEMS, 217 U.S. at 371................................................................9

COKER SUPRA at 592................................................................9

RUMMEL SUPRA. At 211 (SAME).................................................9

PENAL CODE SECTION 261..........................................................9

FIFTH AMENDMENT ................................................................10

DUEPROCESS..........................................................................10

TRUNER S CASE 89. Eng. Rep 158..............................................10

BLACKSTONE COMMITARRIES 335.............................................11

SEE generally J. Sigel DOUBLE JEPORDY 1-37 (1969)....................11

T R O /O S C Case no.# cv-07-5117JF..........................................11

DOE v. SCHWARZENEGGER 476. F. Supp.2d 1187 (E.d. Cal. 2007) GHH......11

G. P. S. PENAL CODE SECTION 3004.............................................11

SPPCA DOE v. SCHWARZENEGGER civ.S-06-2521 LKK/ GGH..............12

HEALTH and SAFTY CODE 11377..................................................12

PENAN CODE 290.....................................................................12

SPPCA P.C. 3003.5...................................................................12

SPPCA PENAL CODE SECTION 3003.5 ..........................................13

JOHN DOE v. SCHWARZENEGGER Et. al case C06-06968.J.S.W..............14

490 U. S. 435 UNITED STATES v. HARPER UNITED STATE DISTRICT
COURT FOR THE SOUTHEN DRISTRIC OF NEW YORK no.87-1383 (b) 490

iv.

U.S. 435,436 CIVIL PENILTY........................................................................14

SPPCA P. C 3003.5.(a).................................................................................14

EXPOST FACTO CLAUSE..............................................................................14

UNITED STATES v.JACKSON (9 TH cir. 1999) 189. F.820,824.....................15

in PEOPLE v. CALLEJAS (2000) 85.CAL App.4 th.667..............................15

SPPCA PENAL CODESECTION 3003.5..........................................................16

DEFENDANTS BRIEF CASE no.# 392.07 P L E. T R O..............................16

DUE PROCESS AND EQUEL PROTECTION..................................................17

P. C. SECTION 261 pg.37(*)..........................................................................17

DOE v. SCHWARZENEGGER Case 2:06- cv -02521-LKK-GGH.................17

SPPCA P.C.SECTION 3003.5.........................................................................17

G P S PENAL CODE SECTION 3000.7...........................................................17

18. CONCLUSION............................................................................................18

PROBATION LAW THE SAME HAS PAROLE LAW ( BELOW)

DOMINQUEZ 256 Cal. App. 2d at 627............................................................18

LENT, 15 Cal.3d at 486...................................................................................18

BAUER, 211 Cal.App. 4 th at 942;..................................................................18

In re STEVENS, 119 Cal. App. 4 th at 1234....................................................18

HEALTH AND SAFTY 11377...........................................................................18

SPPCA..............................................................................................................18

SPPCA P.C. 3003.5..........................................................................................19

HEALTH AND SAFTY 11377............................................................19

PEOPLE v. HARRIS 195 Cal.App.3d 717. 240 Cal. Rptr.891 [ oct.1987 ].......19

SPPCA...................................................................................19

DOE v. SCHWARZENEGGER  Case no# 3: 06-cv-0698 JSW....................19

DOCKET no 50 at p.6..................................................................19

DOCKET no 55 at p. 1-26 (b)..........................................................19

DOE v. SCHWARZENEGGER. Case # 5-06-2521-LLK/GHH....................19

SPPCA...................................................................................19

PLAINTIFFS REQUEST ..........................................................19 & 20

20. DISCOVERY MOTION. RULE 26 (b)..............................................20

FALSIFING LEGAL DOCUMENTS CHAPTER 4 P. C. 112-117....................20

AND CHAPTER 6 PENAL CODE SECTION 115 AND POSSIBLE P.C. 132-

144.......................................................................................20

SPPCA...................................................................................20

SPPCA P.C.3003.5.....................................................................21

GPS PENAL CODE 3000.7.............................................................21

HABEAS CORPUS in reE.J. NO S156933...........................................21

in re S.P., NO. S157631................................................................21

in re J.S. NO. S157633.................................................................21

and in re K. T. NO.5157634 ...........................................................21

Non court cases pertinent to this case.

PLAINTIFFS MOTEL RECIEPTS ....................................................3

PLAINTIFFS LETTER FROM MOTHER FOR PLAINTIFFS DAUGHTER.....5

PLAINTIFFS BUSINESS ( NANS NOVELTIES) BUSINESS NO # S.R.G.H. 100-322675, AND N.S.M.A. CERTIFIED MEMBER NO# 22312721-68...................6

HISTORY REPORT THAT SHOWS HOLD DROP AND NO FURTHURE CRIMINAL PROCEEDING'S (INDICATED WITH AN ASTRICS) (*)EXCEPT FOR DISMISSAL AND FIVE PAGE CRIMINAL HISTORY REPORT SHOWS NOW PRIOR PENAL CODE 261. THAT WAS DISMISSED........................6

HIGH CONTROL SPECIAL CONDITION OF PAROLE ( 5PGS)..................9

## EVIDENCE FROM  TRO/OSC NO# 5-07cv5117

NOTICE TO COMPLY ..................................................................0

BOARD OF PAROLE HEARING 1502-3 (08/05)...................................0

OLD CASE NO C-07-04756JF WHICH WAS OR HAS NOT BEEN HEARD YET.0

COURT OF APPEAL OF THE STATE OF CALIFORNIN in and for the  Northern Appellate District Division 5 case no# A028991 ( PG 32 & 33 ) ON EXPOST FACTO

A LETTER FROM ATTORNEYS REPERSENTING INMATES OR CAL/PAA...0