```
                                                              **E-Filed 12/27/2007**
```

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>             Plaintiff,<br><br>   v.<br><br>THE DEPARTMENT OF CORRECTIONS, et. al.<br><br>            Defendants. | Case Number C07-5117 JF<br><br>ORDER[1] DENYING REQUEST FOR LEAVE TO FILE MOTION FOR RECONSIDERATION<br><br>[re: docket no. 21] |

      On September 17, 2007, Plaintiff filed a motion for a temporary restraining order seeking to restrain Defendants from enforcing the residency restriction provision of Cal. Penal Code §§ 3003.5(b) and (c) as amended by the Sexual Predator Punishment and Control Act ("SPPCA"). Plaintiff argued that the law is being given impermissible retroactive effect as to him. This Court ordered that Defendants show cause why relief should not be granted, and on October 17, 2007, the Court stayed this case while the issue of whether voters intended the SPPCA to apply retroactively to persons in plaintiff's circumstances is pending in the California Supreme Court.

      Plaintiff has filed what appears to be a motion for reconsideration. Under Local Rule 7-9(a), a party may not file a motion for reconsideration without leave of the Court. Although it does not appear that Plaintiff has requested leave, the Court construes the pleadings of a *pro se* litigant liberally. Thus, the Court will consider whether Plaintiff has entitled to such leave.

---

[1] This disposition is not designated for publication and may not be cited.

Local Rule 7-9(b) provides:

> (b) Form and Content of Motion for Leave: A motion for leave to file a motion for reconsideration is governed by Civ. L. R. 7-9, which requires that the party seeking leave to file a motion for reconsideration must show:
>
> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L. R. 7-9(b). Plaintiff has not identified any new material facts or legal issues nor does Plaintiff assert that the Court previously failed to consider any material facts or legal arguments. Accordingly, because Plaintiff has not met the requirements of Local Rule 7-9, leave for reconsideration will not be granted.

## IV. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the request for leave to file a motion for reconsideration is DENIED.

DATED: December 27, 2007

JEREMY FOGEL
United States District Judge

This Order has been served upon the following persons:

John Doe
1207 Lancelot Lane
San Jose, CA 95127

Kenneth Mennemeir    kcm@mgslaw.com

Jeffrey Ian Bedell    jeff.bedell@doj.ca.gov