**E-filed 03/20/08**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>                Plaintiff,<br><br>   v.<br><br>THE DEPARTMENT OF CORRECTION, et al.,<br><br>                Defendants. | Case Number C-07-5117 JF<br><br>ORDER[1] REGARDING PLAINTIFF'S REQUEST FOR CLARIFICATION |

## I.  DISCUSSION

Plaintiff seeks to restrain Defendants from enforcing Cal. Penal Code §3003.5(b) and (c) as amended by the Sexual Predator Punishment and Control Act ("SPPCA"), also known as "Jessica's Law." These provisions prohibit any person required to register as a sex offender pursuant to Cal. Penal Code §290 from living within 2,000 feet of a school or park where children regularly gather, and requires such persons to be monitored by a global positioning system ("G.P.S."). The SPPCA went into effect on November 8, 2006. Other courts have determined that the SPPCA does not have retroactive effect, meaning that sex offenders released from custody prior to the enactment of the SPPCA are not subjected to its provisions.  *See Doe v.*

---

[1] This disposition is not designated for publication and may not be cited.

1  *Schwarzenegger*, 476 F.Supp.2d 1178, 1180-81 (E.D. Cal. 2007).  Plaintiff's application for a temporary restraining order asserts that the SPPCA is being given impermissible retroactive effect as to him.  Plaintiff seeks to enjoin Defendants from enforcing the residency restriction provision of the SPPCA; he does not challenge the G.P.S. monitoring requirement.

Plaintiff was charged, convicted, sentenced and released with respect to a sex crime prior to the enactment of the SPPCA.  Because he served time for a rape conviction, Plaintiff was required to register as a sex offender pursuant to Penal Code section 290.  However, Plaintiff repeatedly failed to register and as a consequence he was sentenced to county jail and probation on at least three occasions.  In 2005, while still on probation, Plaintiff was arrested and subsequently convicted of possession of methamphetamine and using or being under the influence of methamphetamine.  Plaintiff's probation for his previous failure to register was revoked, and Plaintiff was sentenced to thirty-two months in state prison.  Plaintiff was not released from prison until after the effective date of the SPPCA.  Thus, while Plaintiff was charged with rape prior to the enactment of the SPPCA, he was returned to prison for a probation violation related to that crime and was serving time for that violation at the time the SPPCA was enacted.  Under these circumstances, there is a substantial legal question as to whether the SPPCA is being applied retroactively to Plaintiff.

On September 19, 2007, the Court ordered Defendants to show cause why relief should not be granted.  Defendants responded in part by requesting that the Court stay the instant case in light of *In re E.J., S.P., J.S., K.T*, filed October 4, 2007 and now pending before the California Supreme Court.  Defendants also asserted that the SPPCA applies to Plaintiff and is not being applied retroactively.  The Court granted the stay.

Plaintiff now seeks clarification of the Court's order granting a stay.  By letter dated March 11, 2008, Plaintiff asserts that he is being told by his parole officer that the residency restriction provision of the SPPCA applies to him and that he will be arrested for this violation if he remains at his current residence.  Plaintiff's request appears to be based upon new facts.  Accordingly, within fourteen (14) court days, Defendants shall file a response regarding Plaintiff's request for clarification.

2

Case No. C-07-5117 JF
ORDER RE CLARIFICATION
(JFLC3)

1
2  IT IS SO ORDERED.
3
4  DATED: March 20, 2008

_____
JEREMY FOGEL
United States District Judge

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case No. C-07-5117 JF
ORDER RE CLARIFICATION
(JFLC3)