MENNEMEIER, GLASSMAN & STROUD LLP
KENNETH C. MENNEMEIER (SBN 113973)
ANDREW W. STROUD (SBN 126475)
KELCIE M. GOSLING (SBN 142225)
STEPHEN LAU (SBN 221051)
980 9th Street, Suite 1700
Sacramento, CA 95814
Telephone: (916) 553-4000
Facsimile: (916) 553-4011
E-mail: kcm@mgslaw.com

Attorneys for Defendant
California Department of
Corrections and Rehabilitation

## IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, | CASE NO: CV-07-05117 JF |
| Plaintiff, | **CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION'S RESPONSE TO THE COURT'S ORDER REGARDING PLAINTIFF'S REQUEST FOR CLARIFICATION** |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, EDMUND G. BROWN JR., ATTORNEY GENERAL OF CALIFORNIA, | |
| | Action Filed: September 17, 2007 |
| | Judge: The Honorable Jeremy Fogel |
| Defendants. | |

### I.

### INTRODUCTION

Defendant California Department of Corrections and Rehabilitation ("CDCR"), identified incorrectly in plaintiff John Doe's ("plaintiff") moving papers as "The Department of Correction," hereby submits this response to the Court's Order Regarding Plaintiff's Request for Clarification. Docket No. 24. Plaintiff appears to believe that CDCR cannot enforce California Penal Code section 3003.5(b) – that is, the 2,000-foot residency restriction in the Sexual Predator Punishment and Control Act, otherwise known as the "SPPCA" or "Jessica's Law" – because of

1  a stay order issued by the California Supreme Court in the case of *In re E.J., S.P., J.S., K.T.* ("*In*

2  *re E.J.*"). That stay order prohibits CDCR from enforcing the residency restriction only as to the

3  four petitioners in the *In re E.J.* case itself, not as to plaintiff. As the California Supreme Court

4  has ruled, however, parolees not covered by the stay of enforcement may seek declaratory and

5  injunctive relief in an appropriate California superior court. There is thus no need for this Court

6  to reconsider its previous order staying proceedings in this case pending the California Supreme

7  Court's decision in *In re E.J.*

**II.**

**FACTUAL AND PROCEDURAL
BACKGROUND**

10  **A.    The SPPCA**

11          Jessica's Law went into effect on November 8, 2006. It adopts measures designed

12  to regulate certain convicted sex offenders upon their release from custody. In particular,

13  Jessica's Law provides that "persons for whom registration is required pursuant to Section 290

14  [of the Penal Code]" may not "reside within 2,000 feet of any public or private school, or park

15  where children regularly gather." Penal Code section 3003.5(b). Plaintiff challenges this

16  provision.

17  **B.    Plaintiff's Criminal History**

18          Plaintiff has eight felony convictions and twenty-three misdemeanor convictions.

19          In 1980 plaintiff was convicted on four felony counts: Penal Code section 220

20  (assault with attempt to commit rape), Penal Code section 207 (kidnaping), Penal Code section

21  236/237 (false imprisonment effected by violence), and Penal Code section 261 (rape

22  accomplished by means of force, violence, duress, menace or fear of immediate and unlawful

23  bodily injury). He was sentenced to four years in state prison. Not long after his release, in

24  1985, plaintiff was convicted of one count under Penal Code section 459, felony burglary, and

25  sentenced to two years in prison.

26          Because of plaintiff's rape conviction, he was subject to Penal Code section 290.

27  That statute requires certain sex offenders to register their current addresses with law

28  enforcement authorities.   Plaintiff, however, repeatedly failed to advise law enforcement of his

1   whereabouts.  As a result, he was repeatedly convicted of violating Penal Code section 290(g).

2   Most recently, in October 2002, plaintiff was convicted of a felony count of violating section

3   290(g)(2), sentenced to a year in county jail, and placed on probation for three years.

4           In 2005, while plaintiff was still on probation for failing to register as a sex

5   offender, he was arrested and subsequently convicted of one felony violation of Health & Safety

6   Code section 11377(a) (possession of methamphetamine) and one felony violation of Health &

7   Safety Code section 11550 (using or being under the influence of methamphetamine).  His

8   probation for his latest Penal Code section 290 conviction was revoked, and he was sentenced to

9   thirty-two months in state prison.[1]  He was released on parole on January 11, 2007.

10  **C.      Enforcement of the SPPCA Residency Restriction**

11          On November 8, 2006, while plaintiff was incarcerated, Jessica's Law took effect.

12  CDCR has since enforced the SPPCA's residency restriction against affected parolees who, like

13  plaintiff, were released from prison on or after the SPPCA's effective date.  In August 2007,

14  CDCR gave plaintiff written notice that he was covered by the SPPCA's residency restriction,

15  that his residence was within 2,000 feet of a school or park where children gather, and that he

16  was required to move.  Although plaintiff relocated to an address that did not fall within the

17  2,000-foot limit, he thereafter returned to his previous residence.  He has since been notified that

18  he must relocate to housing that is compliant with Jessica's Law.

19  **D.      Plaintiff's Filing of this Action**

20          On September 17, 2007, plaintiff filed a document entitled "Temporary

21  Restraining Order Order to Show Cause Why Relief Should Not Be Granted," naming as

22  defendants CDCR and the California Attorney General.  Docket No. 1.  On September 19, 2007,

23  the Court ordered CDCR to show cause why relief should not be granted.

24  / / /

25

26  _____

27  [1]     In addition to the convictions described above, plaintiff has twenty-two
    misdemeanor convictions for various offenses, such as using or being under the influence of a
    controlled substance, vandalism, disturbing the peace, theft, battery, public intoxication, driving

28  under the influence, and driving with a revoked or suspended license.

1    **E.    The *In re E.J. Case***

2    On or about October 4, 2007, four parolees filed petitions for habeas corpus in the

3    California Supreme Court. Those petitioners seek an injunction barring CDCR from enforcing

4    residency restrictions as to them. Like plaintiff here, those petitioners claim that, because they

5    committed their sex crimes before the effective date of Jessica's law, applying the residency

6    restriction to them would be "an impermissible retroactive application of a statute that is silent as

7    to retroactivity." Those petitioners requested an immediate stay of enforcement of the SPPCA's

8    residency restriction as to them, which the court granted on October 10, 2007.

9    On October 12, 2007, a request was made that the California Supreme Court

10    expand the stay of enforcement to cover eight additional petitioners and "all other parolees who

11    must register pursuant to Penal Code section 290 . . . ." The Supreme Court declined to do so. A

12    copy of the Supreme Court's order, dated October 15, 2007, is attached as Exhibit A.

13    Accordingly, the stay of enforcement applies only to the four petitioners in the *In re E.J.* case. In

14    denying interim relief to other parolees, however, the California Supreme Court noted that its

15    decision was "without prejudice to the filing of an action for declaratory and injunctive relief in

16    an appropriate superior court." *See* Exhibit A.

17    **F.    This Court's Order Staying Further Proceedings in this Case**

18    In the meantime, CDCR filed its response to this Court's Order to Show Cause on

19    October 10, 2007. Docket Nos. 16 and 18.[2] In that response, CDCR requested that the Court

20    stay further proceedings pending the California Supreme Court's decision in *In re E.J.*, as such

21    decision could resolve an unsettled issue of state law that might obviate the need to determine

22    plaintiff's constitutional claims. *See Railroad Comm'n of Texas v. Pullman Co.*, 312 U.S. 496,

23    500 (1941). On October 17, 2007, the Court granted CDCR's request and stayed proceedings

24

25

26       [2] On October 10, 2007, CDCR filed its Opposition to Plaintiff's Application for a

27    Temporary Restraining Order and Order to Show Cause and on October 12, 2007, CDCR filed an

28    Amended Opposition to Plaintiff's Application for a Temporary Restraining Order and Order to
       Show Cause.

1    "while the issue of whether voters intended [Jessica's Law] to apply retroactively to persons in

2    plaintiff's circumstances is pending in the California Supreme Court." Docket No. 20.

3    **G.    Plaintiff's Brief and Letter to the Court Requesting Clarification of the Stay Order**

4                On December 26, 2007, plaintiff filed a brief entitled "TRO/OSC Why Relief

5    Should Not be Granted A Matter of Jurisdiction. Motion for Reconcideration (sic) Pursuant to a

6    Writ of Habeas Corpus." Plaintiff appeared to contend that (1) Jessica's Law does not apply to

7    him, and (2) the stay of enforcement entered by the California Supreme Court in the *In re E.J.*

8    case does apply to him. Docket No. 21. The Court construed plaintiff's brief as a request for

9    leave to file a motion for reconsideration under Local Rule 7-9(b), and denied it for lack of any

10   new material facts or legal issues. Docket No. 22.

11               On March 11, 2008, plaintiff wrote a letter to the Court, reiterating his

12   "impression that the stay issued for those four plaintiffs is also issued for me as well." Docket

13   No. 23. Plaintiff contends that, contrary to this understanding, CDCR is seeking to enforce the

14   residency restriction as to him. This Court has requested that CDCR file a response regarding

15   plaintiff's request for clarification.

16                                        **III.**

17                                   **DISCUSSION**

18               Plaintiff correctly states that CDCR seeks enforcement of the residency restriction

19   as to him. CDCR has always taken the position that, under well-recognized principles of

20   California statutory construction, the California electorate intended section 3003.5(b) of the

21   Penal Code to apply to persons in plaintiff's circumstances. As that state law issue is now before

22   California's highest court, this Court correctly abstained from further proceedings pending

23   determination of the *In re E.J.* case. Plaintiff has presented no new facts or law justifying

24   reconsideration of the Court's order.

25               Plaintiff apparently believes that the California Supreme Court's stay of

26   enforcement in the *In re E.J.* case bars CDCR from attempting to enforce the residency

27   restriction as to him. That stay order applies only to the four petitioners in the *In re E.J.* action

28   itself. In declining to extend the stay to other California parolees who must register under Penal

1  Code section 290, however, the California Supreme Court stated that its ruling was without

2  prejudice to a parolee's right to seek similar relief in a state superior court. As plaintiff may

3  bring such a state court action, a continued stay of proceedings in this Court is appropriate and

4  necessary to avoid unnecessary adjudication of unsettled state law issues.

## IV.

## CONCLUSION

The CDCR respectfully requests that the Court's order staying proceedings

pending the California Supreme Court's decision in *In re E.J.* remain in effect.

Dated: April 3, 2008

MENNEMEIER, GLASSMAN & STROUD LLP
KENNETH C. MENNEMEIER
ANDREW W. STROUD
KELCIE M. GOSLING
STEPHEN LAU

By:  _Kenneth C. Mennemeier_
Kenneth C. Mennemeier, Attorneys for the
California Department of Corrections and
Rehabilitation

**EXHIBIT A**

S156933

# IN THE SUPREME COURT OF CALIFORNIA

## En Banc

In re E. J. et al., on Habeas Corpus

Petitioners' "Application for Further Stay of California Department of Corrections Policy No. 07-36," seeking to stay enforcement of Penal Code section 3003.5 as to all parolees required to register under Penal Code section 290, is denied without prejudice to the filing of an action for declaratory and injunctive relief in an appropriate superior court. (See *Conover v. Hall* (1974) 11 Cal.3d 842, 850; *Portnoy v. Superior Court* (1942) 20 Cal.2d 375, 378.)

SUPREME COURT
F I L E D

OCT 15 2007

Frederick K. Ohlrich Clerk

DEPUTY

RECEIVED

OCT 15 2007

MENNEMEIER, GLASSMAN
& STROUD LLP

GEORGE

Chief Justice

1 | Case Name:    *Doe v. California Department of Corrections and Rehabilitation, et al.*
2 | Case No:    U.S. District Court, Northern District of California, CV 07-05117 JF

3 | ## PROOF OF SERVICE

4 | I declare as follows:

5 | I am a resident of the State of California and over the age of eighteen years, and
6 | not a party to the within action; my business address is 980 9th Street, Suite 1700, Sacramento, California 95814. On April 3, 2008, I served the within documents:

7 | **CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION'S**
   | **RESPONSE TO THE COURT'S ORDER REGARDING PLAINTIFF'S REQUEST FOR**
8 | **CLARIFICATION**

9 |
10 | ☐  by transmitting via facsimile from (916) 553-4011 the above listed document(s) without error to the fax number(s) set forth below on this date before 5:00 p.m. A copy of the transmittal/confirmation sheet is attached.

11 |
12 | ☐  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepared, in the United States mail at Sacramento, California addressed as set forth below.

13 |
14 | ☒  by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and delivering to a Federal Express agent for delivery.

15 |
16 | ☐  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

17 |
18 | JOHN DOE                          *Plaintiff in Pro Per*
   | 1207 LANCELOT LN.
19 | SAN JOSE, CA 95127
   | Telephone: 408.729.4763
20 | Cell: 408.401.5994

21 | I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal
22 | Service on that same day with postage thereon fully prepared in the ordinary course of business.

23 | I declare that I am employed in the office of a member of the bar of this Court at whose direction this service was made.

24 | Executed on April 3, 2008, at Sacramento, California.

25 |
26 | Angela Knight

27 |
28 |