**E-filed 04/10/08**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>THE DEPARTMENT OF CORRECTION, et al.,<br><br>　　　　　　　Defendants. | Case Number C-07-5117 JF<br><br>ORDER[1] REGARDING PLAINTIFF'S REQUEST FOR CLARIFICATION |

**I. DISCUSSION**

Plaintiff seeks to restrain Defendants from enforcing Cal. Penal Code §3003.5(b) and (c) as amended by the Sexual Predator Punishment and Control Act ("SPPCA"), also known as "Jessica's Law." These provisions prohibit any person required to register as a sex offender pursuant to Cal. Penal Code §290 from living within 2,000 feet of a school or park where children regularly gather, and requires such persons to be monitored by a global positioning system ("G.P.S."). The SPPCA went into effect on November 8, 2006. Other courts have determined that the SPPCA does not have retroactive effect, meaning that sex offenders released from custody prior to the enactment of the SPPCA are not subjected to its provisions. *See Doe v.*

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C-07-5117 JF
ORDER RE CLARIFICATION
(JFLC3)

1  *Schwarzenegger*, 476 F.Supp.2d 1178, 1180-81 (E.D. Cal. 2007).  Plaintiff's application for a
2  temporary restraining order asserts that the SPPCA is being given impermissible retroactive
3  effect as to him.  Plaintiff seeks to enjoin Defendants from enforcing the residency restriction
4  provision of the SPPCA; he does not challenge the G.P.S. monitoring requirement.

5   Plaintiff was charged, convicted, sentenced and released with respect to a sex crime prior
6  to the enactment of the SPPCA.  Because he served time for a rape conviction, Plaintiff was
7  required to register as a sex offender pursuant to Penal Code section 290.  However, Plaintiff
8  repeatedly failed to register and as a consequence he was sentenced to county jail and probation
9  on at least three occasions.  In 2005, while still on probation, Plaintiff was arrested and
10 subsequently convicted of possession of methamphetamine and using or being under the
11 influence of methamphetamine.  Plaintiff's probation for his previous failure to register was
12 revoked, and Plaintiff was sentenced to thirty-two months in state prison.  Plaintiff was not
13 released from prison until after the effective date of the SPPCA.  Thus, while Plaintiff was
14 charged with rape prior to the enactment of the SPPCA, he was returned to prison for a probation
15 violation related to that crime and was serving time for that violation at the time the SPPCA was
16 enacted.  Under these circumstances, there is a substantial legal question as to whether the
17 SPPCA is being applied retroactively to Plaintiff.

18  On September 19, 2007, the Court ordered Defendants to show cause why relief should
19 not be granted.  Defendants responded in part by requesting that the Court stay the instant case in
20 light of *In re E.J., S.P., J.S., K.T*, filed October 4, 2007 and now pending before the California
21 Supreme Court.  Defendants also asserted that the SPPCA applies to Plaintiff and is not being
22 applied retroactively.  The Court granted the stay.

23  Plaintiff subsequently sought clarification of the Court's order granting a stay.  By letter
24 dated March 11, 2008,  Plaintiff asserted that he was being told by his parole officer that the
25 residency restriction provision of the SPPCA applies to him and that he will be arrested for this
26 violation if he remains at his current residence.  Plaintiff's request appeared to be based upon
27 new facts. Accordingly, the Court directed Defendants to file a  response regarding Plaintiff's
28 request for clarification.

2

Defendant California Department of Corrections and Rehabilitation ("CDCR") responded as follows:

> Plaintiff apparently believes that the California Supreme Court's stay of enforcement in the *In re E.J.* case bars CDCR from attempting to enforce the residency restriction as to him. That stay order applies only to the four petitioners in the *In re E.J.* action itself. In declining to extend the stay to other California parolees who must register under Penal Code section 290, however, the California Supreme Court stated that its ruling was without prejudice to a parolee's right to seek similar relief in a state superior court. As plaintiff may bring such a state court action, a continued stay of proceedings in this Court is appropriate and necessary to avoid unnecessary adjudication of unsettled state law issues.

Accordingly, the Court's Order staying proceedings pending the California Supreme Court's decision in *In re E.J.* will remain in effect. Plaintiff should seek relief in state court regarding his new concern relating to his parole officer.

IT IS SO ORDERED.

DATED: April 10, 2008

_____
JEREMY FOGEL
United States District Judge