**E-filed 10/22/09**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>     Plaintiff,<br><br>  v.<br><br>THE DEPARTMENT OF CORRECTION, et al.,<br><br>     Defendants. | Case Number C-07-5117 JF<br><br>ORDER[1] REGARDING PLAINTIFF'S REQUEST FOR FURTHER CLARIFICATION |

### I.  DISCUSSION

Plaintiff seeks to restrain Defendants from enforcing Cal. Penal Code §3003.5(b) and (c) as amended by the Sexual Predator Punishment and Control Act ("SPPCA"), also known as "Jessica's Law."  These provisions prohibit any person required to register as a sex offender pursuant to Cal. Penal Code §290 from living within 2,000 feet of a school or park where children regularly gather, and requires such persons to be monitored by a global positioning system ("G.P.S.").  The SPPCA went into effect on November 8, 2006.  Other courts have determined that the SPPCA does not have retroactive effect, meaning that sex offenders released from custody prior to the enactment of the SPPCA are not subject to its provisions.  *See Doe v.*

---

[1] This disposition is not designated for publication and may not be cited.

*Schwarzenegger*, 476 F.Supp.2d 1178, 1180-81 (E.D. Cal. 2007).  Plaintiff's application for a temporary restraining order asserts that the SPPCA is being given impermissible retroactive effect as to him.  Plaintiff seeks to enjoin Defendants from enforcing the residency restrictions in the SPPCA; he does not challenge the statute's G.P.S. monitoring requirement.

Plaintiff was charged, convicted, sentenced and released with respect to a sex crime prior to the enactment of the SPPCA.  Because he served time for a rape conviction, Plaintiff was required to register as a sex offender pursuant to Penal Code section 290.  However, Plaintiff repeatedly failed to register and as a consequence he was sentenced to county jail and probation on at least three occasions.  In 2005, while still on probation, Plaintiff was arrested and subsequently convicted of possession of methamphetamine and using or being under the influence of methamphetamine.  Plaintiff's probation for his previous failure to register was revoked, and Plaintiff was sentenced to thirty-two months in state prison.  Plaintiff was not released from prison until after the effective date of the SPPCA.  Thus, while Plaintiff was charged with rape prior to the enactment of the SPPCA, he was returned to prison for a probation violation related to that crime and was serving a sentence related to that that violation at the time the SPPCA was enacted.  Under these circumstances, there is a substantial legal question as to whether the SPPCA in fact is being applied retroactively to Plaintiff.

On September 19, 2007, the Court ordered Defendants to show cause why relief should not be granted.  Defendants responded in part by requesting that the Court stay the instant case in light of *In re E.J., S.P., J.S., K.T*, filed October 4, 2007, and now pending before the California Supreme Court.  Defendants also asserted that the SPPCA applies to Plaintiff and is not being applied retroactively.  The Court granted the stay.

Plaintiff subsequently sought clarification of the Court's order granting a stay.  By letter dated March 11, 2008,  Plaintiff asserted that he was being told by his parole officer that the residency restriction provision of the SPPCA applies to him and that he will be arrested for this violation if he remains at his current residence.  Plaintiff's request appeared to be based upon new facts. Accordingly, the Court directed Defendants to file a  response regarding Plaintiff's request for clarification.

Defendant California Department of Corrections and Rehabilitation ("CDCR") responded as follows:

> Plaintiff apparently believes that the California Supreme Court's stay of enforcement in the *In re E.J.* case bars CDCR from attempting to enforce the residency restriction as to him. That stay order applies only to the four petitioners in the *In re E.J.* action itself. In declining to extend the stay to other California parolees who must register under Penal Code section 290, however, the California Supreme Court stated that its ruling was without prejudice to a parolee's right to seek similar relief in a state superior court. As plaintiff may bring such a state court action, a continued stay of proceedings in this Court is appropriate and necessary to avoid unnecessary adjudication of unsettled state law issues.

In light of the California Supreme Court's position on the matter, the Court clarified in an order dated April 10, 2008, that its order staying proceedings pending the California Supreme Court's decision in *In re E.J.* would remain in effect. The Court also advised Plaintiff to seek relief in state court regarding his new concern relating to his parole officer.

Plaintiff recently sought further clarification of the Court's order granting a stay and its order regarding clarification of the stay order. By letter dated October 14, 2009, Plaintiff asserts that he has been told again recently that the residency restriction provision of the SPPCA applies to him and that he will be arrested for this violation if he remains at his current residence. Plaintiff claimed that his understanding of this Court's orders was that Defendant CDCR is prevented from enforcing the residency restriction while the stay of this action is in effect.

Plaintiff's understanding is mistaken. As the Court advised him in its first order regarding clarification, and in accordance with the California Supreme Court's ruling on the matter, Plaintiff should seek relief in the state superior court pending the outcome in *In re E.J.*

IT IS SO ORDERED.

DATED: 10/22/2009

JEREMY FOGEL
United States District Judge

1 | This Order has been served upon the following persons:

Jeffrey Ian Bedell    jeff.bedell@doj.ca.gov, anecita.agustinez@doj.ca.gov, ECFCoordinator@doj.ca.gov, michelle.martino@doj.ca.gov

Kenneth C. Mennemeier    kcm@mgslaw.com, aknight@mgslaw.com, gosling@mgslaw.com, mhaagensen@mgslaw.com, slau@mgslaw.com

4

Case No. C-07-5117 JF
ORDER REGARDING PLAINTIFF'S REQUEST FOR FURTHER CLARIFICATION
(JFLC3)