**E-filed 5/21/10**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>               Plaintiff,<br><br>    v.<br><br>THE DEPARTMENT OF CORRECTION, et al.,<br><br>               Defendants. | Case Number C-07-5117 JF<br><br>ORDER[1] GRANTING MOTIONS TO DISMISS |

**I. Background**

**A.     Procedural Background**

On September 17, 2007, Plaintiff, proceeding *pro se*, filed a motion for a temporary restraining order and an order to show cause seeking to prevent Defendants from enforcing Cal. Penal Code § 3003.5(b) and (c) as amended by the Sexual Predator Punishment and Control Act ("SPPCA"), also known as "Jessica's Law."  These provisions prohibit any person required to register as a sex offender pursuant to Cal. Penal Code § 290 from living within 2,000 feet of a school or park where children regularly gather, and requires such persons to be monitored by a

---

[1] This disposition is not designated for publication and may not be cited.

global positioning system ("G.P.S."). The SPPCA went into effect on November 8, 2006. Other courts have determined that the SPPCA does not have retroactive effect, meaning that sex offenders released from custody prior to the enactment of the SPPCA are not subject to its provisions. *See Doe v. Schwarzenegger*, 476 F. Supp. 2d 1178, 1180-81 (E.D. Cal. 2007). Plaintiff's application for a temporary restraining order asserted that the SPPCA was being given impermissible retroactive effect as to him. Plaintiff sought to enjoin Defendants from enforcing only the residency restrictions in the SPPCA; he does not challenge the statute's G.P.S. monitoring requirement.

On September 19, 2007, the Court ordered Defendants to show cause why relief should not be granted. Defendants responded in part by requesting that the Court stay the instant case in light of *In re E.J.*, 47 Cal. 4th 1258, 1280 (Cal. 2010), which at the time was pending before the California Supreme Court. Defendants also asserted that the SPPCA applies to Plaintiff and is not being applied retroactively. The Court granted the stay.

On February 1, 2010, the California Supreme Court issued its opinion in *In re E.J.*, holding that Section 3003.5(b) "is not an ex post facto law if applied to [events] occurring after [the statute's] effective date because it does not additionally punish for the sex offense conviction or convictions that originally gave rise to the parolee's status as a lifetime registrant under section 290." *In re E.J.*, 47 Cal. 4th 1258, 1280 (Cal. 2010). Accordingly, on March 16, 2010, this Court dissolved the stay in the instant action.

On April 16, 2010, Defendant California Department of Corrections and Rehabilitation ("CDCR") moved to dismiss the operative complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). On the same day, Defendant Attorney General Edmund G. Brown, Jr. ("Brown") filed a similar motion. Plaintiff did not oppose either motion.

**B.   Factual Background**

Plaintiff was charged, convicted, sentenced, and released with respect to a sex crime prior to the enactment of the SPPCA. Because he served prison time for a rape conviction, Plaintiff was required to register as a sex offender pursuant to Penal Code section 290. However, Plaintiff repeatedly failed to register and as a consequence was sentenced to county jail and probation on

2

at least three occasions. In 2005, while still on probation, Plaintiff was arrested and subsequently convicted of possession of methamphetamine and using or being under the influence of methamphetamine. Plaintiff's probation for his previous failure to register was revoked, and Plaintiff was sentenced to thirty-two months in state prison. Plaintiff was not released from prison until after the effective date of the SPPCA. Thus, while Plaintiff was charged with rape prior to the enactment of the SPPCA, he was returned to prison for a probation violation related to that crime and was serving a sentence related to that that violation at the time the SPPCA was enacted.

Plaintiff remained on parole, and therefore in CDCR's constructive custody, until January 11, 2010. As of that date, Plaintiff was discharged from parole "and CDCR ceased supervising him or requiring him to comply with Jessica's Law." (CDCR's Mot. 5; *see* CDCR's Request for Judicial Notice, Ex. A.)

## II. Legal Standards

**A.     Motions to Dismiss Under Rule 12(b)(1)**

A motion to dismiss is proper under Rule 12(b)(1) where the Court lacks jurisdiction over the subject matter of the complaint. Fed. R. Civ. P. 12(b)(1). The court presumes a lack of subject matter jurisdiction until the plaintiff meets her burden establishing subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994). The non-moving party must support its allegations with competent proof of jurisdictional facts when a party moves for dismissal under Rule 12(b)(1). *See Thomson v. Gaskill*, 315 U.S. 442, 446 (1942).

**B.     Motions to Dismiss Under Rule 12(b)(6)**

Dismissal under Fed. R. Civ. P. 12(b)(6) "is appropriate only where the complaint lacks a cognizable legal theory or sufficient Facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). At the same time, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  Thus, a court need not accept as true conclusory allegations, unreasonable inferences, legal characterizations, or unwarranted deductions of fact contained in the complaint.  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-755 (9th Cir. 1994).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'"  *Ashcroft v. Iqbal*, 556 U.S. —, 129 S.Ct. 1937, 1590 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).  In addition, a "court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint." *Sumner Peck Ranch v. Bureau of Reclamation*, 823 F. Supp. 715, 720 (E.D. Cal. 1993) (citing *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.1987)).

      "Although a pro se litigant . . . may be entitled to great leeway when the court construes his [or her] pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. United States Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).  It is not enough for a plaintiff simply to allege that a wrong has been committed and demand relief.  Plaintiffs must give fair notice of the claims being asserted and the grounds upon which it rests.  *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957).  In the event that dismissal is warranted, it is generally without prejudice, unless it is clear "'that the complaint could not be saved by any amendment.'" *Sparling v. Daou*, 411 F.3d 1006, 1013 (9th Cir. 2005) (quoting *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002)).

### III. Discussion

      Defendants contend that dismissal is appropriate regardless of whether Plaintiff's intent in bringing this action was to petition for habeas corpus under 28 U.S.C. § 2254 or to file suit pursuant to 42 U.S.C. § 1983.

**1.    Motions to Dismiss Under Rule 12(b)(1)**

    **A.    Habeas Corpus Petition**

        **i.    Failure to exhaust**

Defendants contend that if Plaintiff intended to petition for a writ of habeas corpus, the complaint fails because he did not allege exhaustion of his state court remedies. "Under 28 U.S.C. § 2254(b)(1)(A), the federal courts are not to grant a writ of habeas corpus brought by a person in custody pursuant to a state court judgment unless the applicant has exhausted the remedies available in the courts of the State." *Wotten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008). Accordingly, to the extent that Plaintiff intended the instant complaint to serve as a habeas corpus petition, the Court lacks jurisdiction to adjudicate the petition.

        **ii.    Mootness**

Defendants argue that even assuming that Plaintiff did exhaust his state court remedies, the Court lacks jurisdiction because Plaintiff no longer is on parole. Defendants are correct. *See Lane v. Williams*, 455 U.S. 624, 631 (1982) (finding the case moot because "[r]espondents are no longer subject to any direct restraint as a result of the parole term. They may not be imprisoned on the lesser showing needed to establish a parole violation than to prove a criminal offense. Their liberty or freedom of movement is not in any way curtailed by a parole term that has expired.")

    **B.    Section 1983 Claim**

Defendants contend alternatively that if Plaintiff's claim is construed as a civil rights action under 42 U.S.C. § 1983, it is barred by the Eleventh Amendment to the United States Constitution. Under the Eleventh Amendment, a state and its agencies are immune from federal court actions seeking money damages or injunctive relief absent a waiver of immunity by the state or a valid congressional override of the immunity. *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999), *cert. denied*, 120 S.Ct. 2717 (2000). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court." *Id.* at 1025-26 (citation omitted). Similarly, "a state official is immune from suit in federal court for actions taken in an official capacity." *California v. Deep Sea Research, Inc.*,

1  523 U.S. 491, 502 (1998) (citations omitted).

2       CDCR is a state agency, and Brown, whose name appears in the caption of the complaint
3  and nowhere else, is a state official not alleged to have acted in his personal rather than official
4  capacity.  Accordingly, Plaintiff's Section 1983 claims against both Defendants are barred by the
5  Eleventh Amendment.

6  **2.    Motions to Dismiss Under Rule 12(b)(6)**

7       Because it concludes that it lacks subject matter jurisdiction, the Court does not address
8  Defendants' arguments with respect to the merits of Plaintiff's complaint.

### IV. CONCLUSION

10       For the foregoing reasons, the motions to dismiss are granted.  The Clerk shall enter
11  judgment and close the file.

13  IT IS SO ORDERED.

15  DATED: 5/21/2010

16                                        JEREMY FOGEL
17                                        United States District Judge